IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALEX REINIG, KEN GRITZ, and BOB
SODA, *Individually and on
behalf of those similarly situated*,

        Plaintiffs,

        v.

RBS CITIZENS, N.A.,

        Defendant.

15cv1541
**ELECTRONICALLY FILED**

**MEMORANDUM ORDER RE: PLAINTIFF'S
MOTION TO CONDITIONALLY CERTIFY THIS MATTER AS A
COLLECTIVE ACTION PURSUANT TO § 216(b) OF THE FLSA (DOC. NO. 37)**

On November 23, 2015, Plaintiffs filed an individual, class, and collective action complaint (doc. no. 1), alleging that Defendant RBS Citizens, N.A.[1] ("Citizens") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, et seq.; and the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. § 260.1 et seq.

Pending before the Court is Plaintiffs' Motion to Conditionally Certify the FLSA collective action pursuant to § 216(b) of the FLSA. Doc. No. 37. Upon consideration of the Plaintiffs' Motion, accompanying brief in support (doc. no. 41), Defendant's brief in opposition (doc. no. 47), and Plaintiff's reply brief (doc. no. 51), the Court will conditionally certify the FLSA collective action and order the Parties to file a joint proposed notice to the potential opt-in collective action members, to include Citizens' mortgage loan officers who, during at least one

---

[1] Defendant states that it has been misidentified as RBS Citizens, N.A. and should be properly identified as Citizens Bank, N.A. Doc. No. 19.

(1) work week since November 23, 2012, worked more than 40 hours and earned commissions, non-discretionary bonuses, or other premiums.

## I. Background

Plaintiffs[2] are current or former mortgage loan officers (MLOs) at Citizens. MLOs are designated as non-exempt employees under the FLSA by Citizens pursuant to a standard employment agreement and receive $11.50 base hourly pay plus commissions pursuant to yearly commission compensation plans. Doc. No. 54-1, pp. 29-31.

The Complaint alleges that Citizens has violated the FLSA by (1) deducting overtime pay from subsequently earned commission payments, resulting in MLOs receiving less than one and one-half of their regular rate of pay for all overtime hours worked; and (2) failing to track, record, and pay all overtime hours worked by MLOs, resulting in MLOs not being compensated for all hours worked. Plaintiffs allege that Citizens had policies and practices to discourage MLOs from recording overtime hours worked. Doc. No. 41, p. 17.

Citizens does not dispute that its method for calculating overtime pay is uniformly applied to all MLOs, but does dispute that it results in a violation of the FLSA. As to Plaintiffs' claims that Citizens has failed to pay all overtime hours worked, or "off the clock" claims," the Parties set forth testimony from several of the Plaintiffs which provide varying reasons for the Plaintiffs' alleged unrecorded and uncompensated "off the clock" work hours:

- Plaintiff Reinig testified that he did not record all hours worked because he "was under the assumption that if [he] did record overtime that it simply would be taken out of [his] pay" in the next pay cycle. Doc. No. 47, p. 7. (citing deposition testimony). Reinig also testified that he did not record all of his hours, typically 50-60 per week, because he had not sought "preapproval" from his manager. Doc. No. 41, p. 10.

---

[2] To date, twenty-one (21) opt-in Plaintiffs have filed Consent Notices with the Court to join this action.

- Plaintiff Gritz testified that he did not record his actual hours worked because he mistakenly believed that all of his hourly pay was offset against his earned commissions. Doc. No. 47, p. 7. Gritz also testified that he recorded his time as 9:00 AM to 5:00 PM daily, but that he typically worked an average of 10 hours per day, or 50 hours per week. Doc. No. 41, p. 11. He testified that he could not seek preapproval for the overtime hours he worked because he could not foresee how many hours he might work in any given week given his need to respond to customers. Doc. No. 41, p. 10.
- Plaintiff Soda testified that he did not know why he did not record his actual hours worked. Doc. No. 47, p. 7. Soda testified that when he entered some overtime as an experiment, his manager, George Dillinger, questioned why he had not sought pre-approval of the overtime. Doc. No. 41, p. 12.
- Plaintiff Fragale testified that she did not record her actual hours worked based upon the opinions of her coworkers. Doc. No. 47, p. 7. She testified that reporting overtime was discouraged and that she had been told, "good luck getting it approved." Doc. No. 41, p. 12. She also testified that she typically worked 60-65 hours per week. *Id.*

Several former managers testified that they did not instruct any MLOs to *not* record all hours worked and were not aware of any other managers who had instructed MLOs to not record their actual hours worked. Doc. No. 47, p. 4.

**II. Legal Standard**

The FLSA allows plaintiffs to bring collective actions against employers, "for and in behalf of himself or themselves and other employees similarly situated" provided that each employee who wishes to be a party plaintiff gives consent in writing. 29 U.S.C. § 216(b). "Conditional certification" of an FLSA collective action facilitates notice to potential opt-in

plaintiffs, which is within the District Court's discretionary power. *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 536 (3d Cir. 2012) (citing *Hoffmann-LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989)).

Courts within the Third Circuit employ a two-stage process for FLSA collective actions in which conditional certification for notice purposes is decided early in the case and, after fact discovery is complete, final certification is determined. *Symczyck v. Genesis Healthcare Corp.*, 656 F.3d 189, 192 (3d Cir. 2011). Plaintiffs are required to make a "modest factual showing" that potential opt-in plaintiffs to whom notice is to be sent are similarly situated to the named Plaintiffs. *Id.* Plaintiffs must set forth "a sufficient factual basis on which a reasonable inference could be made that potential plaintiffs are similarly situated." *Andrako v. United States Steel Corp.*, No. 07-cv-1629, 2009 WL 2855662 (W.D. Pa., September 2, 2009).

The Parties disagree about whether or not a "lenient" standard or an "intermediate" standard should apply to this case, but this is a distinction without a difference herein. The Court has considered all relevant factors set forth by the Parties - - including the evidence presented from the substantial amount of discovery which has already occurred in this case - - to determine whether Plaintiffs have made the required factual showing that the claims of the potential opt-in plaintiffs who will receive notice of the pending lawsuit are similarly situated to the claims of those Plaintiffs who have already joined the case.

### III. Analysis

Plaintiffs have satisfied their burden to show that all MLOs who have recorded overtime hours and earned commission compensation within the past three years have been paid under uniform Citizens compensation plans and policies that may have resulted in Citizens paying those employees less than one and one-half times their regular rate of pay for all overtime hours

worked.  Accordingly, the Court will conditionally certify the collective action as to that claim so that notice may be sent to similarly situated MLOs.

Plaintiffs have also established that the "off the clock" claims are related to Citizens' policy either requiring or encouraging "preapproval" of overtime hours.  The evidence presented to the Court, particularly the accounts by the MLOs who were deposed, show that each had a different understanding of Citizens' policies regarding recording actual hours worked, and each had different practices related to working overtime - - but each MLO deponent testified that Citizens' policy requiring preapproval of overtime hours had some discouraging effect upon the deponent reporting his or her actual hours worked.

At this stage of the litigation, the Court cannot and should not resolve any questions of the lawfulness of Citizens' practices and policies regarding recording overtime hours worked, requiring preapproval of overtime hours for MLOs, or the calculation of MLOs overtime pay.

## IV. Conclusion

For the reasons set forth, Plaintiffs' Motion to Conditionally Certify this Matter as a Collective Action pursuant to § 216(b) of the FLSA is GRANTED.  The Parties are ordered to submit a joint proposed notice to potential opt-in plaintiffs and a plan to provide said notice by May 16, 2016.  Any disagreements between the Parties regarding the proposed notice and/or plan should be clearly set forth within the same document and each Party's respective position should be supported by citations to authority.  The Parties are also ordered to appear at a status conference on Tuesday, May 10, 2016 at 9:00 AM.

SO ORDERED this 3rd day of May, 2016,

s/Arthur J. Schwab_____
Arthur J. Schwab
United States District Judge