## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALEX REINIG, KEN GRITZ, BOB )
SODA, MARY LOU GRAMESKY, )
PETER WILDER SMITH, WILLIAM )
KINSELLA, DANIEL KOLENDA, )       Civil Action No. 2:15-cv-01541-AJS
VALERIE DAL PINO, AHMAD NAJI, )
ROBERT PEDERSEN, TERESA )
FRAGALE and DAVID HOWARD, )
)
     Plaintiffs, )
  v. )       **ELECTRONICALLY FILED**
)
RBS CITIZENS, N.A., )
)
     Defendant. )

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S OMNIBUS MOTION *IN LIMINE*

Thomas E. Hill (admitted *pro hac vice*)
thill@reedsmith.com
Christina A. Tellado (PA204246)
ctellado@reedsmith.com
REED SMITH LLP
355 S. Grand Avenue, Suite 2900
Los Angeles, CA  90071
Telephone:  (213) 457-8000
Facsimile:  (213) 457-8080

Gretchen Woodruff Root (PA309683)
groot@reedsmith.com
Robert J. Tyler, III (PA312557)
rtyler@reedsmith.com
REED SMITH LLP
225 Fifth Avenue
Pittsburgh, PA  15222
Telephone:  (412) 288-3131
Facsimile:  (412) 288-3063

Dated:  August 7, 2017       Counsel for Defendant

# I.     RELEVANT LEGAL STANDARD

Evidence is relevant and thus potentially admissible if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  "Evidence which is not relevant is not admissible."  Fed. R. Evid. 402.  But even relevant evidence may be inadmissible if its probative value is outweighed by other considerations.  Fed. R. Evid. 403.

Rules 608 and 701 of the Federal Rules of Evidence govern the admissibility of statements relating to the credibility of individual witnesses.  Specifically, under Rule 608:

> The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

Fed. R. Evid. 608.  In addition, under Rule 701, a non-expert witness may only offer opinion and inferences "which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue . . . ."  Fed. R. Evid. 701.

Finally, hearsay is inadmissible unless subject to a hearsay exception.  Fed. R. Evid. 802.  Hearsay "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed. R. Evid. 801(c).

# II.     ARGUMENT

***DEFENDANT'S MOTION IN LIMINE NO. 1:***  During discovery, Citizens produced thousands of pages of documents and voluminous electronically stored information ("ESI"); however, not all of the requested data was available for production because some of it had been purged in the ordinary course of Citizens' business.  Plaintiffs and their counsel should not be permitted to introduce evidence or make comments suggesting that Citizens has denied or attempted to deny Plaintiffs access to documents or other information where the documents or ESI data no longer exist.   Such evidence would be highly prejudicial to Citizens, and

compromise Citizens' ability to defend itself.  Fed. R. Evid. 403; *see also Douglas Dynamics, LLC v. Buyers Prods. Co.*, 2010 U.S. Dist. LEXIS 108170, at *9 (W.D. Wis. Oct. 8, 2010) (granting defendant's motion *in limine* to exclude at trial evidence pertaining to conduct during discovery).

**DEFENDANT'S MOTION IN LIMINE NO. 2:**   Any evidence or reference to the number of Citizens' employees, financial condition or performance is irrelevant to the narrow issue(s) to be decided by the jury.  Defendant has not put its size or financial condition into issue, and such evidence would prove nothing regarding Plaintiffs' off the clock claims.  Any such evidence should be excluded under Fed. R. Evid. 401, 402 and 403.  In fact, courts have long held that "[a]ppealing to the sympathy of jurors through references to financial disparity is improper," and, in fact, may be grounds for a new trial.  *Draper v. Airco, Inc.*, 580 F.2d 91, 95 (3d Cir. 1978); *Commercial Credit Bus. Loans, Inc. v. Martin*, 590 F. Supp. 328, 333 (E.D. Pa. 1984); *see also McGrane v. Shred-It USA, Inc.*, No. 07- 98, 2011 WL 1706777, at *2 (W.D. Pa. May 4, 2011).

**DEFENDANT'S MOTION IN LIMINE NO. 3:**   Any evidence or reference to Plaintiffs and Citizens' settlement negotiations in this case, including the amounts of settlement proposals, or what occurred in settlement discussions, should be excluded pursuant to Fed. R. Evid. 408.

**DEFENDANT'S MOTION IN LIMINE NO. 4:**   Any evidence or references regarding other litigation against Citizens should be excluded because such evidence is irrelevant to the issue(s) to be decided by the jury.  Fed. R. Evid. 401 and 402.  Moreover, the probative value of such evidence (if any) is substantially outweighed by the danger of unfair prejudice to Defendants and confusing or misleading the jury, or by considerations of undue delay, waste of time or needless accumulation.  Fed. R. Evid. 403; *see also Stokes v. Xerox Corp.*, No. 05-71683, 2008 WL 275672, at *8 (E.D. Mich. Jan. 28, 2008) (granting motion *in limine* excluding evidence of another lawsuit involving the defendant because it "would be more prejudicial than probative under Fed. R. Evid. 403 as it could confuse or mislead the jury and it is not directly related to" the plaintiff's claim against the defendant).  Further, any such evidence would

constitute nothing more than an attempt to establish Defendant's purported bad character.  Fed. R. Evid. 404.  Finally, the allegations in other litigation are inadmissible hearsay.  Fed. R. Evid. 801 and 802; *see also T.I. Constr. Co. v. Kiewit E. Co.*, No. 91-2638, 1992 WL 382306, at *4 (E.D. Pa. Dec. 10, 1992) ("Complaints, and the charges and allegations they contain, are hearsay under the Federal Rules of Evidence.").

  ***DEFENDANT'S MOTION IN LIMINE NO. 5:***  Plaintiffs should be precluded from using Dr. Speakman to present any summary evidence or improper "expert" witness testimony concerning alleged overtime damages because the probative value of his testimony will be substantially outweighed by the danger of undue prejudice and confusing or misleading the jury. Fed. R. Evid. 801, 802 and 1006.  It is anticipated that Plaintiffs may seek to present testimony from Dr. Speakman regarding summaries of Plaintiffs and Opt-In Plaintiffs' responses to interrogatories and alleged overtime damages.  To the extent that Plaintiffs intend to offer testimony from Dr. Speakman regarding alleged overtime damages, such testimony is improper expert testimony because it is comprised solely of simple mathematical calculations.  Fed. R. Evid. 702.  Expert testimony is not admissible unless it will be helpful to the fact finder.  When expert testimony deals only with propositions within the ken of common knowledge, such testimony is routinely deemed unhelpful.  *See Bethea v. Bristol Lodge Corp.,* No. 01-612, 2002 WL 31859434, at *7 (E.D. Pa. Dec. 18, 2002).

  Dr. Speakman's calculations and anticipated summaries of Plaintiffs' responses to interrogatories are also predicated solely on hearsay from Plaintiffs themselves, or otherwise based on pure speculation.  Courts have held that Fed. R. Evid. 703 is not intended to abolish the hearsay rule and to allow a witness, under the guise of giving expert testimony, to become the mouthpiece for witnesses upon whose out-of-court statements or opinions the expert purports to base his opinion.  *In re TMI Litig.,* 193 F.3d 613, 697 (3d. Cir. 1999).  Thus, courts routinely exclude opinions where, as here, such opinions are based on unsubstantiated information provided by a party or their counsel.  *Legendary Art, LLC v. Godard,* 2012 WL 3550040, at *4

(E.D. Pa. Aug. 17, 2012) (excluding expert testimony relied exclusively on the self-serving data provided by the plaintiff, and conducted no independent verification of that data).

***DEFENDANT'S MOTION IN LIMINE NO. 6:*** Any introduction of "representative" evidence of liability and damages should be disallowed based on the record before this Court. Plaintiffs have indicated that they intend to call 8 Plaintiffs and Opt-In Plaintiffs from a collective group consisting of 351 mortgage loan officers who submitted consents to join this action, and out of putative "state law" classes under Rule 23 comprised of more than 1,000 mortgage loan officers. Plaintiffs appear to contend that the testimony of 8 mortgage loan officers will be "representative" of the experiences of all of the aforementioned mortgage loan officers, despite the fact that members of the collective and putative classes worked at a multitude of locations, under a multitude of managers, during different time periods, and notwithstanding that the testimony elicited during discovery demonstrates that there is a wide variance in experiences amongst the members of the collective and the putative classes. These facts make it impossible for a fact finder to extrapolate the experiences of the testifying Plaintiffs to the non-testifying Plaintiffs and class members, so as to justify the imposition of liability or an assessment of damages as to the entire class. The use of any such representative testimony for purposes of determining liability and/or damages would raise serious constitutional and other evidentiary issues, and, if accepted, prevent Defendant from receiving a fair trial consistent with due process.

If the Court concludes that Plaintiffs may seek to establish liability and/or damages through representative evidence, it should (1) require that a statistically meaningful and sound representative sample of individual Plaintiffs testify at trial to establish collective or class wide liability; and (2) require that each individual mortgage loan officer be required to testify, if necessary, regarding damages. While "[t]he use of statistical evidence and methods in the American justice system to establish liability and damages is appropriate, particularly in mass injury cases," due process requires the implementation of "appropriate modeling techniques for reaching statistically significant and reliable conclusions." *In re Simon II Litig.*, 211 F.R.D. 86,

150, 153 (E.D.N.Y. 2002) *vacated on other grounds*, 407 F.3d 125 (2d Cir. 2005); *see also Morgan v. Ford Motor Co.*, No. 06-1080 (JAP), 2007 WL 1456154, at *6-7, 9 (D.N.J. May 17, 2007) (permitting the selection of bellwether plaintiffs, but cautioning that "the sample must be representative to maintain the parties' due process rights").

***DEFENDANT'S MOTION IN LIMINE NO. 7:***  Plaintiffs should be prohibited from introducing testimony from witnesses not identified in their list of witnesses for trial and offers of proof, Dkt. No. 178.   Plaintiffs have indicated, through trial subpoenas served on defense counsel, that they intend to call the following Citizens' managers and employees at trial, each of whom they failed to identify in their list of witnesses for trial – *i.e.*, Messrs. Egan, Gamache, Gundlach, Kraus, Nard, Mathieson, Ocko and Sutton.  This Court should preclude Plaintiffs from introducing testimony from these witnesses because they were not properly and timely identified. Neither this Court's Orders, the Local Rules nor basic fairness permit this sort of gamesmanship, and Plaintiffs should not be permitted to call witnesses not properly identified before trial.

Respectfully submitted,

*/s/ Thomas E. Hill*
Thomas E. Hill (admitted *pro hac vice*)
thill@reedsmith.com
Christina A. Tellado (PA204246)
ctellado@reedsmith.com
REED SMITH LLP
355 S. Grand Avenue, Suite 2900
Los Angeles, CA  90071
Telephone:  (213) 457-8000
Facsimile:  (213) 457-8080

Gretchen Woodruff Root (PA309683)
groot@reedsmith.com
Robert J. Tyler, III (PA312557)
rtyler@reedsmith.com
REED SMITH LLP
225 Fifth Avenue
Pittsburgh, PA  15222
Telephone:  (412) 288-3131
Facsimile:  (412) 288-3063

Dated:  August 7, 2017

Counsel for Defendant

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, this 7th day of August, 2017, the foregoing Memorandum of Law in Support of Defendant's Omnibus Motion *In Limine* was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel indicated on the electronic filing receipt.  Parties may access this filing through the Court's ECF system.

*/s/ Thomas E. Hill*
Counsel for Defendant