UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEX REINIG, KEN GRITZ, BOB SODA, MARY LOU GRAMESKY, PETER WILDER SMITH, WILLIAM KINSELLA, DANIEL KOLENDA, VALERIE DAL PINO, AHMAD NAJI, ROBERT PEDERSEN, TERESA FRAGALE and DAVID HOWARD,<br><br>    Plaintiffs,<br> v.<br><br>RBS CITIZENS, N.A.,<br><br>    Defendant. | Civil Action No. 2:15-cv-01541-AJS<br><br>**ELECTRONICALLY FILED** |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OMNIBUS MOTION *IN LIMINE***

Thomas E. Hill (admitted *pro hac vice*)
thill@reedsmith.com
Christina A. Tellado (PA204246)
ctellado@reedsmith.com
REED SMITH LLP
355 S. Grand Avenue, Suite 2900
Los Angeles, CA  90071
Telephone:  (213) 457-8000
Facsimile:  (213) 457-8080

Counsel for Defendant

Gretchen Woodruff Root (PA309683)
groot@reedsmith.com
Robert J. Tyler, III (PA312557)
rtyler@reedsmith.com
REED SMITH LLP
225 Fifth Avenue
Pittsburgh, PA  15222
Telephone:  (412) 288-3131
Facsimile:  (412) 288-3063

Counsel for Defendant

Dated:  August 14, 2017

Defendant Citizens Bank, N.A. (incorrectly sued as RBS Citizens, N.A., and hereinafter referred to as "Citizens" or "Defendant"), by and through its undersigned counsel, respectfully submits the following response to Plaintiffs' Omnibus Motion *In Limine* (Dkt. No. 183).

**The Court should deny Plaintiffs' Omnibus Motion *In Limine* in its entirety due to Plaintiffs' failure to comply with this Court's Pretrial Order and Local Rules.** Plaintiffs have failed to comply with Local Rule 16.1.C.4, which requires the parties to meet and confer prior to the filing of a motion *in limine*. This Rule also provides that "[i]n the event an agreement is not reached, the motion *in limine* **shall** be accompanied by a certificate of the movant denominated a Motion *in Limine* Certificate stating that all parties made a reasonable effort to reach agreement on the issue raised by the motion." LCvR 16.1.C.4 (emphasis added). Here, Plaintiffs made no effort to confer with Defendant prior to filing their Motion, made no attempt to resolve any of the issues raised by that Motion, and failed to file the required Certificate. The reason for this last omission is self-evident. Plaintiffs could not certify what they made absolutely no effort to do – *i.e.*, meet and confer regarding the issues raised by their Motion.

Plaintiffs cannot assert ignorance of these requirements, inasmuch as their counsel attested that he "read, know[s] and understand[s] the Local Rules of Court for the United States District Court for the Western District of Pennsylvania" when he moved for admission to appear *pro hac vice*. (*See e.g.*, Dkt. No. 10-2, at *2, Affidavit of Joshua S. Boyette) Moreover, Plaintiffs' counsel previously failed to comply with the Local Rules in *Bland v. PNC Bank, N.A.*, C.A. No. 15-cv-01042 (hereinafter referred to as "*Bland*"), and were admonished by the Court for that failure. (*See Bland* Dkt. No. 347) Finally, Plaintiffs have also violated this Court's Pretrial Order, Dkt. No. 65, by filing a nine-page brief in support of their Motion. The Pretrial Order imposed a five-page limit on that brief. Plaintiffs' disregard for the Local Rules and the Court's Pretrial Order should not be disregarded or excused, and the Court should strike their Omnibus Motion *In Limine* in its entirety.

**The Court should deny Plaintiffs' Motion *In Limine* #1 seeking to exclude Defendant from introducing the select interrogatory answers.** Plaintiffs do not contest the admissibility of the answers to interrogatories designated by Defendant. Rather, Plaintiffs contend that Defendant should be excluded from offering the answers unless Plaintiffs are permitted to offer their own

counter-designations, as well as testimony from Robert Speakman,[1] their expert witness, regarding "the contents of the interrogatories." In support of their position, Plaintiffs argue that "the rule of completeness" and Fed. R. Evid. 106 justify counter-designations to alleviate any undue prejudice arising from Defendant's designations. Plaintiffs fail to explain, however, how their proposed counter-designations will clarify or provide context to any of the interrogatory answers. Moreover, the "rule of completeness" does not itself permit the admission of hearsay; rather an independent hearsay exception must be shown to exist, which Plaintiffs have failed to do. *See U.S. v. Woolbright*, 831 F.2d 1390, 1395 (8th Cir. 1987). Finally, Plaintiffs may seek to present permissible witnesses at trial to provide context or contrary testimony.

**This Court should deny Plaintiffs' Motion *In Limine* #2 seeking to exclude Lance Fultz as a witness at trial**. Plaintiffs seek to exclude the testimony of Lance Fultz based on Defendant's alleged failure to disclose him in accordance with Fed. R. Civ. P. 26. Plaintiffs' argument is baseless as Defendant clearly met its disclosure obligations. Rule 26 requires a party to make supplemental disclosures only if "the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). The identity of an individual who might have relevant information is otherwise made known if the individual is identified during a deposition or otherwise conspicuously identified in a party's discovery responses. *See, e.g., Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 733 (7th Cir. 2004); *Accenture Global Services GmbH v. Guidewire Software Inc.*, 691 F. Supp. 2d 577, 588 (D. Del. 2010). Plaintiffs admit that Defendant identified Mr. Fultz in both discovery responses and Rule 26 disclosures. Moreover, throughout discovery, Plaintiffs themselves disclosed Lance Fultz on numerous occasions, including: (1) during Plaintiffs' depositions completed in February 2016 (*see* Exhibit B, Gritz Dep. 78:13-17; Soda Dep. 30:12-19); (2) in their responses to Defendant's propounded written discovery (*See* Exhibit C, Interrogatory Response No. 12 from Opt-In Plaintiff Ryan Strickler); (3) in their Concise Statement of Additional Material Facts, ¶ 108 (Dkt. No. 131);

---

[1] Testimony from Dr. Speakman regarding his summaries of the contents of interrogatories is the subject of an evidentiary exclusion requested by Defendant. (*See* Dkt. No. 185, at *3, Defendant's Motion *In Limine* No. 5) Defendant incorporates by reference herein its arguments requesting the exclusion of Dr. Speakman's testimony, as set forth in Defendant's Omnibus Motion *In Limine* and supporting Memorandum.

(4) in their Brief in Opposition to Summary Judgment, p. 17 (Dkt. No. 127); (5) in their Brief in Opposition to Motion for Decertification, pp. 10, 25 (Dkt. No. 128); and (6) in their Pretrial Statement (*See* Plaintiffs' Pretrial Statement, p. 28 (Dkt. No. 155)).  In addition, Mr. Fultz was disclosed during the management depositions conducted by Plaintiffs (s*ee* Exhibit D, Kullman Dep. 84:12-21; Pool Dep. 62:5-13), in Defendant's Responses to Plaintiff's Second Set of Interrogatories, p. 10 (*see* Exhibit E), and in Defendant's Pretrial Statement (Dkt. No. 159, ECF p. 21).

The governing law weighs heavily against Mr. Fultz's exclusion as a trial witness.[2]  First, Plaintiffs were well aware that Mr. Fultz might have discoverable information.  Second, Plaintiffs may take the trial deposition of Mr. Fultz, if they so choose to do so.  Specifically, Mr. Fultz's trial deposition can be completed well in advance of the September 25 trial, and, thus, will not disrupt the orderly and efficient trial of the case.  Third, Plaintiffs have presented no indicia of bad faith or willfulness on the part of Defendants because none exists.  This is especially true where, as is true here, Plaintiffs themselves identified Mr. Fultz as a potential witness in early 2016 – more than a year before the close of discovery.

**The Court should deny Plaintiffs' Motion *In Limine* #3 seeking to exclude evidence regarding mortgage loan officers' ("MLOs") commissions and/or or total compensation.** Plaintiffs argue, albeit without any support, that such information is irrelevant and more prejudicial than probative.  But Defendant expects that certain Plaintiffs will contend that they failed to record accurately their hours worked in violation of Citizens' written policies, and did so in part because their compensation was comprised primarily of commissions.  Thus, evidence regarding the commission and non-commission compensation paid to MLOs is relevant to the incentives and/or other reasons MLOs may have had, or perceived themselves to have had, not to record their hours worked accurately.

**The Court should deny Plaintiffs' Motion *In Limine* #4 seeking to exclude evidence referring to performance issues unless that evidence involves attendance, timekeeping,**

---

[2] That law requires the Court to consider the following factors:  "(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation."  *See Nicholas v. Penn. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000).

- 3 -

**overtime usage, or commission deficits.** Plaintiffs argue, again without any support, that such evidence is irrelevant and more prejudicial than probative. Defendant expects that Plaintiffs will elicit testimony in an effort to show that Citizens had a culture of denying requests for overtime, and linking overtime approvals to production. Defendant will thus suffer prejudice if it is precluded from offering testimony regarding MLOs' performance, inasmuch as legitimate performance-based issues may have influenced an individual manager's refusal to pre-approve requests for overtime, and/or may have caused a manager to counsel MLOs in connection with their requests to work overtime.

**The Court should deny Plaintiffs' Motions *In Limine* #5 and 6 seeking to preclude Dr. Bronars from testifying about statistical variances between overtime reported at different locations, and from testifying that Plaintiffs' estimates of their off the clock work is unrealistic based on overtime hours recorded by MLOs.** By way of these Motions, Plaintiffs are asserting a *Daubert* challenge to Defendant's expert, but fail to cite any applicable authority to support that challenge. In *Daubert*, the United States Supreme Court ruled that district courts are evidentiary gatekeepers and charged with "ensur[ing] that any and all scientific evidence is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *see also Sec. Sys. Canada, Inc. v. Checkpoint Sys., Inc.*, 198 F. Supp. 2d 598, 601-02 (E.D. Pa. 2002). When "faced with a proffer of expert scientific testimony ... the trial judge must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand and determine a fact in issue." *Sec. Sys. Canada, Inc.*, 198 F. Supp. 2d at 602 (quoting *Daubert*, 509 U.S. at 592). Fed. R. Evid. 702 provides "three distinct substantive restrictions on the admission of expert testimony: **qualifications, reliability and fit**." *Id*. (quoting *Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000)) (emphasis added). The party offering the expert testimony has the burden of establishing that the testimony meets each of the three requirements by a preponderance of the evidence. *Id*. (citing *Paldillas v. Stork-Gamco, Inc.*, 186 F.3d 412, 418 (3d Cir. 1999)). "Admissibility thus depends in part upon 'the proffered connection between the scientific research or test result to be presented and particular disputed factual issues in the case.'" *Id*. (quotations omitted). The relevant inquiry does not require that the proffered expert opinion have "the best foundation" or be "demonstrably correct," but only that the "particular

opinion is based on valid reasoning and reliable methodology." *Id.* (quotations omitted).

Plaintiffs do not contend that Dr. Bronars is unqualified, but argue: (1) that he did not provide underlying data to reach his conclusions, and (2) that his testimony concerning Plaintiffs' off the clock estimates are unsupported. Plaintiffs manifestly fail, however, to demonstrate that Dr. Bronars' methods are unreliable. Indeed, in like circumstances courts have refused to exclude similar expert testimony. *See, e.g.*, *Argue v. David Davis Enterprises, Inc.*, 2008 WL 450097, at *6 (E.D. Pa. Feb. 15, 2008) (Expert testimony in FLSA case held admissible where party seeking exclusion merely alleged that the expert's conclusions were "nothing more than generalized statements based on assumptions with no disclosed data or facts to support these opinions/conclusions," thus failing to demonstrate that the expert's methodology was unreliable). In *Argue*, the court correctly observed that the movant's objections were merely a disagreement with the expert's "opinions, conclusions, and certain figures," which could and should be addressed through cross-examination, and not through exclusion. *See also State of New Jersey v. Haig's Serv. Corp.*, 2016 WL 4472952, at *3 (D.N.J. Aug. 24, 2016) (holding that issues regarding what an expert "did and did not rely on in forming his opinion – go to the weight afforded his conclusions ... [which] is best left to the jury, falling outside the Court's gatekeeper role."). Because "[t]he rejection of expert testimony is the exception rather than the rule," Plaintiffs' Motions *In Limine* #5 and 6 should be denied. *Ash Grove Cement Co. v. Employers Ins. of Wausau*, 246 F.R.D. 656, 660 (D. Kan. 2007).

Respectfully submitted,

   */s/ Thomas E. Hill*
Thomas E. Hill (admitted *pro hac vice*)
thill@reedsmith.com
Christina A. Tellado (PA204246)
ctellado@reedsmith.com
REED SMITH LLP
355 S. Grand Avenue, Suite 2900
Los Angeles, CA  90071
Telephone:  (213) 457-8000
Facsimile:  (213) 457-8080

Counsel for Defendant

Gretchen Woodruff Root (PA309683)
groot@reedsmith.com
Robert J. Tyler, III (PA312557)
rtyler@reedsmith.com
REED SMITH LLP
225 Fifth Avenue
Pittsburgh, PA  15222
Telephone:  (412) 288-3131
Facsimile:  (412) 288-3063

Counsel for Defendant

Dated:  August 14, 2017

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, this 14th day of August, 2017, the foregoing Response to Plaintiffs' Omnibus Motion *In Limine* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel indicated on the electronic filing receipt. Parties may access this filing through the Court's ECF system.

*/s/ Thomas E. Hill*
Counsel for Defendant