**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALEX REINIG, KEN GRITZ, BOB SODA, MARY LOU GRAMESKY, PETER WILDER SMITH, WILLIAM KINSELLA, DANIEL KOLENDA, VALERIE DAL PINO, AHMAD NAJI, ROBERT PEDERSEN, TERESA FRAGALE, MARK ROSS, DANIEL JENKINS and DAVID HOWARD | CIVIL ACTION COMPLAINT<br><br>CIVIL ACTION NO: 2:15-cv-01541-AJS |
| Plaintiffs,<br><br>v.<br><br>RBS CITIZENS, N.A.<br><br>Defendant. | **JURY TRIAL DEMANDED** |

<u>**SECOND AMENDED INDIVIDUAL, CLASS, AND COLLECTIVE ACTION
COMPLAINT**</u>

Plaintiff Alex Reinig (hereinafter "Plaintiff Reinig"), Plaintiff Ken Gritz (hereinafter "Plaintiff Gritz"), Plaintiff Bob Soda (hereinafter "Plaintiff Soda"), Mary Lou Gramesky, Peter Wilder Smith, William Kinsella, Daniel Kolenda, Valerie Dal Pino, Ahmad Naji, Robert Pedersen, Teresa Fragale, David Howard, Mark Ross, and Daniel Jenkins (hereinafter collectively "Named Plaintiffs"), by and through their undersigned attorneys, bring this action against Defendant RBS Citizens, N.A. (hereinafter "Defendant"), individually and on behalf of themselves and all others similarly situated, for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C §201, et seq., and pursuant to the wage and hour laws of multiple states.

<u>**INTRODUCTION**</u>

1.     This action is brought to recover for Named Plaintiffs, and those similarly situated to them, unpaid wages, unpaid overtime wages, liquidated damages, and reasonable attorneys' fees

and costs of this action from Defendant pursuant to the FLSA, 29 U.S.C. §216(b), and, pursuant to the wage and hour laws of multiple states, including Connecticut, Illinois, Massachusetts, Michigan, New Hampshire, New York, North Carolina, Ohio and Pennsylvania and Rhode Island to recover for Named Plaintiffs, and those similarly situated, unpaid applicable minimum wages, unpaid wages at the agreed rates of pay, unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs of this action from Defendant.

2.     Named Plaintiffs have initiated the instant action to redress violations by Defendant of the FLSA.  Named Plaintiffs assert that Defendant failed to pay wages and overtime pay to Named Plaintiffs and those similarly situated for certain hours worked in violation of the FLSA.

3.     Named Plaintiff Gramesky ("Plaintiff Gramesky") in addition to asserting violations of the FLSA, has initiated the instant action to redress violations by Defendant of the Connecticut Wage Laws, Conn. Gen. Stat. §31-76m, and related regulations (collectively "Connecticut Wage Laws").  Named Plaintiff Gramesky asserts Defendant failed to pay her and those similarly situated proper overtime compensation and wages for all hours worked, in violation of Connecticut Wage Laws.

4.     Named Plaintiff Dal Pino in addition to asserting violations of the FLSA, has initiated the instant action to redress violations by Defendant of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, and the Illinois Minimum Wage Act, 820 ILCS 105/1, and regulations promulgated thereunder (collectively "Illinois Wage Laws").  Named Plaintiff Dal Pino asserts Defendant failed to pay her and those similarly situated proper overtime compensation and wages for all hours worked, in violation of the Illinois Wage Laws.

5.     Named Plaintiff Jenkins in addition to asserting violations of the FLSA, has initiated the instant action to redress violations by Defendant of the Massachusetts Minimum Fair

Wages Law, Mass. Gen. Laws, Chapter 151, and related regulations and the Massachusetts Overtime Law (collectively "Massachusetts Wage Laws").   Named Plaintiff Jenkins asserts Defendant failed to pay him and those similarly situated proper overtime compensation and wages for all hours worked, in violation of Massachusetts Wage Laws

6.     Named Plaintiff Kinsella in addition to asserting violations of the FLSA, has initiated the instant action to redress violations by Defendant of the Massachusetts Minimum Fair Wages Law, Mass. Gen. Laws, Chapter 151, and related regulations and the Massachusetts Overtime Law (collectively "Massachusetts Wage Laws").   Named Plaintiff Kinsella asserts Defendant failed to pay him and those similarly situated proper overtime compensation and wages for all hours worked, in violation of Massachusetts Wage Laws.

7.     Named Plaintiff Naji in addition to asserting violations of the FLSA, has initiated the instant action to redress violations by Defendant of the Michigan Minimum Wage Act, Mich. Comp. Laws, Chapter 408, and related regulations, (collectively "Michigan Wage Laws").   Named Plaintiff Naji asserts Defendant failed to pay him and those similarly situated proper overtime compensation and wages for all hours worked, in violation of the Michigan Wage Laws.

8.     Named Plaintiff Pedersen in addition to asserting violations of the FLSA, has initiated the instant action to redress violations by Defendant of the New Hampshire Minimum Wage Law, N.H. Rev. Stat. Ann. § 279, et seq. and the New Hampshire Protective Legislation, N.H. Rev. Stat. Ann. § 275, et seq. (the New Hampshire laws shall be collectively referred to as "New Hampshire Wage Laws).  Named Plaintiff Pedersen asserts Defendant failed to pay him and those similarly situated proper overtime compensation and wages for all hours worked, in violation of New Hampshire Wage Laws.

9.      Named Plaintiff Smith in addition to asserting violations of the FLSA, has initiated the instant action to redress violations by Defendant of the New York Labor Law, Article 19, §§650 et seq. and the New York Department of Labor Regulations (collectively "New York Wage Laws").  Named Plaintiff Smith asserts Defendant failed to pay him and those similarly situated proper overtime compensation and wages for all hours worked, in violation of New York Wage Laws.

10.     Named Plaintiff Ross in addition to asserting violations of the FLSA, has initiated the instant action to redress violations by Defendant of the New York Labor Law, Article 19, §§650 et seq. and the New York Department of Labor Regulations (collectively "New York Wage Laws").  Named Plaintiff Ross asserts Defendant failed to pay him and those similarly situated proper overtime compensation and wages for all hours worked, in violation of New York Wage Laws.

11.     Named Plaintiff Fragale in addition to asserting violations of the FLSA, has initiated the instant action to redress violations by Defendant of the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann, Chapter 4111, and related regulations (collectively "Ohio Wage Laws").  Plaintiff Fragale asserts Defendant failed to pay her and those similarly situated proper overtime compensation and wages for all hours worked, in violation of Ohio Wage Laws.

12.     Named Plaintiff Howard in addition to asserting violations of the FLSA, has initiated the instant action to redress violations by Defendant of the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1, et seq., ("North Carolina Wage Laws").  Named Plaintiff Howard asserts Defendant failed to pay him and those similarly situated proper overtime compensation and wages for all hours worked, in violation of North Carolina Wage Laws.

13.     Named Plaintiffs Reinig, Gritz, and Soda in addition to asserting violations of the FLSA, have initiated the instant action to redress violations by Defendant of the Pennsylvania Minimum Wage Act, 43P.S. §§333.101-.115 ("PMWA") and the Pennsylvania Wage Payment Collection Law, 43 P.S. §260.1 et seq.  ("PWPCL") (collectively "Pennsylvania Wage Laws"). Named Plaintiffs Reinig, Gritz, and Soda assert that Defendant failed to pay them and those similarly situated proper overtime compensation and wages for all hours worked, in violation of Pennsylvania Wage Laws.

14.     Named Plaintiff Kolenda in addition to asserting violations of the FLSA, has initiated the instant action to redress violations by Defendant of the Rhode Island Minimum Wage Act, R.I. Gen. Laws. §28-12 – 1, et seq., and related regulations (collectively "Rhode Island Wage Laws").  Named Plaintiff Kolenda asserts Defendant failed to pay him and those similarly situated proper overtime compensation and wages for all hours worked, in violation of Rhode Island Wage Laws.

15.     Named Plaintiffs have initiated the instant action to redress violations by Defendant for unpaid overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. In addition to their nationwide FLSA claims, Plaintiffs also seek relief on behalf of themselves and all others similarly situated under the Connecticut Wage Laws at CT Gen. Stats. § 31-58 to § 31-78 (the Connecticut laws shall be referred to as "Connecticut Wage Laws"); the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, and the Illinois Minimum Wage Act, 820 ILCS 105/1, and regulations promulgated thereunder (collectively "Illinois Wage Laws"); the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann, Chapter 4111, and related regulations (collectively "Ohio Wage Laws"); the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. §333.101, et seq., the Pennsylvania Wage Payment and Collection Law

("PWPCL"), 43 Pa. Stat. § 260.1 et seq. (the Pennsylvania laws shall be collectively referred to as "Pennsylvania Wage Laws"); the New York Labor Law, N.Y. Lab. Law § 160, et seq. and New York State Minimum Wage Act, N.Y. Lab. Law § 650, et seq. (the New York laws shall be collectively referred to as "New York Wage Laws"); and Rhode Island Minimum Wage Act, R.I. Gen. Laws § 28-12-1, et seq. and Rhode Island Payment of Wages Act, R.I. Gen. Laws § 28-14-1, et seq. (the Rhode Island laws shall be collectively referred to as "Rhode Island Wage Laws"), the New Hampshire Minimum Wage Law, N.H. Rev. Stat. Ann. § 279, et seq. and the New Hampshire Protective Legislation, N.H. Rev. Stat. Ann. § 275, et seq. (the New Hampshire laws shall be collectively referred to as "New Hampshire Wage Laws), the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1, et seq., ("North Carolina Wage Laws"), Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann, Chapter 4111, and related regulations (collectively "Ohio Wage Laws") (the state law claims shall be collectively referred to as "State Law Claims" and the state wage laws shall be collectively referred to as "State Wage Laws").  Plaintiffs' FLSA claims are asserted as a collective action pursuant to 29 U.S.C. §216(b), and the State Law Claims are asserted on a class wide basis pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

<u>**JURISDICTION AND VENUE**</u>

16.     The foregoing paragraphs are incorporated herein as if set forth in full.

17.     This Court has personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

18.     This Court has original subject matter jurisdiction over this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331 because the claims herein arise under laws of the United States, the FLSA.  This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

19.     Venue is properly in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

20.     Defendant is a subsidiary of the Citizens Financial Group, Inc., ("CFG") a Delaware corporation with its principal place of business/headquarters located at One Citizens Plaza, Providence, Rhode Island.

21.     Defendant operates bank branches under the name "Citizens Bank" in Pennsylvania, Rhode Island, Vermont, New Hampshire, Massachusetts, Connecticut, New York, New Jersey, North Carolina, and Delaware.

22.     Defendant also operates bank branches under the name "Charter One" in Illinois, Michigan, and Ohio.

23.     "CCO Mortgage" is a division of Defendant that services loans made by CFG's subsidiary banks in thirteen states, and has loan offices in two additional states.

24.     Defendant sells mortgage loans and other financial products in multiple states, including Pennsylvania. On information and belief, Defendant's annual sales of same has been greater than $500,000 at all relevant times.

25.     Defendant was/is at all times material hereto, an "Employer," as that term is defined in the FLSA and the State Wage Laws, to Plaintiffs, and similarly situated Plaintiffs.

26.     Plaintiff Reinig is a former employee of Defendant as defined by 29 U.S.C. §203(e). Plaintiff Reinig was employed by Defendant as a Mortgage Loan Officer ("MLO") in Pittsburgh, PA from December 16, 2013 until on or around July 1, 2015, and worked over 40 hours per week and was not paid overtime. Plaintiff resides in Pennsylvania.

27.     Plaintiff Gritz is a former employee of Defendant as defined by 29 U.S.C. §203(e). Plaintiff Gritz was employed by Defendant as a MLO in Pittsburgh, PA from November 21, 2014 until on or around October 2, 2015, and worked over 40 hours per week and was not paid overtime. Plaintiff Gritz resides in Pennsylvania.

28.     Plaintiff Soda is a former employee of Defendant as defined by U.S.C. §203(e). Plaintiff Soda was employed by Defendant as a MLO in Pittsburgh, PA from February 1, 2014 until on or around December 2, 2015. Plaintiff worked and continues to work over 40 hours per week and was/is not paid overtime. Plaintiff Soda resides in Pennsylvania.

29.     Plaintiff Gramesty is a former employee of Defendant as defined by U.S.C. §203(e).  Plaintiff Gramesty was employed by Defendant as a MLO in New Haven, CT from June 1, 2000 through October 31, 2014. Plaintiff worked and continues to work over 40 hours per week and was/is not paid overtime. Plaintiff Gramesty resides in Connecticut.

30.     Plaintiff Smith is a former employee of Defendant as defined by U.S.C. §203(e). Plaintiff Smith was employed by Defendant as a MLO in Albany, NY from in or around June 2011 through September 2013. Plaintiff worked over 40 hours per week and was/is not paid overtime. Plaintiff Smith resides in New York.

31.     Plaintiff Kinsella is a former employee of Defendant as defined by U.S.C. §203(e). Plaintiff Kinsella was employed by Defendant as a MLO in Canton, MA from October 5, 2009 through January 1, 2014. Plaintiff worked over 40 hours per week and was/is not paid overtime. Plaintiff Kinsella resides in Massachusetts.

32.     Plaintiff Fragale is a former employee of Defendant as defined by U.S.C. §203(e). Plaintiff Fragale was employed by Defendant as a MLO in Cleveland, OH from October 2014 through October 2015. Plaintiff worked over 40 hours per week and was/is not paid overtime. Plaintiff Fragale resides in Ohio.

33.     Plaintiff Kolenda is a former employee of Defendant as defined by U.S.C. §203(e). Plaintiff Kolenda was employed by Defendant as a MLO in North Providence, RI and Garden City, RI from March 2013 through August 2015. Plaintiff worked over 40 hours per week and was/is not paid overtime. Plaintiff Kolenda resides in Rhode Island.

34.     Plaintiff Kolenda is a former employee of Defendant as defined by U.S.C. §203(e). Plaintiff Kolenda was employed by Defendant as a MLO in North Providence, RI and Garden City, RI from March 2013 through August 2015. Plaintiff worked over 40 hours per week and was/is not paid overtime. Plaintiff Kolenda resides in Rhode Island.

35.     Plaintiff Dal Pino is a former employee of Defendant as defined by U.S.C. §203(e). Plaintiff Dal Pino was employed by Defendant as a MLO in Hinsdale, IL from July 2007 through April 2016. Plaintiff worked over 40 hours per week and was/is not paid overtime. Plaintiff Dal Pino resides in Illinois.

36.     Plaintiff Naji is a former employee of Defendant as defined by U.S.C. §203(e). Plaintiff Naji was employed by Defendant as a MLO in Farmington Hills, MI from December

2014 through March 2015. Plaintiff worked over 40 hours per week and was/is not paid overtime. Plaintiff Naji resides in Michigan.

37.     Plaintiff Pedersen is a former employee of Defendant as defined by U.S.C. §203(e). Plaintiff Pedersen was employed by Defendant as a MLO in Laconia, NH and Meredith, NH from September 2009 through January 2014. Plaintiff worked over 40 hours per week and was/is not paid overtime. Plaintiff Pedersen resides in New Hampshire.

38.     Plaintiff Howard is a former employee of Defendant as defined by U.S.C. §203(e). Plaintiff Howard was employed by Defendant as a MLO in Charlotte, NC from August 2014 through June 20, 2016. Plaintiff worked over 40 hours per week and was/is not paid overtime. Plaintiff Howard resides in North Carolina.

39.     Plaintiff Ross is a former employee of Defendant as defined by U.S.C. §203(e). Plaintiff Smith was employed by Defendant as a MLO in Buffalo, NY from in or around April 2015 until January 2016. Plaintiff worked over 40 hours per week and was/is not paid overtime. Plaintiff Ross resides in New York.

40.     Plaintiff Jenkins is a former employee of Defendant as defined by U.S.C. §203(e). Plaintiff Jenkins was employed by Defendant as a MLO in Easton, MA, from in or around July 2013 until February 27, 2014. Plaintiff worked over 40 hours per week and was/is not paid overtime. Plaintiff Jenkins resides in Massachusetts.

41.     At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times within the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

42.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

43.     Plaintiffs bring this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), on behalf of all Mortgage Loan Officers ("MLOs") who were employed by Defendant nationwide within the last three years (members of this putative class are referred to as "Nationwide Collective Plaintiffs").

44.     Plaintiffs' claims are typical of the claims of Nationwide Collective Plaintiffs, because Plaintiffs, like all Nationwide Collective Plaintiffs, were employees of Defendant whom Defendant failed to pay minimum wage and overtime compensation as required by the FLSA in the last three years.

45.     Plaintiffs will fairly and adequately protect the interests of Nationwide Collective Plaintiffs, because Plaintiffs' interests are coincident with, and not antagonistic to, those of the class.  Plaintiffs have retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

46.     No difficulties are likely to be encountered in the management of this collective action that would preclude its maintenance as a collective action.  The class will be easily identifiable from Defendant's records.

47.     Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records. Plaintiffs do not know the exact size of the potential class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be in excess of 1,000 individuals.

48.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.  Among the questions of law and fact that are common to the class are whether Defendant failed to pay the Plaintiffs and putative

class members minimum wage and overtime for all hours worked by: (1) unlawfully requiring significant off-the-clock work; (2) deducting overtime and wages previously paid to employees in subsequent weeks, thereby evading the requirements of the FLSA; and (3) failing to properly calculate the regular rate of pay when calculating overtime premiums due.

49.     Therefore, Plaintiffs should be permitted to bring this action as a collective action for and on behalf of themselves and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. §216(b).

## CLASS ACTION ALLEGATIONS

### *Class of Pennsylvania Employees*

50.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

51.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005, Plaintiffs Reinig, Gritz, and Soda bring their claims for relief on behalf of themselves and those similarly situated.

52.     Specifically, Plaintiffs Reinig, Gritz, and Soda seek to represent a class of all persons who worked for Defendant as Mortgage Loan Officers ("MLOs") in the last three years in Pennsylvania from the date of the filing of the original complaint.

53.     The class is so numerous that the joinder of all class members is impracticable. Plaintiffs Reinig, Gritz, and Soda do not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be more than 40 individuals.

54.     Plaintiffs Reinig, Gritz, and Soda's claims are typical of the claims of the putative class members, because Plaintiffs Reinig, Gritz, and Soda, like all putative class members, were

denied overtime and minimum wage under the Pennsylvania Minimum Wage Act and were subject to unlawful deductions under the Pennsylvania Wage Payment and Collection Law.

55.     Plaintiffs Reinig, Gritz, and Soda will fairly and adequately protect the interests of the putative class because Plaintiffs Reinig, Gritz, and Soda's interests are coincident with, and not antagonistic to, those of the class.  Plaintiffs Reinig, Gritz, and Soda have retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

56.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendant's records.

57.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant.  Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendant.

58.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.  Among the questions of law and fact that are common to the class are whether Defendant failed to pay Plaintiffs Reinig, Gritz, and Soda and the putative class minimum wage and overtime for all hours worked by: (1) unlawfully requiring significant off-the-clock work; (2) deducting overtime and wages previously paid to employees in subsequent weeks, thereby evading the requirements of the PMWA and violating the

PWPCL; and (3) failing to properly calculate the regular rate of pay when calculating overtime premiums due.

### *Class of Connecticut Employees*

59.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

60.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005, Plaintiff Gramesty brings her claims for relief on behalf of herself and those similarly situated.

61.     Specifically, Plaintiff Gramesty seeks to represent a class of all persons who worked for Defendant as Mortgage Loan Officers ("MLOs") in the last three years in Connecticut.

62.     The class is so numerous that the joinder of all class members is impracticable. Plaintiff Gramesty does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be more than 40 individuals.

63.     Plaintiff Gramesty's claims are typical of the claims of the putative class members, because Plaintiff Gramesty, like all putative class members, was denied overtime and minimum wage under the Connecticut Wage Laws.

64.     Plaintiff Gramesty will fairly and adequately protect the interests of the putative class because Plaintiff Gramesty's interests are coincident with, and not antagonistic to, those of the class.  Plaintiff Gramesty has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

65.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendant's records.

66.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant.  Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendant.

67.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.  Among the questions of law and fact that are common to the class are whether Defendant failed to pay Plaintiff Gramesty and the putative class minimum wage and overtime for all hours worked by: (1) unlawfully requiring significant off-the-clock work; (2) deducting overtime and wages previously paid to employees in subsequent weeks, thereby evading the requirements of the Connecticut Wage Laws; and (3) failing to properly calculate the regular rate of pay when calculating overtime premiums due.

### *Class of New York Employees*

68.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

69.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005, Plaintiff Mark Ross brings his claims for relief on behalf of themselves and those similarly situated.

70.     Specifically, Plaintiff Ross seek to represent a class of all persons who worked for Defendant as Mortgage Loan Officers ("MLOs") in the last three years in New York.

71.     The class is so numerous that the joinder of all class members is impracticable. Plaintiff Ross does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be more than 40 individuals.

72.     Plaintiff Ross' claims are typical of the claims of the putative class members, because Plaintiff Smith, like all putative class members, was denied overtime and minimum wage under the New York Wage Laws.

73.     Plaintiff Ross will fairly and adequately protect the interests of the putative class because Plaintiff Smith's interests are coincident with, and not antagonistic to, those of the class. Plaintiff Smith has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

74.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendant's records.

75.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant.  Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendant.

76.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.  Among the questions of law and fact that are common to the class are whether Defendant failed to pay Plaintiff Smith and the putative class minimum wage and overtime for all hours worked by: (1) unlawfully requiring significant off-the-clock work; (2) deducting overtime and wages previously paid to employees in subsequent weeks, thereby evading the requirements of the New York Wage Laws; and (3) failing to properly calculate the regular rate of pay when calculating overtime premiums due.

### *Class of Massachusetts Employees*

77.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

78.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005, Plaintiff Daniel Jenkins brings his claims for relief on behalf of himself and those similarly situated.

79.     Specifically, Plaintiff Daniel Jenkins seeks to represent a class of all persons who worked for Defendant as Mortgage Loan Officers ("MLOs") in the last three years in Massachusetts.

80.     The class is so numerous that the joinder of all class members is impracticable. Plaintiff Daniel Jenkins does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be more than 40 individuals.

81.     Plaintiff Daniel Jenkins' claims are typical of the claims of the putative class members, because Plaintiff Kinsella, like all putative class members, was denied overtime and minimum wage under the Massachusetts Wage Laws.

82.    Plaintiff Daniel Jenkins will fairly and adequately protect the interests of the putative class because Plaintiff Jenkin's interests are coincident with, and not antagonistic to, those of the class.  Plaintiff Kinsella has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

83.    No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendant's records.

84.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant.  Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendant.

85.    Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.  Among the questions of law and fact that are common to the class are whether Defendant failed to pay Plaintiff Daniel Jenkins and the putative class minimum wage and overtime for all hours worked by: (1) unlawfully requiring significant off-the-clock work; (2) deducting overtime and wages previously paid to employees in subsequent weeks, thereby evading the requirements of the Massachusetts Wage Laws; and (3) failing to properly calculate the regular rate of pay when calculating overtime premiums due.

### *Class of Rhode Island Employees*

86.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

87.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005, Plaintiff Kolenda brings his claims for relief on behalf of himself and those similarly situated.

88.     Specifically, Plaintiff Kolenda seeks to represent a class of all persons who worked for Defendant as Mortgage Loan Officers ("MLOs") in the last three years in Rhode Island.

89.     The class is so numerous that the joinder of all class members is impracticable. Plaintiff Kolenda does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be more than 40 individuals.

90.     Plaintiff Kolenda's claims are typical of the claims of the putative class members, because Plaintiff Kolenda, like all putative class members, was denied overtime and minimum wage under the Rhode Island Wage Laws.

91.     Plaintiff Kolenda will fairly and adequately protect the interests of the putative class because Plaintiff Kolenda's interests are coincident with, and not antagonistic to, those of the class. Plaintiff Kolenda has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

92.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendant's records.

93.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions

by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant.  Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendant.

94.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.  Among the questions of law and fact that are common to the class are whether Defendant failed to pay Plaintiff Kolenda and the putative class minimum wage and overtime for all hours worked by: (1) unlawfully requiring significant off-the-clock work; (2) deducting overtime and wages previously paid to employees in subsequent weeks, thereby evading the requirements of the Rhode Island Wage Laws; and (3) failing to properly calculate the regular rate of pay when calculating overtime premiums due.

### *Class of Illinois Employees*

95.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

96.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005, Plaintiff Dal Pino brings her claims for relief on behalf of herself and those similarly situated.

97.     Specifically, Plaintiff Dal Pino seeks to represent a class of all persons who worked for Defendant as Mortgage Loan Officers ("MLOs") in the last three years in Illinois.

98.     The class is so numerous that the joinder of all class members is impracticable. Plaintiff Dal Pino does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be more than 40 individuals.

99.     Plaintiff Dal Pino's claims are typical of the claims of the putative class members, because Plaintiff Dal Pino, like all putative class members, was denied overtime and minimum wage under the Illinois Wage Laws.

100.     Plaintiff Dal Pino will fairly and adequately protect the interests of the putative class because Plaintiff Dal Pino's interests are coincident with, and not antagonistic to, those of the class.  Plaintiff Dal Pino has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

101.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendant's records.

102.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant.  Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendant.

103.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.  Among the questions of law and fact that are common to the class are whether Defendant failed to pay Plaintiff Dal Pino and the putative class minimum wage and overtime for all hours worked by: (1) unlawfully requiring significant off-the-clock work; (2) deducting overtime and wages previously paid to employees in

subsequent weeks, thereby evading the requirements of the Illinois Wage Laws; and (3) failing to properly calculate the regular rate of pay when calculating overtime premiums due.

### *Class of Michigan Employees*

104.    The foregoing paragraphs are incorporated herein as if set forth in their entirety.

105.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005, Plaintiff Naji brings his claims for relief on behalf of himself and those similarly situated.

106.    Specifically, Plaintiff Naji seeks to represent a class of all persons who worked for Defendant as Mortgage Loan Officers ("MLOs") in the last three years in Michigan.

107.    The class is so numerous that the joinder of all class members is impracticable. Plaintiff Naji does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be more than 40 individuals.

108.    Plaintiff Naji's claims are typical of the claims of the putative class members, because Plaintiff Naji, like all putative class members, was denied overtime and minimum wage under the Michigan Wage Laws.

109.    Plaintiff Naji will fairly and adequately protect the interests of the putative class because Plaintiff Naji's interests are coincident with, and not antagonistic to, those of the class. Plaintiff Naji has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

110.    No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendant's records.

111.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant.  Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendant.

112.    Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.  Among the questions of law and fact that are common to the class are whether Defendant failed to pay Plaintiff Naji and the putative class minimum wage and overtime for all hours worked by: (1) unlawfully requiring significant off-the-clock work; (2) deducting overtime and wages previously paid to employees in subsequent weeks, thereby evading the requirements of the Michigan Wage Laws; and (3) failing to properly calculate the regular rate of pay when calculating overtime premiums due.

### *Class of New Hampshire Employees*

113.    The foregoing paragraphs are incorporated herein as if set forth in their entirety.

114.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005, Plaintiff Pedersen brings his claims for relief on behalf of himself and those similarly situated.

115.    Specifically, Plaintiff Pedersen seeks to represent a class of all persons who worked for Defendant as Mortgage Loan Officers ("MLOs") in the last three years in New Hampshire.

116.    The class is so numerous that the joinder of all class members is impracticable. Plaintiff Pedersen does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be more than 40 individuals.

117.    Plaintiff Pedersen's claims are typical of the claims of the putative class members, because Plaintiff Pedersen, like all putative class members, was denied overtime and minimum wage under the New Hampshire Wage Laws.

118.    Plaintiff Pedersen will fairly and adequately protect the interests of the putative class because Plaintiff Pedersen's interests are coincident with, and not antagonistic to, those of the class.  Plaintiff Pedersen has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

119.    No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendant's records.

120.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant.  Furthermore, the amount at stake for individual putative class

members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendant.

121.    Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.  Among the questions of law and fact that are common to the class are whether Defendant failed to pay Plaintiff Pedersen and the putative class minimum wage and overtime for all hours worked by: (1) unlawfully requiring significant off-the-clock work; (2) deducting overtime and wages previously paid to employees in subsequent weeks, thereby evading the requirements of the New Hampshire Wage Laws; and (3) failing to properly calculate the regular rate of pay when calculating overtime premiums due.

## *Class of North Carolina Employees*

122.    The foregoing paragraphs are incorporated herein as if set forth in their entirety.

123.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005, Plaintiff Howard brings his claims for relief on behalf of himself and those similarly situated.

124.    Specifically, Plaintiff Howard seeks to represent a class of all persons who worked for Defendant as Mortgage Loan Officers ("MLOs") in the last three years in North Carolina.

125.    The class is so numerous that the joinder of all class members is impracticable. Plaintiff Howard does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be more than 40 individuals.

126.    Plaintiff Howard's claims are typical of the claims of the putative class members, because Plaintiff Howard, like all putative class members, was denied overtime and minimum wage under the North Carolina Wage Laws.

127.    Plaintiff Howard will fairly and adequately protect the interests of the putative class because Plaintiff Howard's interests are coincident with, and not antagonistic to, those of the class. Plaintiff Howard has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

128.    No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendant's records.

129.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant.  Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendant.

130.    Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.  Among the questions of law and fact that are common to the class are whether Defendant failed to pay Plaintiff Howard and the putative class minimum wage and overtime for all hours worked by: (1) unlawfully requiring significant off-the-clock work; (2) deducting overtime and wages previously paid to employees in subsequent weeks, thereby evading the requirements of the North Carolina Wage Laws; and (3) failing to properly calculate the regular rate of pay when calculating overtime premiums due.

### ***Class of Ohio Employees***

131.    The foregoing paragraphs are incorporated herein as if set forth in their entirety.

132.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005, Plaintiff Fragale brings her claims for relief on behalf of herself and those similarly situated.

133.    Specifically, Plaintiff Fragale seeks to represent a class of all persons who worked for Defendant as Mortgage Loan Officers ("MLOs") in the last three years in Ohio.

134.    The class is so numerous that the joinder of all class members is impracticable. Plaintiff Fragale does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be more than 40 individuals.

135.    Plaintiff Fragale's claims are typical of the claims of the putative class members, because Plaintiff Fragale, like all putative class members, was denied overtime and minimum wage under the Ohio Wage Laws.

136.    Plaintiff Fragale will fairly and adequately protect the interests of the putative class because Plaintiff Fragale's interests are coincident with, and not antagonistic to, those of the class. Plaintiff Fragale has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

137.    No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendant's records.

138.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions

by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant.  Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendant.

139.    Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.  Among the questions of law and fact that are common to the class are whether Defendant failed to pay Plaintiff Fragale and the putative class minimum wage and overtime for all hours worked by: (1) unlawfully requiring significant off-the-clock work; (2) deducting overtime and wages previously paid to employees in subsequent weeks, thereby evading the requirements of the Ohio Wage Laws; and (3) failing to properly calculate the regular rate of pay when calculating overtime premiums due.

## FACTUAL BACKGROUND

140.    For many years, Defendant has employed MLOs to sell residential mortgage loans to customers throughout the United States through Defendant's offices and branches located in Pennsylvania, Connecticut, Massachusetts, Illinois, Michigan, New Hampshire, North Carolina, New Jersey, New York, Ohio, Rhode Island, and other States in the United States of America.

141.    Prior to 2012, Defendant misclassified all of its MLOs as "exempt employees" pursuant to the overtime provisions of the FLSA and the State Wage Laws: That is, Defendant only paid MLOs on a pure commission basis, with a monthly draw subject to recapture by Defendant, and Defendant paid no overtime to any MLOs for hours worked over 40 hours in a workweek, despite the fact that Defendant had regular and specific knowledge that its MLO's were

regularly engaged in non-exempt work and were regularly working far in excess of 40 hours per week for Defendant's benefit.

142.    On information and belief, on or around April 15, 2012, Defendant reclassified all MLOs as non-exempt employees eligible for overtime.

### Defendant's Post-Reclassification Failure to Pay Overtime

143.    Plaintiffs and all other similarly situated current and/or former MLOs frequently worked over 40 hours in a workweek while employed by Defendant without receiving overtime compensation.

144.    Plaintiffs and all other similarly situated current and/or former MLOs performed work for Defendant as MLOs and were not paid one and one-half times their appropriate regular hourly rate for hours they worked over 40 in a workweek ("overtime compensation").

145.    Defendant required Plaintiffs and all other similarly situated MLOs to attend residential open houses on the weekend to network with realtors and did not pay for such time.

146.    Defendant required Plaintiffs and all other similarly situated MLOs to engage in E-Learning modules after work hours, and did not pay for such time.

147.    From on or around February 2015 until October 2015, Defendant required Plaintiffs and all other similarly situated MLOs to engage in after-hours training on Defendant's new software system.

148.    Defendant was further aware that Plaintiffs and all other similarly situated MLOs worked with clients and customers after-work hours, and Defendant did not pay for such time.

149.    Defendant issued Plaintiffs and all other similarly situated MLOs laptops computers so Plaintiffs and all other similarly situated MLOs could work from home and other

locations, with the intention that Plaintiffs and all other similarly situated MLO's work from home after hours and on weekends to process their loans towards closing.

150.    Plaintiffs and all other similarly situated MLOs were compensated by receiving an hourly wage of $11.50 per hour for hours worked per workweek ("base hourly pay").

151.    Plaintiffs and all other similarly situated MLOs were paid a commission based on the loans Plaintiffs and other MLOs originate.

152.    Defendant paid this commission to Plaintiffs once per month.

153.    In paying this commission, Defendant deducted the amount of money that had already been paid in base hourly pay and 2/3 of the overtime payment over the prior month ("hourly pay and overtime deductions").

154.    Plaintiffs and all other similarly situated MLOs were told by Defendant's Managers that they could only report overtime hours if same were pre-authorized.

155.    Defendant's Managers regularly refused to pre-authorize Plaintiffs and all other similarly situated MLOs to report overtime work.

156.    On the rare occasions when Plaintiffs and all other similarly situated MLOs worked and were authorized to report on their timesheets hours in excess of 40 hours per week, they were initially paid one-and-a-half times their base hourly rate of $11.50 per hour, i.e., 17.25 per hour ("overtime payments"). However, such overtime payments were illusory, as at least two thirds of same were deducted from Plaintiffs' monthly commission payments.

157.    Defendant actively instructed Plaintiffs and all other similarly situated MLO's not to report any and/or to reduce any reporting of actual overtime hours worked by the MLOs by refusing to accept overtime hours submitted by MLOs to Managers. Instead, Defendant's Managers frequently and affirmatively instructed Plaintiffs and all other similarly situated MLOs

not to submit their true overtime hours worked, despite knowing that Plaintiffs were engaged in substantial at-home overtime work.

158.    This off-the-clock work involved attending open-houses hosted by realtors on the weekend, which all Plaintiffs and those similarly situated were expected to and did do.

159.    This off-the-clock also involved answering their phones, speaking with clients, and processing loans after hours and at home on their company-issued laptops, which was suffered, permitted, and known by Defendant.

160.    Moreover, Plaintiffs and those similarly situated were expected to complete continuing education credits and train in Defendant's new "dotnet" computer system off-the-clock and after-hours.

161.    Moreover, as discussed below, Defendant deducted at least 2/3 of the overtime compensation which it paid to any MLO in subsequent weeks, thereby discouraging Plaintiffs and all other similarly situated MLOs from accurately reporting their time to Defendant.

162.    The wages and compensation paid by Defendant to Plaintiffs and all other similarly situated MLOs are substantially similar, if not identical, at all of Defendant's locations where MLOs work.

163.    Defendant and its Managers knowingly and intentionally affected the manner in which overtime was to be recorded and reported and as such failed to pay all overtime due to Plaintiffs and all other similarly situated MLOs in violation of the FLSA and the State Wage Laws.

164.    Defendant's conduct has been both willful and in bad faith and especially designed to avoid its legal obligations pursuant to the FLSA and the State Wage Laws. Plaintiffs and all other similarly situated MLOs are entitled to liquidated damages for such conduct pursuant to the

FLSA and the State Wage Laws. Defendant's practice is in deliberate violation of FLSA and the State Wage Law requirements.

165.     Plaintiffs are/were present or former MLOs who were classified by Defendant's written Employment Agreements with individual Plaintiffs, as well as Defendant's own policy and procedure manual and other internal documents, as "non-exempt" from the overtime provisions of the FLSA and the State Wage Laws described below.

166.     The primary job of Plaintiffs and the Nationwide Collective Plaintiffs is selling, originating, and producing home loans in Defendant's offices in accordance with Defendant's policies and procedures.

167.     Upon information and belief, Defendant uses the same Employment Agreements, compensation practices, operating policies and procedures for its MLOs in all of its branches throughout the United States.

168.     Plaintiffs and those similarly situated regularly and customarily, with the actual or constructive knowledge of Defendant, worked overtime hours (i.e worked more than 40 hours per workweek), and were entitled to compensation at one and one half times their regular hourly rate ("overtime compensation") for those hours.

169.     Defendant regularly and willfully refused to pay Plaintiffs and those similarly situated the required overtime compensation for overtime hours worked, and Defendant has failed to keep accurate time records of the hours they worked as required by law.

170.     Even when Defendant paid Plaintiffs and those similarly situated some or all of their overtime compensation, the "straight time amount" paid as overtime, i.e. overtime hours paid x $11.50 per hour, was deducted from their commissions earned in subsequent weeks.

171.    As a result of the deductions stated in the preceding paragraph, and the use of the improper regular hourly rate which failed to correctly include commission and bonus pay, Defendant's pay system evaded the overtime requirements of the FLSA even during workweeks where Defendant allegedly paid Plaintiffs and those similarly situated overtime compensation.

172.    Additionally, Defendant improperly paid overtime hours worked because the hourly rate upon which overtime pay was based failed to properly include commissions and bonus pay earned.

173.    Defendant regularly deducted the wages, straight time, and overtime pay previously earned and paid to Plaintiffs and all other similarly situated MLOs in subsequent weeks from their commissions earned.

174.    Defendant's practices violate the FLSA and the State Wage Laws. Plaintiffs and those similarly situated seek declaratory relief, overtime compensation for all overtime work required, suffered, or permitted by Defendant, wages and overtime pay Defendant improperly deducted from Plaintiffs and Nationwide Collective Plaintiffs, commissions, liquidated damages and other damages and penalties permitted by applicable law, interest, costs, and attorneys' fees.

175.    Other MLOs employed by Defendant have been the victim of Defendant's pattern, practice, and policies that are intentionally in violation of the FLSA.

176.    Plaintiffs are aware that the illegal practices and policies of Defendant set forth herein above have been imposed on other similarly situated workers and seek to send notice to such other aggrieved current and former employees to give them an opportunity to join this action.

177.    Defendant promulgated compensation policies and practices that uniformly violated the wage and hour rights of the Plaintiffs and Nationwide Collective Plaintiffs under the

FLSA and the State Wage Laws by requiring them to perform integral and indispensable job activities without compensation, also known as "off-the-clock" work.

178.    Defendant further promulgated compensation policies and practices that uniformly evaded the requirements of the FLSA and the State Wage Laws including paying overtime premiums by deducting the "straight time" pay, i.e. overtime hours paid * salary hourly rate, from the overtime compensation previously paid to Plaintiffs and all other similarly situated MLOs in subsequent weeks.  These same policies further constitute unlawful deductions under the State Wage Laws.

179.    Defendant further promulgated compensation policies and practices that uniformly violated the requirements of the FLSA and the State Wage Laws to pay overtime premiums at a rate of one-and-one half times the regular rate by failing to account for commission payments when determining the overtime premium due.

180.    Defendant further promulgated compensation policies and practices that uniformly evaded the requirements of the FLSA and the State Wage Laws to pay at least the federal and state minimum wage by deducting all salary paid to Plaintiffs and all other similarly situated MLOs in subsequent pay periods.  These same policies further constitute unlawful deductions under the State Wage Laws.

181.    Plaintiffs were non-exempt MLOs employed by Defendant during the relevant time period who were entitled to, but did not receive, minimum wages for all hours worked and/or all overtime wages for all hours that they worked in excess of 40 hours in a workweek.

182.    Defendant uses the same or very similar job description, job qualifications, operating policies, human resources policies, job functions and pay practices for its MLOs, including Plaintiffs, at all Defendant banking facilities nationwide.

183.    Defendant's MLOs who constitute the Nationwide Collective Plaintiffs, are non-exempt employees who are purportedly paid on an hourly basis pursuant to Defendant's uniform policies, procedures, and practices nationwide.

184.    Defendant's business operations, and the job duties, working conditions, wages and compensation of Plaintiffs and all other MLOs are substantially similar, if not identical, at all of Defendant's locations throughout the country.

185.    Plaintiffs can and will fairly and adequately represent and protect the interests of those members of the class of similarly situated to wit: the Nationwide Collective Plaintiffs.

186.    Plaintiffs' jobs as MLOs, as well as the jobs of those other similarly situated MLOs as putative class members and Nationwide Collective Plaintiffs, consist of preparing loan applications, collecting credit/financial documentation from potential borrowers, and engaging in customer contact through telephone and email.

187.    During their employment, Plaintiffs, Nationwide Collective Plaintiffs, and the putative class were required to log into Defendant's computer system and engage in the origination and production of home loans using Defendant's loan origination system.

188.    During their employment, Plaintiffs, Nationwide Collective Plaintiffs, and the putative class had no discretion to change rates or to offer products that did not satisfy Defendant's criteria, and had no authority to independently approve potential mortgage applications.

189.    In the 3 years prior to the filing of this action, Plaintiffs, Nationwide Collective Plaintiffs, and the putative class performed non-exempt duties for Defendant.

190.    Defendant purportedly compensated Plaintiffs, Nationwide Collective Plaintiffs, and the putative class on a non-exempt salary basis for 40 hours of work per workweek, but in fact

deducted the salary/wages paid for 40 hours of work weekly from future monthly commissions, treating the purported "salary as a "draw."

191.    Defendant also purported to pay Plaintiffs, Nationwide Collective Plaintiffs, and the putative class overtime, based solely on their hourly rate as determined from their "salary" and deducted the "straight time" rate of the "overtime" paid from future monthly commissions.

192.    Defendant compensated all of its MLOs, the Plaintiffs, Nationwide Collective Plaintiffs, and the putative class, in the same way pursuant to uniform corporate policies, practices, procedures, and standards throughout the United States as evidenced Defendant's annual "Incentive Compensation Plan."

193.    The work performed by Plaintiffs, Nationwide Collective Plaintiffs, and the putative class was an integral part of Defendant's business because it brought residential mortgage customers to Defendant.

194.     Plaintiffs, Nationwide Collective Plaintiffs, and the putative class regularly and customarily worked in excess of 40 hours per week, typically 50 to 60 (or more) hours per workweek, during their employment with Defendant.

195.    Defendant failed to pay the Plaintiffs, Nationwide Collective Plaintiffs, and the putative class time-and- one-half wages for overtime hours worked.

196.    Defendant intentionally, willfully and unlawfully failed to pay the Plaintiffs, Nationwide Collective Plaintiffs, and the putative class their regular rate for all hours worked and failed to pay proper overtime pay for all overtime hours worked.

<u>**COUNT I**</u>
**FLSA CLAIM FOR UNPAID OVERTIME**

197.    All previous paragraphs are restated and re-alleged as though fully set forth herein.

198.    The FLSA requires that covered employees be compensated at least the minimum wage for every hour worked in a workweek. See 29 U.S.C. § 206(a)-(b).

199.    The FLSA requires that covered employees be compensated one-and-one-half times their regular rate for hours worked over 40 per workweek. 29 U.S.C. § 207.

200.    Defendant is a covered "employer" required to comply with the FLSA's mandates.

201.    Plaintiffs, and the Nationwide Collective Plaintiffs, are/were covered employees, i.e. non-exempt employees, entitled to the FLSA's protections.

202.    Defendant failed to maintain accurate time records of Plaintiffs' and Nationwide Collective Plaintiffs' actual start times, actual stop times, hours worked each day and total hours worked each workweek, within the three (3) year statute of limitations period.

203.    Defendants' violations of the FLSA include, but are not limited to: failing to pay for overtime worked, failing to pay one and one half times Plaintiffs' and the National Collective Plaintiffs' regular rate, and unlawfully evading the overtime requirements of the FLSA by deducting the "straight time" or regular rate of pay for overtime hours worked, from Plaintiffs' and National Collective Plaintiffs' overtime previously earned and paid.

## COUNT II
## FLSA CLAIM FOR UNPAID MINIMUM WAGES

204.    All previous paragraphs are restated and re-alleged as though fully set forth herein.

205.    The FLSA requires that covered employees be compensated at least the minimum wage for every hour worked in a workweek. See 29 U.S.C. § 206(a)-(b).

206.    Defendant is a covered employer required to comply with the FLSA's mandates.

207.    Plaintiffs, and the Nationwide Collective Plaintiffs, are/were covered employees, i.e. non-exempt employees, entitled to the FLSA's protections.

208.    By deducting the total amount of hourly wages from future commission payments, Defendant failed to pay Plaintiffs the minimum wage for all hours worked.

209.    Defendants' violations of the FLSA include, but are not limited to: failing to pay Plaintiffs and the Nationwide Collective Plaintiffs minimum wage for all hours worked in each work week, as such wages were deducted from commissions and other compensation in subsequent weeks.

**COUNT III**
**CONNECTICUT WAGE LAWS**

210.    The foregoing paragraphs are incorporated herein as if set forth in full.

211.    At all times relevant herein, Defendants have and continue to be employers within the meaning of the Connecticut Wage Laws.

212.    At all times relevant herein, Defendants were responsible for paying wages to Plaintiffs.

213.    At all times relevant herein, Plaintiffs employed in Connecticut were employed with Defendants as "employees" within the meaning of the Connecticut Wage Laws.

214.    Under the Connecticut Wage Laws, an employer must pay an employee at least one and one half times his or her base rate for each hour worked in excess of forty hours per workweek and further must pay employees all wages due for work performed.

215.    Defendants' violations of the Connecticut Wage Laws include, but are not limited to, failing to pay Plaintiffs who worked in Connecticut for time worked on pre-shift and post-shift activities, failing to pay Plaintiffs who worked in Connecticut minimum wage for all hours worked, and failing to properly calculate overtime payments under the Connecticut Wage Laws.

216.     Defendants' conduct in failing to pay Plaintiffs who worked in Connecticut properly was willful and was not based upon any reasonable interpretation of the law.

217.     As a result of Defendants' unlawful conduct, Plaintiffs who worked in Connecticut have suffered damages as set forth herein.

## COUNT IV
## ILLINOIS WAGE LAWS

218.     The foregoing paragraphs are incorporated herein as if set forth in full.

219.     At all times relevant herein, Defendants have and continue to be employers within the meaning of the Illinois Wage Laws.

220.     At all times relevant herein, Defendants were responsible for paying wages to Plaintiffs.

221.     At all times relevant herein, Plaintiffs employed in Illinois were employed with Defendants as "employees" within the meaning of the Illinois Wage Laws.

222.     Under the Illinois Wage Laws, an employer must pay an employee at least one and one half times his or her base rate for each hour worked in excess of forty hours per workweek and further must pay employees all wages due for work performed.

223.     Defendants' violations of the Illinois Wage Laws include, but are not limited to, failing to pay Plaintiffs who worked in Illinois for time worked on pre-shift and post-shift activities, failing to pay Plaintiffs who worked in Illinois minimum wage for all hours worked, and failing to properly calculate overtime payments under the Illinois Wage Laws.

224.     Defendants' conduct in failing to pay Plaintiffs who worked in Illinois properly was willful and was not based upon any reasonable interpretation of the law.

225.     As a result of Defendants' unlawful conduct, Plaintiffs who worked in Illinois have suffered damages as set forth herein.

## COUNT V
## MASSACHUSETTS WAGE LAWS

226.     The foregoing paragraphs are incorporated herein as if set forth in full.

227.     At all times relevant herein, Defendants have and continue to be employers within the meaning of the Massachusetts Wage Laws.

228.     At all times relevant herein, Defendants were responsible for paying wages to Plaintiffs.

229.     At all times relevant herein, Plaintiffs employed in Connecticut were employed with Defendants as "employees" within the meaning of the Massachusetts Wage Laws.

230.     Under the Massachusetts Wage Laws, an employer must pay an employee at least one and one half times his or her base rate for each hour worked in excess of forty hours per workweek and further must pay employees all wages due for work performed.

231.     Defendants' violations of the Massachusetts Wage Laws include, but are not limited to, failing to pay Plaintiffs who worked in Massachusetts for time worked on pre-shift and post-shift activities, failing to pay Plaintiffs who worked in Massachusetts minimum wage for all hours worked, and failing to properly calculate overtime payments under the Massachusetts Wage Laws.

232.     Defendants' conduct in failing to pay Plaintiffs who worked in Massachusetts properly was willful and was not based upon any reasonable interpretation of the law.

233.     As a result of Defendants' unlawful conduct, Plaintiffs who worked in Massachusetts have suffered damages as set forth herein.

## COUNT VI
## OHIO WAGE LAWS

234.     The foregoing paragraphs are incorporated herein as if set forth in full.

235.     At all times relevant herein, Defendants have and continue to be employers within the meaning of the Illinois Wage Laws.

236.     At all times relevant herein, Defendants were responsible for paying wages to Plaintiffs.

237.     At all times relevant herein, Plaintiffs employed in Ohio were employed with Defendants as "employees" within the meaning of the Ohio Wage Laws.

238.     Under the Ohio Wage Laws, an employer must pay an employee at least one and one half times his or her base rate for each hour worked in excess of forty hours per workweek and further must pay employees all wages due for work performed.

239.     Defendants' violations of the Ohio Wage Laws include, but are not limited to, failing to pay Plaintiffs who worked in Ohio for time worked on pre-shift and post-shift activities, failing to pay Plaintiffs who worked in Ohio minimum wage for all hours worked, and failing to properly calculate overtime payments under the OhioWage Laws.

240.     Defendants' conduct in failing to pay Plaintiffs who worked in Ohio properly was willful and was not based upon any reasonable interpretation of the law.

241.     As a result of Defendants' unlawful conduct, Plaintiffs who worked in Ohio have suffered damages as set forth herein.

## COUNT VII
## VIOLATIONS OF PWPCL

41

**(Pennsylvania Wage Payment and Collection Law, 43 P.S. §§260.1 – 260.12)**

242.    The foregoing paragraphs are re-alleged and reasserted as if set forth in full.

243.    At all times relevant herein, Defendant has and continues to be an "employer" within the meaning of the PWPCL.

244.    At all times relevant herein, Defendant was responsible for paying wages to the Pennsylvania Class.

245.    At all times relevant herein, the Pennsylvania Class were employed with Defendant as "employees" within the meaning of the PWPCL.

246.    Under the PWPCL, an employer must pay an employee all wages due and may not fail to pay an employee for all hours worked.

247.    Defendant's violations of the PWPCL include, but are not limited to not paying Pennsylvania Plaintiffs for time worked on pre-shift and post-shift activities.

248.    Also Defendant violated the PWPCL by deducting wages previously earned in subsequent pay periods by deducting such wages from the Pennsylvania Class Commission earnings. Also, Defendant violated the PWPCL by deducting the "straight" time or regular rate of pay for overtime hours worked, which previously had been paid, in subsequent pay periods from Pennsylvania Plaintiffs' commission earnings.

249.    Defendant's conduct in failing to pay the Pennsylvania Class properly was willful and was not based upon any reasonable interpretation of the law.

250.    As a result of Defendant's unlawful conduct, the Pennsylvania Class have suffered damages as set forth herein.

**COUNT VIII**
**VIOLATIONS OF PMWA**
**(Pennsylvania Overtime and Minimum Wage Violations, 43 P.S. §333.101-333.115)**

251.    The foregoing paragraphs are re-alleged and reasserted herein as if set forth in full.

252.    At all times relevant herein, Defendant has been and continues to be an employer within the meaning of the PMWA.

253.    At all times relevant herein, Defendant was responsible for paying wages to Named Plaintiffs and Pennsylvania Plaintiffs.

254.    At all times relevant herein, the Pennsylvania Class were employed with Defendant as "employees" within the meaning of the PMWA.

255.    Under the PMWA, an employer must pay an employee at least one and one-half times his or her regular rate of pay for each hour worked in excess of 40 hours per workweek and must pay at least $7.25 per hour for all hours worked.

256.    Defendant failed to maintain accurate time records of Plaintiffs' and Nationwide Collective Plaintiffs' actual start times, actual stop times, hours worked each day and total hours worked each workweek, within the three (3) year statute of limitations period.

257.    Defendant's violations of the Pennsylvania Minimum Wage Act, include, but are not limited to: failing to pay for overtime worked, failing to pay one and one half times the regular rate to Plaintiffs' and those similarly situated, and unlawfully evading the overtime and minimum wage requirements of the Pennsylvania Minimum Wage Act by deducting from Plaintiffs' and National Collective Plaintiffs' wages previously earned.

258.    Defendant's violations of the PMWA include, but are not limited to, not paying the Pennsylvania Class for time worked on pre-shift and post-shift activities.

259.    Defendant's conduct in failing to pay the Pennsylvania Class properly was willful and was not based upon any reasonable interpretation of the law.

260.    As a result of Defendant's unlawful conduct, the Pennsylvania Class have suffered damages as set forth herein.

**COUNT IX**
**NEW YORK WAGE LAWS**

261.    The foregoing paragraphs are incorporated herein as if set forth in full.

262.    At all times relevant herein, Defendants have and continue to be employers within the meaning of the New York Wage Laws.

263.    At all times relevant herein, Defendants were responsible for paying wages to Plaintiffs.

264.    At all times relevant herein, Plaintiffs employed in New York were employed with Defendants as "employees" within the meaning of the New York Wage Laws.

265.    Under the New York Wage Laws, an employer must pay an employee at least one and one half times his or her base rate for each hour worked in excess of forty hours per workweek and further must pay employees all wages due for work performed.

266.    Defendants' violations of the New York Wage Laws include, but are not limited to, failing to pay Plaintiffs who worked in New York for time worked on pre-shift and post-shift activities, failing to pay Plaintiffs who worked in New York minimum wage for all hours worked, and failing to properly calculate overtime payments under the New York Wage Laws.

267.    Defendants' conduct in failing to pay Plaintiffs who worked in New York properly was willful and was not based upon any reasonable interpretation of the law.

268.   As a result of Defendants' unlawful conduct, Plaintiffs who worked in New York have suffered damages as set forth herein.

### COUNT X
### NORTH CAROLINA WAGE LAWS

269.   The foregoing paragraphs are incorporated herein as if set forth in full.

270.   At all times relevant herein, Defendants have and continue to be employers within the meaning of the North Carolina Wage Laws.

271.   At all times relevant herein, Defendants were responsible for paying wages to Plaintiffs.

272.   At all times relevant herein, Plaintiffs employed in Connecticut were employed with Defendants as "employees" within the meaning of the North Carolina Wage Laws.

273.   Under the North Carolina Wage Laws, an employer must pay an employee at least one and one half times his or her base rate for each hour worked in excess of forty hours per workweek and further must pay employees all wages due for work performed.

274.   Defendants' violations of the North Carolina Wage Laws include, but are not limited to, failing to pay Plaintiffs who worked in North Carolina for time worked on pre-shift and post-shift activities, failing to pay Plaintiffs who worked in North Carolina minimum wage for all hours worked, and failing to properly calculate overtime payments under the North Carolina Wage Laws.

275.   Defendants' conduct in failing to pay Plaintiffs who worked in North Carolina properly was willful and was not based upon any reasonable interpretation of the law.

276.   As a result of Defendants' unlawful conduct, Plaintiffs who worked in Massachusetts have suffered damages as set forth herein.

## COUNT XI
## RHODE ISLAND WAGE LAWS

277.     The foregoing paragraphs are incorporated herein as if set forth in full.

278.     At all times relevant herein, Defendants have and continue to be employers within the meaning of the Rhode Island Wage Laws.

279.     At all times relevant herein, Defendants were responsible for paying wages to Plaintiffs.

280.     At all times relevant herein, Plaintiffs employed in Rhode Island were employed with Defendants as "employees" within the meaning of the Rhode Island Wage Laws.

281.     Under the Rhode Island Wage Laws, an employer must pay an employee at least one and one half times his or her base rate for each hour worked in excess of forty hours per workweek and further must pay employees all wages due for work performed.

282.     Defendants' violations of the Rhode Island Wage Laws include, but are not limited to, failing to pay Plaintiffs who worked in Rhode Island for time worked on pre-shift and post-shift activities, failing to pay Plaintiffs who worked in Rhode Island minimum wage for all hours worked, and failing to properly calculate overtime payments under the Rhode Island Wage Laws.

283.     Defendants' conduct in failing to pay Plaintiffs who worked in Rhode Island properly was willful and was not based upon any reasonable interpretation of the law.

284.     As a result of Defendants' unlawful conduct, Plaintiffs who worked in Rhode Island have suffered damages as set forth herein.

## COUNT XII
## MICHIGAN WAGE LAWS

285.     The foregoing paragraphs are incorporated herein as if set forth in full.

286.     At all times relevant herein, Defendants have and continue to be employers within the meaning of the Michigan Wage Laws.

287.     At all times relevant herein, Defendants were responsible for paying wages to Plaintiffs.

288.     At all times relevant herein, Plaintiffs employed in Connecticut were employed with Defendants as "employees" within the meaning of the Michigan Wage Laws.

289.     Under the Michigan Wage Laws, an employer must pay an employee at least one and one half times his or her base rate for each hour worked in excess of forty hours per workweek and further must pay employees all wages due for work performed.

290.     Defendants' violations of the Michigan Wage Laws include, but are not limited to, failing to pay Plaintiffs who worked in Michigan for time worked on pre-shift and post-shift activities, failing to pay Plaintiffs who worked in Michigan minimum wage for all hours worked, and failing to properly calculate overtime payments under the Michigan Wage Laws.

291.     Defendants' conduct in failing to pay Plaintiffs who worked in Michigan properly was willful and was not based upon any reasonable interpretation of the law.

292.     As a result of Defendants' unlawful conduct, Plaintiffs who worked in Massachusetts have suffered damages as set forth herein.

<u>**COUNT XIII**</u>
<u>**NEW HAMPSHIRE WAGE LAWS**</u>

293.     The foregoing paragraphs are incorporated herein as if set forth in full.

294.     At all times relevant herein, Defendants have and continue to be employers within the meaning of the New Hampshire Wage Laws.

47

295.    At all times relevant herein, Defendants were responsible for paying wages to Plaintiffs.

296.    At all times relevant herein, Plaintiffs employed in Connecticut were employed with Defendants as "employees" within the meaning of the New Hampshire Wage Laws.

297.    Under the New Hampshire Wage Laws, an employer must pay an employee at least one and one half times his or her base rate for each hour worked in excess of forty hours per workweek and further must pay employees all wages due for work performed.

298.    Defendants' violations of the New Hampshire Wage Laws include, but are not limited to, failing to pay Plaintiffs who worked in New Hampshire for time worked on pre-shift and post-shift activities, failing to pay Plaintiffs who worked in New Hampshire minimum wage for all hours worked, and failing to properly calculate overtime payments under the New Hampshire Wage Laws.

299.    Defendants' conduct in failing to pay Plaintiffs who worked in New Hampshire properly was willful and was not based upon any reasonable interpretation of the law.

300.    As a result of Defendants' unlawful conduct, Plaintiffs who worked in Massachusetts have suffered damages as set forth herein.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiffs, on behalf of themselves and all members of the Nationwide FLSA Collective Action and the State Law Claims, pray for relief as follows:

A.    Designation of this action as a collective action on behalf of the Nationwide FLSA Collective Plaintiffs (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-In Class, apprising them of the

pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.      Lost overtime wages and improperly deducted wages and overtime, to the fullest extent permitted under the law;

C.      Liquidated damages, prejudgment interest, and monetary penalties to the fullest extent permitted under the law;

D.      Litigation costs, expenses, and attorney's fees to the fullest extent permitted under the law; and

E.      Such other and further relief as this Court deems just and proper; and

F.      A trial by jury.

**WHEREFORE**, the State Law Claims Representatives, on behalf of themselves and all members of the State Law Claims classes they seek to represent, pray for relief as follows:

A.      Certification of this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the proposed State Law Claims Classes;

B.      Appropriate equitable and injunctive relief to remedy Defendant's violations of state law, including but not necessarily limited to an injunction prohibiting Defendant from engaging in future violations;

C.      Lost overtime wages, improperly deducted wages, and overtime, to the fullest extent permitted under the law;

D.      Liquidated damages, prejudgment and post-judgment interest, and any other monetary penalties to the fullest extent permitted under the law;

E.      Litigation costs, expenses, and attorneys' fees; and

F.      Such other and further relief as this Court deems just and proper; and

G.    A trial by jury.


(*Signature on next page*)



                                        Respectfully Submitted,

                                        */s/*_____
                                        Justin L. Swidler, Esq.
                                        Richard S. Swartz, Esq.
                                        Joshua S. Boyette, Esq.
                                        Daniel A. Horowitz, Esq.
                                        **SWARTZ SWIDLER, LLC**
                                        1101 Kings Highway N, Ste. 402
                                        Cherry Hill, NJ 08034
                                        Telephone: (856) 685-7420
                                        Facsimile: (856) 685-7417
                                        E-mail: jswidler@swartz-legal.com
                                        E-mail: rswartz@swartz-legal.com
                                        E-mail: jboyette@swartz-legal.com
                                        E-mail: dhorowitz@swartz-legal.com


Dated: