IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALEX REINIG, KEN GRITZ, BOB SODA,
MARY LOU GRAMESKY, PETER WILDER
SMITH, WILLIAM KINSELLA, DANIEL
KOLENDA, VALERIA DAL PINO,
AHMAD NAJI, ROBERT PEDERSON,
TERESA FRAGALE, and DAVID
HOWARD,

15cv1541
**ELECTRONICALLY FILED**

        Plaintiffs,

        v.

RBS CITIZENS, N.A.,

        Defendant.

**MEMORANDUM ORDER ADOPTING REPORTS AND RECOMMENDATIONS**

Pursuant to Rule 53 of the Federal Rules of Civil Procedure and by stipulation of the Parties, Special Master David R. Cohen was appointed to file Reports and Recommendations concerning summary judgment, class action certification, and collective action decertification. *See* Fed. R. Civ. P. 53; Doc. No. 82; and Doc. No. 86.

In this lawsuit, Plaintiffs allege that Defendant Citizens Bank, N.A. (referred to as "RBS Citizens" in the Amended Complaint[1]) failed to pay Mortgage Loan Officers ("MLOs") all compensation due 1) by devising a compensation plan whereby commission payments are calculated by subtracting the hourly wages of the MLO from the "gross commissions" (referred to as the "Recapture Claims"), and 2) by maintaining an "unofficial policy" to discourage MLOs

---

[1] The Special Master and Parties refer to the Amended Complaint, doc. no. 85. Plaintiffs have recently received leave to file a Second Amended Complaint that adds no legal theories or operative facts, but merely substitutes two opt-in Plaintiffs as Named Plaintiffs for the Massachusetts and New York subclasses. Doc. No. 208. For ease of reference, the Court will also refer to the Amended Complaint.

from fully reporting overtime hours worked (the "off-the-clock" claims). Doc. No. 85. Plaintiffs seek relief under the Fair Labor Standards Act ("FLSA") and corresponding state laws[2] for themselves and all those similarly situated pursuant to Section 216(b) of the FLSA and Federal Rule of Civil Procedure 23. *Id.*

In May 2016, the Court conditionally certified this action under Section 216(b) of the FLSA. Doc. No. 57. Approximately 350 plaintiffs have since opted-in to this FLSA collective action. *See* Doc. No. 112, p. 11. Pending before the Court are:

- Plaintiffs' motion for class certification, doc. no. 110;
- Defendant's motion to decertify the FLSA collective action, doc. no. 111;
- Plaintiff's motion for partial summary judgment on the Recapture Claims, doc. no. 106; and
- Defendant's motion for summary judgment, doc. no. 113.

The Special Master made the following recommendations:

- GRANT Plaintiffs' motion for class certification of the state-law Recapture Claims;
- GRANT final certification of Plaintiffs' FLSA Recapture Claims (by DENYING Defendant's motion to decertify the collective action for those claims);
- DENY Plaintiffs' motion for partial summary judgment on the Recapture Claims;
- GRANT Defendant's motion for summary judgment on the Recapture Claims;
- GRANT final certification of Plaintiffs' FLSA off-the-clock claims;
- GRANT Plaintiff's motion for class certification of Plaintiffs' state-law off-the-clock claims; and
- DENY Defendant's motion for summary judgment on the off-the-clock claims, except that the motion should be (1) granted with respect to plaintiffs Grametsy, Smith, Dal Pino, and Kinsella for claims that accrued prior to February 4, 2014 because such claims were released by those individuals; and (2) granted with respect to any state-law claims that accrued prior to the applicable state-law statute of limitations as set forth in Defendant's chart at Doc. No. 123-35[3].

---

[2] The state law subclasses are for Pennsylvania, Connecticut, New York, Massachusetts, Rhode Island, Illinois, Michigan, New Hampshire, North Carolina, and Ohio. Doc. No. 85, *see also* Doc. No. 179, pp. 7-8 (Special Master discussing proposed subclasses).

[3] The Special Master refers to Doc. No. 117-3, however, that document is redacted on the ECF system. The chart referred to is filed under seal at Doc. No. 123-35.

2

*See* Doc. No. 179 and Doc. No. 180.

The Court has considered the Special Master's Reports, doc. no. 179 and doc. no. 180, the Parties' objections to the reports, doc. no. 202 and doc. no. 212, and has reviewed the motions at issue *de novo*. For the following reasons, the Court will adopt the Special Master's Reports and Recommendations as the opinions of the Court and will rule on the motions as stated above.

## I. Plaintiff's Objections to the First Report Regarding Recapture Claims (Doc. No. 212)

Plaintiffs object to the Special Master's recommendation that summary judgment be granted in favor of Defendant regarding the Recapture Claims. Doc. No. 212. Plaintiffs agree that there are no material facts in dispute regarding the Recapture Claims. *Id.* at p. 2. The crux of Plaintiffs' objection to the Special Master's recommendation is their disagreement over whether Defendant paid MLOs regular and overtime wages "free and clear" without a "kick-back" to the employer. *See* Doc. No. 212, citing 29 C.F.R. § 531.35.

The Special Master thoroughly analyzed Citizen Bank's MLO compensation plans ("Comp-Plans"). The basis for the Special Master's conclusion that the Comp-Plans do not violate the FLSA or analogous state-law claims is that the formula set forth in the Comp-Plans, although complicated, guarantees payment of all straight-time and overtime wages earned by MLOs and provides additional commission payments. Doc. No. 179, pp. 9-18. The plain language of the MLO Comp-Plans state that commissions are not earned until Gross Commissions, calculated by applying basis points to an MLOs closed loan amounts, exceed the MLOs base guaranteed compensation. *Id.* Although this scheme could result in a "running and accumulating deficit owed to Defendants under the Comp-Plans[,]" as argued by Plaintiffs, any

3

deficit that "carried over" into a subsequent pay period was not deducted from the MLOs regular hourly rate or overtime rate for reported hours, it was deducted from future Gross Commissions. Further, when commissions were earned by MLOs under this plan, the commission amount was properly included in a determination of the MLOs regular rate for the purpose of paying additional overtime compensation for hours reported by the MLO. *Id.*

Accordingly, the Court agrees that Citizens Banks' MLO Comp-Plans do not violate the FLSA and analogous state-laws as alleged by Plaintiffs and that summary judgment in favor of Defendant as to these claims is appropriate.

## II. Defendant's Objections to Portions of the Special Master's Second Report Regarding Certification Motions and Motion for Summary Judgment as to Off-the-Clock Claims ([Doc. No. 202](Doc. No. 202))

Defendant only objects to the Special Master's recommendations concerning certification of Plaintiffs' state-law subclasses under Rule 23 and final certification of Plaintiffs' nation-wide collective action under Section 216(b) of the FLSA for Plaintiffs' off-the-clock claims. [Doc. No. 202](Doc. No. 202). Defendant's argument that Plaintiffs have failed to establish adequacy and typicality concerning Plaintiffs' New York and Massachusetts subclasses has been addressed by the Court's Order granting leave for Plaintiffs to file a Second Amended Complaint to substitute opt-in Plaintiffs to serve as Named Plaintiffs and class representatives for those subclasses. [Doc. No. 206](Doc. No. 206).

Defendant's argument that the opt-in and Named Plaintiffs are not similarly situated to support final certification of the FLSA collective action under Section 216(b) is without merit. As the Special Master details, the MLOs share the same job description with similar (if not identical) job duties, are paid pursuant to the same compensation plan(s), are subject to the same

4

policies, and assert the same claims for unpaid off-the-clock overtime wages in this lawsuit. Doc. No. 180, p. 32.

The remainder of Defendant's arguments are procedural and regard matters within the sound discretion of the District Court to manage litigation before it. *See* Fed. R. Civ. P. 16. Trial of a single issue regarding Plaintiffs' FLSA off-the-clock claims is scheduled to commence, and will commence, on September 25, 2017. This in no way interferes with the state subclasses right to receive notice of the pending state-law claims and to opt-out of the action if they so choose.

### III. Conclusion

Accordingly, the Court hereby ADOPTS the Special Master's Reports and Recommendations, Doc. No. 179 and Doc. No. 180 as the opinions of the Court and rules on the pending motions as follows:

- The Court GRANTS Plaintiffs' Motion for Class Certification, Doc. No. 110;

- the Court DENIES Defendant's Motion to Decertify the FLSA Collective Action, Doc. No. 111 and hereby finally certifies the FLSA collective action;

- the Court DENIES Plaintiffs' Motion for Partial Summary Judgment, Doc. No. 106; and

- the Court GRANTS IN PART and DENIES IN PART Defendant's Motion for Summary Judgment, Doc. No. 113, as described herein.

SO ORDERED, this 22nd day of August, 2017

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge