IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEX REINIG, KEN GRITZ, BOB SODA, MARY LOU GRAMESKY, PETER WILDER SMITH, WILLIAM KINSELLA, DANIEL KOLENDA, VALERIA DAL PINO, AHMAD NAJI, ROBERT PEDERSON, TERESA FRAGALE, and DAVID HOWARD,<br><br>       Plaintiffs,<br><br>       v.<br><br>RBS CITIZENS, N.A.,<br><br>       Defendant. | 15cv1541<br>**ELECTRONICALLY FILED** |

**MEMORANDUM ORDER ON MOTIONS IN LIMINE**

Trial of a single issue related to the Fair Labor Standards Act ("FLSA") claim remaining in this matter is set for September 25, 2017. Doc. No. 65. The Parties have filed Motions in Limine, and the Court makes the following rulings:

I. **PLAINTIFFS' MOTIONS IN LIMINE**

In their omnibus motion, Plaintiffs include six (6) motions in limine. Doc. No. 183. The Court has reviewed the motion, doc. no. 183, brief in support, doc. no. 189, and Defendant's brief in opposition, doc. no. 195.

As an initial matter, Defendant challenges Plaintiffs' omnibus motion on procedural grounds, and requests that the Court strike the motion for failing to confer with Defendant and filing the required certification that a reasonable effort was made to resolve issues raised by the motion and for filing an eight-page (Defendant alleges it is nine pages) brief in support, which they claim exceeds the five-page limit set for motions in limine by the Pretrial Order, doc. no.

65. Doc. No 195, p. 2 *citing* LCvR 16.1.C.4.  Although filing an eight-page brief in support of six motions in limine is not a serious infraction, as Defendant correctly points out, this Court previously admonished Plaintiffs' Counsel for failure to confer in an attempt to resolve disputes pursuant to LCvR 16.1.C.4 in a similar FLSA class action. *See Bland v. PNC Bank*, Doc. No. 347, 15cv1042 (W.D. Pa.).

The Court will decline to take the drastic measure of striking Plaintiffs' omnibus motion in its entirety.  However, the Court will remind Plaintiffs' Counsel of their obligation to follow the Local Rules of the Western District of Pennsylvania and the Practices and Procedures of this Court and warn that further disregard of the rules of the Court could result in some form of sanction.

### 1. Motion in Limine to Exclude "Cherry Picked" Interrogatory Responses

Plaintiffs seek to preclude Defendant from introducing a selection of responses to interrogatories without being required to introduce the remaining interrogatory responses pursuant to Fed. R. Evid. 106 and the common law "rule of completeness." Doc. No. 189. Federal Rule of Evidence 106 provides that "[i]f any party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time."

Defendant argues that Plaintiffs have not shown how the proposed complete interrogatory responses, which are hearsay, would be permissible or would provide clarification to those responses which Defendant intends to introduce. Doc. No. 195.

The Court will DENY Plaintiffs' first motion in limine.  Federal Rule of Evidence 106 does not mean that an entire writing is automatically admissible whenever part of it is

introduced.  *See* Saltzburg, *Federal Rules of Evidence Manual* § 106.01[1] at 106-4 (11th Ed. 2015).  Defendant will be permitted to introduce the interrogatory responses without being required to introduce the responses to all interrogatories.  However, this ruling does not limit Plaintiffs from presenting their own witnesses and admissible evidence by direct or cross-examination to clarify or provide context to the responses to the interrogatories presented by Defendant.

*2. Motion in Limine to Preclude Lance Fultz from Testifying at Trial*

Plaintiffs seek to preclude Defendant from calling Lance Fultz as a witness because Defendant allegedly failed to disclose Fultz as a witness pursuant to Fed. R. Civ. P. 26.  Defense Counsel acknowledges that Fultz's name was not included with the initial disclosures, but argues that disclosure of information is required only if "the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).  Plaintiffs themselves referred to Fultz in depositions, responses to interrogatories, and in pleadings.  Under these circumstances, Plaintiffs cannot argue that Fultz's inclusion on Defendant's witness list for trial is a surprise or that his inclusion will prejudice Plaintiffs, disrupt the orderly trial of the case, or is the result of Defendant's bad faith.  *See Nicholas v. Penn State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000).  Accordingly, Plaintiffs' second motion in limine is DENIED.

*3. Motion in Limine to Preclude Defendant from Introducing Evidence or Referring to the Total Annual Compensation and Total Commissions Earned by Plaintiffs*

Plaintiffs seek to preclude Defendant from introducing evidence regarding the total annual compensation and total commissions earned by mortgage loan officers ("MLOs"), because such information is irrelevant and would be more prejudicial than probative.  The Court agrees that evidence of any MLOs total annual compensation or commissions is irrelevant to

3

whether or not Defendant had a policy or practice that cause MLOs to not report overtime hours worked and Defendant will be precluded from offering such evidence. Accordingly, Plaintiffs' third motion in limine is GRANTED.

> *4. Motion in Limine to Preclude Defendant from Introducing Evidence or Referring to Performance Issues of Plaintiffs Unless it Involved Attendance, Timekeeping, Overtime Usage, or Commission Deficits*

Plaintiffs seek to preclude Defendant from introducing evidence regarding performance issues of any of the Plaintiffs, unless the issue involved attendance, timekeeping, overtime usage, or commission deficits. The Court agrees that other types of performance issues would be irrelevant to whether or not Defendant had a policy or practice that caused Plaintiffs to not report all hours worked and therefore GRANTS Plaintiffs' fourth motion in limine.

> *5. Motion in Limine to Preclude Defendant's Expert from Testifying about Statistical Variances Between Overtime Reported at Different Locations*

Plaintiffs seek to preclude Defendant's Expert from offering opinion testimony that "the number of weeks that included recorded overtime and the average number of recorded overtime hours differ significantly across MLOs, time periods, and work locations." Doc. No. 189, p. 6. Plaintiffs argue that Defendant's Expert failed to provide any underlying data to support this conclusion and did not set forth supporting evidence in his report. Doc. No. 189, pp. 6-7. Defendant counters that Plaintiffs have not properly challenged the Expert's qualifications and that they have not shown that the Expert's methods are unreliable.

The Court finds that this dispute regarding Defendant's Expert's testimony is best addressed through cross-examination or through other evidence offered by Plaintiffs, followed by evaluation by the Jury. *See Argue v. David Davis Enterprises, Inc.*, 2008 WL 450097 (E.D. Pa. Feb. 15, 2008). Accordingly, the Court DENIES Plaintiffs' fifth motion in limine.

6. *Motion in Limine to Preclude Defendant's Expert from Testifying the Plaintiffs' Estimates of Off-the-Clock Work is Unrealistic Based on Overtime Hours Recorded by MLOs*

Additionally, Plaintiffs seek to preclude Defendant's Expert from testifying about his conclusions regarding Plaintiffs' estimates of the off-the-clock work done by MLOs. Doc. No. 189. Again, Plaintiffs' disagreement with the opinions of Defendant's Expert should be addressed through cross-examination and by evidence offered by Plaintiffs, followed by evaluation by the Jury. For the same reasons as stated in the Court's denial of Plaintiffs' fifth motion in limine, Plaintiffs' sixth motion in limine is DENIED.

## II. DEFENDANT'S MOTIONS IN LIMINE

Defendant's omnibus motion includes seven (7) motions in limine. Doc. No. 185. The Court has reviewed the motion, doc. no. 185; brief in support, doc. no. 188; and Plaintiffs' response in opposition, doc. no. 190, and makes the following rulings:

   1. *Motion in Limine to Exclude any Evidence or Comments by Counsel Relating to Defendant's Conduct During Discovery*

Plaintiffs indicate in their response that they consent to this motion, and therefore Defendant's first motion in limine is GRANTED.

   2. *Motion in Limine to Exclude any Reference to Citizens' Number of Employees, Financial Resources, Financial Performance, or any Aspect of Citizens' Financial Condition*

Defendant seeks to preclude Plaintiffs from making reference to the number of individuals employed by Defendant, and to any aspect of Defendant's financial condition or resources. Plaintiffs respond that Defendant's number of employees and the size of the financial institution is relevant to the issue to be decided - - whether Defendant had a policy or practice that caused MLOs to not report all hours worked, and broadly argue that Defendant's size and

financial condition are relevant to the types of resources Defendant has to impose companywide policies and otherwise manage human resources issues.

Because, as Defendant has argued in other pleadings, Plaintiffs must show that any policy or practice causing MLOs to not report all hours worked was *companywide*, the size of Citizens Bank is relevant to the issue to be tried. However, Citizens' financial resources, performance, or condition is not relevant. Accordingly, Defendant's second motion in limine is GRANTED IN PART AND DENIED IN PART. Plaintiffs shall be precluded from making reference to Citizens' financial condition, but they may introduce evidence regarding the number of employees.

3. *Motion in Limine to Exclude any Reference to Settlement Negotiations*

Plaintiffs indicate in their response that they consent to this motion, and therefore Defendant's third motion in limine is GRANTED.

4. *Motion in Limine to Exclude any Mention of any Other Litigation Against Citizens*

Defendant seeks to preclude Plaintiffs from offering any evidence regarding other litigation against Citizens. Plaintiffs respond that they intend to present evidence of three types of litigation against Citizens: (1) evidence regarding the FLSA class action *Ginter v. RBS Citizens* (S.D. Oh.), as it relates to Citizens changing its policies regarding overtime pay for MLOs following the litigation; (2) evidence of proceedings before the Consumer Financial Protection Bureau ("CFPB") to show Citizens' "dishonest and deceptive conduct" as character evidence pursuant to Fed. R. Evid. 608; and (3) evidence of the Royal Bank of Scotland's (RBS's) criminal conviction resulting from a guilty plea by the financial institution to violations of the Sherman Antitrust Act in 2015 pursuant to Fed. R. Evid. 609. Doc. No. 190.

The Court will GRANT IN PART AND DENY IN PART Defendant's fourth motion in limine. Plaintiffs shall be permitted to refer to the *Ginter* litigation and to present evidence that relates to how and/or why Citizens changed its policies regarding overtime pay for MLOs following the litigation because such evidence is relevant to whether or not Citizens has a policy or practice that caused MLOs to not report all hours worked. Plaintiffs shall be precluded from offering evidence of the proceedings before the CFPB. Evidence regarding Citizens' stipulation that it engaged in deceptive, unlawful acts that harmed consumers is likely to be more prejudicial than probative at trial. Plaintiffs shall also be precluded from offering evidence related to the Royal Bank of Scotland's criminal conviction and guilty plea. The Royal Bank of Scotland is not a party in this action, and said evidence also is irrelevant to the issue to be tried.

5. ***Motion in Limine to Preclude Dr. Speakman from Presenting any Summary Evidence or Improper "Expert" Witness Testimony Concerning Alleged Overtime Damages***

Defendant seeks to preclude Dr. Speakman from presenting summary evidence of voluminous records including the hours worked by MLOs, how MLOs reported time to Citizens, pay data, and data regarding work-related tasks because his status as Plaintiffs' Expert Witness may confuse the Jury.

Although Plaintiffs have designated Dr. Speakman as an expert witness for the purpose of offering opinion testimony regarding damages, doc. no. 155, damages are not at issue in the upcoming trial. Plaintiffs state that they intend to call Dr. Speakman as a summary witness regarding liability evidence pursuant to Fed. R. Evid. 1006. *See* Doc. No. 155 and Doc. No. 190. Accordingly, Defendant's fifth motion in limine is DENIED. Plaintiffs may present Dr. Speakman as a summary witness. *See also Bland v. PNC*, Doc. No. 347, 15cv1541 (W.D. Pa.).

6. ***Motion in Limine to Preclude Plaintiffs from Introducing "Representative" Evidence of Liability and Damages***

Defendant seeks to preclude Plaintiffs from offering "representative" evidence of liability and damages, citing a concern that the eight (8) MLOs Plaintiffs have identified as witnesses will not offer testimony that is representative of the entire group of 351 opt-in plaintiffs. [Doc. No. 185](). Plaintiffs argue that Defendant's motion is vague as it does not identify the testimony or evidence that should not be permitted, and further provides that representative evidence is permissible in FLSA collective actions.

The Court will DENY Defendant's sixth motion in limine. The Court agrees that Defendant's motion is vague and further finds that it is appropriate for Plaintiffs to choose representative MLOs to present their case - - just as Defendant has chosen which interrogatory responses from which MLOs to use to present their case. *See* Section I.1., *supra*.

7. ***Motion in Limine to Preclude Plaintiffs from Calling Certain Witnesses at Trial***

Defendants seek to prevent Plaintiffs from calling several witnesses they contend were not properly disclosed on Plaintiffs' witness list. [Doc. No. 185](). Plaintiffs respond that the witnesses were included in Plaintiffs' Pretrial Statement, [doc. no. 155](), which was specifically incorporated into Plaintiffs' Supplemental Witness Designations, [doc. no. 178](), and that, in any event, undisclosed witnesses may be called for purposes of impeachment. [Doc. No. 190]().

The Court finds that Plaintiffs properly identified the potential witnesses for trial and will DENY Defendant's seventh motion in limine.

**III.    CONCLUSION**

The Parties shall confer and file a joint notice by August 30, 2017, indicating to the Court which exhibits on the Amended Exhibit List, [doc. no. 222](#), if any, are to be excluded pursuant to this Order.

                                      SO ORDERED, this 28th day of August, 2017,

                                      s/Arthur J. Schwab
                                      Arthur J. Schwab
                                      United States District Judge