IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALEX REINIG, et al.,

       Plaintiffs,                15cv1541

                                        **ELECTRONICALLY FILED**

       v.

RBS CITIZENS, N.A.,

       Defendant.

**MEMORANDUM ORDER DENYING DEFENDANT'S
MOTION FOR PARTIAL MODIFICATION OF ORDER SETTING
STATUS/SETTLEMENT CONFERENCE (DOC. NO. 225) WITHOUT PREJUDICE**

     By Order Setting Status/Settlement Conference dated August 21, 2017, doc. no. 210, the Court ordered as follows:

> IT IS HEREBY ORDERED that a status/settlement conference shall be held in the above-captioned matter on September 13, 2017 at 9:30 AM in Courtroom 7C, 7th Floor, United States Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania. This date and time is the same as the scheduled Preliminary Pretrial Conference. See Doc. No. 65.
>
> All Counsel for Plaintiffs and all Named Plaintiffs and/or Opt-in Plaintiffs who are necessary for settlement of the entire case shall attend in person. Lead Trial Counsel for Defendant; Chairman and Chief Executive Officer of Citizens Financial Group, Inc.; and General Counsel of Citizens Financial Group, Inc. shall attend in person.

     Now, Defendant has moved to excuse Citizens' Chairman and Chief Executive Officer, Bruce Van Saun, from said September 13, 2017 conference, arguing that previously scheduled meetings of Citizens' Board of Directors are set to take place in Boston, MA on September 13 and 14, 2017, and that rescheduling those meetings would impose a significant hardship on Mr. Van Saun, the board members, and Citizens. Doc. No. 225. Citizens proposes to send Christopher Nard, President of Citizens' Home Mortgage business in place of Mr. Van Saun, and

represents that Mr. Nard and General Counsel, Stephen T. Gannon, will come to the status/settlement conference and mediation with full negotiation and settlement authority. *Id.*

Unfortunately, the Court does not have confidence in this representation. Previously, this Court has scheduled an earlier status/settlement conference, *see* doc. no. 156, as follows:

> IT IS HEREBY ORDERED that a status/settlement conference shall be held in the above-captioned matter on July 26, 2017 at 9:30 AM in Courtroom 7C, 7th Floor, United States Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania.
>
> All Counsel for Plaintiffs and all Named Plaintiffs and/or Opt-in Plaintiffs who are necessary for settlement of the entire case shall attend. Lead Trial Counsel for Defendant, General Counsel for Defendant, and ***all corporate executives necessary for settlement shall attend***. By July 21, 2017, the Parties shall file notices to the Court identifying the individuals, by name and title, who will attend the conference as described above, and detailing why they are the correct persons to satisfy compliance with this Order.
>
> (emphasis added.)

In response, Counsel for Defendant represented as follows:

> Pursuant to the Court's Order Setting Status/Settlement Conference dated June 29, 2017 (Dkt. No. 156), Defendant Citizens Bank, N.A. (incorrectly sued as RBS Citizens, N.A., and hereinafter referred to as "Citizens") hereby identifies Neil S. Rosolinsky as the individual who will serve as Citizens' corporate representative at the Status/Settlement Conference now scheduled for July 28, 2017, and at the mediation scheduled to commence later that same day.
>
> Mr. Rosolinsky is an attorney and the Executive Vice President and Deputy General Counsel, Litigation & Employment, for Citizens Financial Group, Inc. Mr. Rosolinsky and those who report to him are responsible for overseeing all bank litigation for Citizens, including all employment and non-employment litigation, as well as regulatory enforcement actions and inquiries. Mr. Rosolinsky is a member of Citizens' Executive Leadership Group and the Legal Department's Executive Leadership Team, and an active participant with the HR Department's Executive Leadership Team. Mr. Rosolinsky has previously served as a corporate representative for Citizens and its predecessors or affiliates in

2

> connection with numerous mediations, including mediations involving FLSA collective/class actions filed in federal district courts in California, Illinois, Massachusetts, New York, Pennsylvania and Rhode Island.
>
> Mr. Rosolinsky is aware of and has reviewed the Court's June 29 Order (Dkt. No. 156), as well as the Court's Text Order of July 13, 2017 (Dkt. No. 165), regarding the Status/Settlement Conference and Mediation.

It became clear to the Court during said earlier settlement conference on July 28, 2017, and at the mediation session the following day, that Mr. Rosolinsky did not have sufficient settlement authority to settle the case. In fact, he had only about 10% of the authority "necessary for settlement." While Defendant was not required to settle the case at the July 28-29, 2017 settlement conference/mediation, Defendant was ordered to have "all corporate executives necessary for settlement . . . " Doc. No. 156.

Thus, to ensure that said corporate executives are present at the upcoming settlement conference/mediation, the Court specifically listed the required attendees by title.

Therefore, said Motion, doc. no. 225, is DENIED WITHOUT PREJUDICE. Defendant may refile the motion with the representation that Mr. Nard and Mr. Gannon will have authority to settle the case at a minimum amount of $10 Million, without being required to contact anyone else during negotiations.

Defendant is, of course, not required to settle the case at this settlement conference/mediation or at any other time, but the individuals attending must have full settlement authority and must be able to make decisions without consulting anyone else.

SO ORDERED, this 29th day of August, 2017,

s/Arthur J. Schwab\_\_\_\_\_
Arthur J. Schwab
United States District Judge