UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEX REINIG, KEN GRITZ, BOB SODA, MARY LOU GRAMESKY, PETER WILDER SMITH, WILLIAM KINSELLA, DANIEL KOLENDA, VALERIE DAL PINO, AHMAD NAJI, ROBERT PEDERSEN, TERESA FRAGALE, MARK ROSS, DANIEL JENKINS, and DAVID HOWARD,<br><br>                    Plaintiffs,<br>         v.<br><br>RBS CITIZENS, N.A.,<br><br>                    Defendant. | Civil Action No. 2:15-cv-01541-AJS<br><br>**ELECTRONICALLY FILED** |

## JOINT NOTICE OF REVISIONS TO EXHIBIT LIST BASED ON THE COURT'S RULINGS ON PARTIES' MOTIONS *IN LIMINE*

The parties hereby submit this Joint Notice of changes to the Joint Exhibit List based on the Court's rulings on the Parties' Motions *in Limine*. The parties agree that D-7 and D-8 should be excluded based on the Court's granting Plaintiffs' Third Motion in Limine. Plaintiffs propose that P-17 and P-18, paystubs, be redacted to remove cumulative earnings amount based on the Court's granting Plaintiffs' Third Motion in Limine. Defendant Citizens Bank, N.A. (incorrectly named as RBS Citizens, N.A. and hereinafter referred to as "Citizens") objects to such redaction because the amounts in the cumulative earnings columns do not equate to "total annual compensation" nor "total annual incentive compensation," which is the subject of Plaintiffs' Third Motion in Limine.

Plaintiffs further propose that D-5 which reflects total overtime compensation paid to MLOs in the collective action be redacted to only show total overtime hours reported and paid, not the **amount** of money paid, pursuant to the Court's granting Plaintiffs' Third Motion in

Limine. Citizens objects to such redaction because the amounts displaced are neither "total annual compensation" nor "total annual incentive compensation." Further, Citizens maintains that this redaction would prejudice Citizens because the amount of overtime paid to MLOs is relevant and probative to show a lack of a common policy or practice that caused MLOs to not record all hours worked. The data demonstrating overtime hours MLOs recorded and for which they were paid makes it less probable that any alleged unwritten policy or practice exists, or that such unwritten policy or practice caused MLOs to not record their hours worked.

Plaintiffs also request that an exhibit that Plaintiffs' inadvertently left off the Final Joint Exhibit List related to the *Ginter* settlement be added as P-27. Citizens does not believe that this exhibit (i.e., the settlement papers themselves) has any probative value and, given the limited time for trial, the parties can confer and submit stipulations to relevant portions of the settlement that they may not be able to obtain through live testimony or designations.

### A. EXHIBITS PARTIES AGREE SHOULD BE REMOVED

**1. D-7 – Rule 1006 Summary of Annual Incentive Compensation (for 351 members of collective)**

**Joint Position:** The parties agree that the Court's ruling on Plaintiffs' Third Motion in Limine requires excluding this exhibit.

**2. D-8 – Rule 1006 Summary of Annual Total Compensation (for 351 members of collective)**

**Joint Position:** The parties agree that the Court's ruling on Plaintiffs' Third Motion in Limine requires excluding this exhibit.

### B. EXHIBITS PLAINTIFFS PROPOSE SHOULD BE REDACTED

#### 3. P-17 – Opt-In Plaintiff Paystubs

**Plaintiffs' Position:** These paystubs contain a column in earnings that reflects YTD earnings. During the latter months of a given year, these figures will reflect figures extremely close to the total annual compensation. Plaintiffs propose to redact the figures in the YTD earnings column for the various components of pay (i.e., regular, overtime, and commission) so that the jury is not given information from which it could readily and easily deduce a particular MLO's total annual compensation. While total YTD hours recorded for Regular Pay and Overtime Pay will not be redacted, the amount of earnings for those categories will be redacted.

**Defendant's Position:** Citizens disagrees that any redactions need to be made to the paystubs as they do not contain "total compensation" or "total incentive compensation" figures, which the Court excluded. Instead, Citizens maintains that all information pertaining to overtime must remain on the paystubs, including hours and dollar figures regarding the same. Citizens maintains that any pay related to overtime is relevant and probative to show a lack of a common policy or practice that caused MLOs to not record all hours worked. The data demonstrating overtime hours MLOs recorded and for which they were paid makes it less probable that any alleged unwritten policy or practice exists, or that such unwritten policy or practice caused MLOs to not record their hours worked.

#### 4. P-18 – Named Plaintiff Paystubs

**Plaintiffs' Position:** Plaintiffs propose to make the same redactions to P-18-Named Plaintiff Paystubs as they propose to make to P-17–Opt-In Plaintiff Paystubs.

**Defendant's Position:** Citizens maintains the same position with respect to P-18 as P-17 and incorporates its response to the same.

5. **D-5 – Rule 1006 Summary of Total Overtime Hours Worked and Paid During Relevant Period (for 351 members of collective)**

**Plaintiffs' Position:** Defendant's summary exhibit contains the total amount paid for overtime hours for the Collective Action Plaintiffs. As a component of total annual compensation, Plaintiffs believe that disclosing this figure to the jury is barred by the Court's ruling on Plaintiffs' Third Motion in Limine, and Defendant's exhibit should be revised to exclude this figure.

**Defendant's Position:** Citizens maintains that D-5 does not contain "total compensation" and "total incentive compensation" – it contains information solely pertaining to overtime, which is directly on point with the issue to be tried in September. Therefore, D-5 should not be excluded. Indeed, the overtime pay is relevant and probative to show a lack of a common policy or practice that caused MLOs to not record all hours worked. The data demonstrating overtime hours MLOs recorded and for which they were paid makes it less probable that any alleged unwritten policy or practice exists, or that such unwritten policy or practice caused MLOs to not record their hours worked.

C. **EXHIBIT PLAINTIFFS PROPOSE SHOULD BE ADDED TO THE JOINT EXHIBIT LIST**

**Plaintiffs' Position:** On an initial Joint Exhibit List filed as ECF Doc. 214, Defendant listed as D-26 the Settlement Agreement and Order Approving Same in *Ginter v. RBS Citizens, N.A.* However, on the Amended Joint Exhibit List filed on August 25, 2017, Defendant removed same from its exhibits, and Plaintiffs' inadvertently did not add that exhibit to theirs. Based on the Court's partial denial of Defendant's Fourth Motion in Limine, Plaintiffs propose to add the exhibit previously disclosed as D-26 to Plaintiff's Exhibits as P-27. While Plaintiffs will work with Defendants to see if stipulations may allow for the introduction of information related to

*Ginter*, Plaintiffs also wish to preserve their ability to use the *Ginter* Settlement Agreement and Order.

**Defendant's Position:** Given the limited time for trial, these documents are of limited utility and, therefore, need not be included in the exhibit list. Citizens will work with Plaintiffs to stipulate to relevant portions of the *Ginter* filings that the parties wish to have admitted which the parties could not otherwise obtain through testimony of live witnesses and/or designations.

Respectfully Submitted,

| | |
|---|---|
| */s/ Joshua S. Boyette* | */s/Christina T. Tellado* |
| Joshua S. Boyette | Thomas E. Hill (admitted *pro hac vice*) |
| SWARTZ SWIDLER LLC | thill@reedsmith.com |
| 1101 Kings Hwy N., Suite 402 | Christina A. Tellado (PA204246) |
| Cherry Hill, NJ 08034 | ctellado@reedsmith.com |
| Telephone: (856) 685-7420 | REED SMITH LLP |
| Facsimile: (856) 685-7417 | 355 S. Grand Avenue, Suite 2900 |
| | Los Angeles, CA 90071 |
| Counsel for Plaintiffs | Telephone: (213) 457-8000 |
| | Facsimile: (213) 457-8080 |
| | |
| | Gretchen Woodruff Root (PA309683) |
| | groot@reedsmith.com |
| | Robert J. Tyler, III (PA312557) |
| | rtyler@reedsmith.com |
| | REED SMITH LLP |
| | 225 Fifth Avenue |
| | Pittsburgh, PA 15222 |
| | Telephone: (412) 288-3131 |
| | Facsimile: (412) 288-3063 |
| | |
| | Counsel for Defendant |

Dated: August 30, 2017

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, this 30th day of August, 2017, the foregoing Joint Notice of Revisions to Exhibit List Based on the Court's Rulings on Parties' Motions *in Limine* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel indicated on the electronic filing receipt. Parties may access this filing through the Court's ECF system.

></br>
*/s/ Joshua S. Boyette*
Joshua S. Boyette, Esq.