IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALEX REINIG, KEN GRITZ, BOB SODA,
MARY LOU GRAMESKY, PETER WILDER
SMITH, WILLIAM KINSELLA, DANIEL
KOLENDA, VALERIA DAL PINO,
AHMAD NAJI, ROBERT PEDERSON,
TERESA FRAGALE, and DAVID
HOWARD,

15cv1541

**ELECTRONICALLY FILED**

        Plaintiffs,

        v.

RBS CITIZENS, N.A.,

        Defendant.

**MEMORANDUM ORDER RE: RULINGS ON EXHIBITS**

Trial of a single issue in this matter, whether or not Defendant had a policy or practice that caused mortgage loan officers (MLOs) to not report all of the hours they worked, will commence on September 25, 2017. Doc. No. 65. The Parties have filed an Amended Joint Exhibit List, doc. no. 223, indicating their objections to each other's exhibits, and a Joint Notice of Revisions to the Exhibit List based on the Court's Rulings on the Parties' Motions in Limine, doc. no. 227. The Court makes the following rulings on the Parties' objections:

**I. Defendant's Objections to Plaintiffs' Exhibits**

    *1. Compensation Plan Documents*

Defendant objects to P-1, P-2, and P-25, which are all MLO compensation plan documents, as irrelevant and cumulative to and duplicative of JT-4, the 2013 MLO Compensation Plan. P-1, P-2, and P-25 are not identical to JT-4 and are relevant to the issue to be tried. Accordingly, Defendant's objections to P-1, P-2, and P-25 are OVERRULED.

### 2. Mortgage Loan Officer Job Description and Policy Documents

Defendant objects to P-3, the MLO job description, as confusing or misleading, hearsay, and not properly authenticated; and P-7, MLO time management guidelines, as duplicative of a portion of JT-3. Defendant's objections to P-3 are OVERRULED because it is a Citizens business record that has relevant information about the MLOs required work duties and expectations. Defendant's objections to P-7 are SUSTAINED because it is duplicative.

### 3. Emails

Plaintiffs' exhibit P-4 is 210 pages of collected email correspondence between various actors. The Parties seem to agree that P-4 contains 97 separate "parts" and Defendant objected to each part individually. The Court finds that the vast majority of the email correspondence is relevant and admissible and will OVERRULE Defendant's objections, except that the Court will SUSTAIN the objections to: P-4 (6) as that page is entirely redacted; P-4 (7) as irrelevant; P-4 (16) as duplicative; P-4 (28) as duplicative; P-4 (31) and (32) as duplicative; P-4 (45) as duplicative; P-4 (85) as incomplete and lacking foundation as it is unclear from the document whether it was actual email correspondence; and P-4 (91) as incomplete and potentially misleading to the jury.

### 4. Reports and Data

Defendant objects to P-5, a document entitled "Retail LO Sales 2017 Budget Overtime Reviews," which is ostensibly an analysis of MLO overtime use and the related expense for a period of time. Defendant objects that the document is irrelevant, more prejudicial than probative, would confuse the issues or mislead the jury, is hearsay, and lacks proper foundation. The Court finds that the document is a relevant business record and OVERRULES Defendant's objections.

Defendant objects to P-6, an electronic file ostensibly showing hours worked by all class members, as inauthentic and lacking the proper foundation. Plaintiffs respond that the foundation will be shown through the designee witness and that the file was created by Defendant and produced in discovery. Plaintiffs also indicate that P-26 is a summary of P-6 pursuant to Fed. R. Evid. 1006. As indicated in the Court's rulings on the Parties' Motions in Limine, doc. no. 224, Plaintiffs will be permitted to present this summary evidence. P-6, therefore, is cumulative to the summary exhibit and therefore unnecessary for trial. Defendant's objection to P-6 is SUSTAINED and Defendant's objection to P-26 is OVERRULED.

Defendant objects to P-8, a 22-page list of the names of class members with employee identification numbers, as irrelevant. Plaintiff argues that the Class List is necessary to show the size of the class because "[Defendant] will argue [that Plaintiffs'] evidence is too anecdotal." Proffering a list of names does little to refute that argument. The court finds that P-8 is irrelevant and will SUSTAIN Defendant's objection, but Plaintiffs will not be precluded from referencing the size of the class.

P-9 and P-10 are Commission Reports for certain Named Plaintiffs and Opt-In Plaintiffs. Defendant objects to these exhibits as irrelevant, more prejudicial than probative, and inauthentic. Plaintiffs contend that these business records of Citizens are relevant to show hours worked by the MLOs and their production. The Court SUSTAINS the objections to P-9 and P-10 as these documents are irrelevant to the issue for trial.

P-11 and P-12 are work "attendance records" for certain Named Plaintiffs and Opt-In Plaintiffs, showing the hours input into Citizens' timekeeping system. Defendant objects that these documents are cumulative, and inauthentic. The Court OVERRULES Defendant's objections to P-11 and P-12.

Defendant objects to P-14, a summary exhibit of hours worked by certain MLOs pursuant to Fed. R. Evid. 1006.  This objection is OVERRULED.

P-17 and P-18 are paystubs for certain Named Plaintiffs and Opt-In Plaintiffs.  Defendant objects that these documents are cumulative, the Court agrees.  To the extent that the paystubs include relevant information concerning the number of hours reported or worked by any MLOs, that information is included in other exhibits proffered by the Plaintiffs.  Defendant's objections to P-17 and P-18 are SUSTAINED.

P-21 is a voluminous electronic file containing metadata records regarding email correspondence of certain Named Plaintiffs and Opt-In Plaintiffs.  Defendant objects to the introduction of the metadata as being more prejudicial than probative, confusing, misleading, and incomplete as to context.  Defendant also objects that the report is hearsay and cannot be authenticated.  Defendant argues that even if this metadata shows that there is an email at a certain date and time, that does not mean that the email is related to the MLOs work duties.  Plaintiffs argue that the metadata will show hours worked, that the metadata report is a business record, and that the report will be authenticated through testimony or document responses.

The metadata record appears to show the MLO's name, the subject line of an email, the date and time it was sent, and identification of the sender and receiver.  Although the record was made from information transmitted in the course of a regularly conducted activity of Citizens, the Court finds that the metadata record has little probative value relevant to the issue at trial.  This voluminous record, and the introduction of it at trial, will be confusing to the jury, misleading, and waste substantial trial time.  Defendant's objection to P-21 is SUSTAINED.

### 5. *Pleadings and Discovery Responses*

Defendant objects to the introduction of P-13, Plaintiffs' 30(b)(6) deposition notice and exhibits as more prejudicial than probative, hearsay, and not properly authenticated. Plaintiffs respond that 30(b)(6) testimony constitutes admissions of a party and that deposition testimony of a party may be utilized for any purpose. P-13 is not the deposition testimony of the 30(b)(6) designee. The notice was authored by Plaintiffs' counsel, is not relevant to the issue at trial, contain mention of matters relevant to claims and issues not now being tried or which have already been dismissed from this case, and would confuse and mislead the jury. Defendant's objection to P-13 is SUSTAINED.

P-15 and P-16 are interrogatory responses by certain Named Plaintiffs and Opt-In Plaintiffs, which Defendant objects to as hearsay and cumulative. Plaintiffs respond that the interrogatory responses are proffered for unavailable witnesses and because of the constraints of the trial time allocated to each party. Plaintiffs have made no showing that these Named Plaintiffs and Opt-In Plaintiffs will be absent from the trial *and* that Plaintiffs have not been able, by process or other reasonable means, to procure their attendance pursuant to Fed. R. Evid. 804, which provides the exceptions to the hearsay rule when the declarant is unavailable as a witness. Accordingly, Defendant's objections to P-15 and P-16 are SUSTAINED.

P-19 and P-20 are Defendant's Answers to Interrogatories and Responses to Plaintiffs' Requests for Documents. Defendant objects that these exhibits are more prejudicial than probative, hearsay, and not properly authenticated. Defendant's discovery responses are admissions by an opponent party and therefore Defendant's objections to P-19 and P-20 are OVERRULED.

P-22 is reserved by Plaintiffs as "all discovery and depositions designated by Plaintiffs" and P-23 is reserved by Plaintiffs as "all discovery and depositions designated by Defendants." Defendant has objected to both of these categories of documents (even, apparently, its own deposition designations filed at doc. no. 186). These designations are included in the Parties' Joint Stipulations, doc. no. 191, and therefore Defendant's objections to the designations are OVERRULED.

## II. Plaintiffs' Objections to Defendant's Exhibits

Plaintiffs object to D-2, Alex Reinig's offer letter, as to relevance and as more prejudicial than probative, hearsay, and inauthentic. The offer letter contains work expectations including work hours and policies and is relevant to the issue to be tried and Plaintiffs' objection to D-2 is OVERRULED.

Plaintiffs object to D-3, D-5, and D-6, which are summary exhibits showing admissions made by Certain Opt-In Plaintiffs (D-3), total overtime hours worked and paid during the relevant time period (D-5), and a chart showing a summary of the weeks worked by each MLO under 40 hours, at 40 hours, and over 40 hours. Plaintiffs object to these summary exhibits as more prejudicial than probative, inauthentic, hearsay, and incomplete. Additionally, Plaintiffs argue that D-5 should be redacted to exclude compensation amounts paid to MLOs for overtime hours pursuant to the Court's rulings on the Plaintiff's motion in limine concerning MLOs total compensation amounts. Plaintiffs' objections to these summary exhibits are OVERRULED. These are proper summary exhibits for trial. The Court does not agree that D-5 needs to be redacted to remove reference to the amount paid to MLOs for overtime hours, as removing such information may confuse the jury about whether or not MLOs were paid for those hours.

Plaintiffs object to D-4, which are responses by Opt-In Plaintiff Mark Richards to a survey, as more prejudicial than probative, hearsay, inauthentic, incomplete, and privileged. Defendant responds that the document consists purely of factual information relevant to this litigation and bears no designation of privilege, and that privilege was waived as these responses were previously used in this litigation and Plaintiffs failed to claim that the document was privileged until August 24, 2017. The Court OVERRULES Plaintiff's objections to D-4.

By agreement of the Parties, and pursuant to the Court's rulings on Plaintiffs' Motions in Limine, D-7 and D-8 will be excluded. *See* Doc. Nos. 224 and 227.

Plaintiffs object to D-9, Dr. Bronar's Expert Report submitted in rebuttal to Plaintiffs' Damages Expert Report by Dr. Speakman. Plaintiffs argue that Dr. Bronars is limited to offering rebuttal testimony concerning damages, which is not at issue in the upcoming trial. Defendant argues that the report is relevant to show a lack of a common policy or practice that caused MLOs to not record all hours worked. Dr. Speakman will be testifying as a summary witness at trial regarding the hours reported by MLOs. A portion of Dr. Bronars report is relevant to the hours reported by MLOs, and the Court has previously ruled that Dr. Bronars may testify about the MLOs time reporting. Doc. No. 224.

Inclusion of the full report may be very misleading to the jury, particularly those portions that challenge Dr. Speakman's damages calculations - - which are not at issue. Plaintiffs' objection to D-9 is SUSTAINED IN PART. Defendant may submit a revised report from Dr. Bronars by the time of the Preliminary Pretrial Conference, September 13, 2017 at 9:30 a.m., limited to the subjects addressed in Doc. No. 224 - - estimates of MLOs off-the-clock work and statistical variances among MLOs at different locations.

**III. Additional Evidence**

Plaintiffs submit that they intended to include the *Ginter v. RBS Citizens* settlement agreement in the Amended Joint Exhibit List, which Defendant had previously included in the first Joint Exhibit List, but removed from the amendment. Defendant now objects to the inclusion of the settlement agreement. Both Parties assert that they will work to stipulate to relevant portions of the *Ginter* filings for use at trial. The Parties are encouraged to work towards the stipulations and the Court will revisit this issue at the preliminary pretrial conference.

The Parties shall meet with the law clerk in the Jury Room following the Preliminary Pretrial Conference on September 13, 2017 at 9:30 a.m., to remove or redact any exhibits consistent with this Memorandum Order.

SO ORDERED, this 8th day of September, 2017

s/Arthur J. Schwab\_\_\_\_\_
Arthur J. Schwab
United States District Judge