FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEX REINIG, KEN GRITZ, BOB SODA, MARY LOU GRAMESKY, PETER WILDER SMITH, WILLIAM KINSELLA, DANIEL KOLENDA, VALERIA DAL PINO, AHMAD NAJI, ROBERT PEDERSON, TERESA FRAGALE, and DAVID HOWARD, <br><br>  Plaintiffs, <br><br> v. <br><br> RBS CITIZENS, N.A., <br><br>  Defendant. | 15cv1541 <br> **ELECTRONICALLY FILED** |

**MEMORANDUM OPINION AND ORDER RE: RULING ON DEFENDANT'S RENEWED MOTION TO DECERTIFY THE FLSA COLLECTIVE ACTION (DOC. NO. 268)**

**I.      Procedural Background**

This Court previously certified Plaintiffs' collective action pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA") on May 3, 2016. Doc. No. 57. Thereafter, approximately 350 Plaintiffs opted-in to the FLSA collective action between May of 2016 and August of 2017. *See* Doc. No. 112 at 11 (stating 351 individuals opted in); Doc. No. 176 (stating 347 individuals opted in).

Defendant filed a Motion to Decertify the FLSA Collective Action on April 11, 2017. Doc. No. 111. This Court denied the Motion to Decertify on August 22, 2017. Doc. No. 216. In its Memorandum Order Adopting the Report and Recommendation of the Special Master (Doc. No. 180), this Court stated the following reasons for denying Defendant's

Motion to Decertify:

> Defendant only objects to the Special Master's recommendations concerning . . . [the] final certification of Plaintiffs' nation-wide collective action under Section 216(b) of the FLSA for Plaintiffs' off-the-clock claims. Doc. No. 202.
>
> * * *
>
> Defendant's argument that the opt-in and Named Plaintiffs are not similarly situated to support final certification of the FLSA collective action under Section 216(b) is without merit. As the Special Master details, the MLOs share the same job description with similar (if not identical) job duties, are paid pursuant to the same compensation plan(s), are subject to the same policies, and assert the same claims for unpaid off-the-clock overtime wages in this lawsuit. Doc. No. 180, p. 32.
>
> The remainder of Defendant's arguments are procedural and regard matters within the sound discretion of the District Court to manage litigation before it. *See* Fed. R. Civ. P. 16. Trial of a single issue regarding Plaintiffs' FLSA off-the-clock claims is scheduled to commence, and will commence, on September 25, 2017. This is no way interferes with the state subclasses right to receive notice of the pending state-law claims and to opt-out of the action if they so choose.

Doc. No. 216 at 4-5.

The detailed factual and legal analysis supporting certification of the FLSA collective action is set forth in the Special Master's Second Report. *See* Doc. No. 180 at 1-36.

## II.   Precedential Decision of the United States Court of Appeals for the Third Circuit

The United States Court of Appeals for the Third Circuit, in its precedential Opinion, ruled that it "decline[d] to exercise pendent appellate jurisdiction over the FLSA collective action certification order in this case . . . [and thus] we will leave undisturbed the District Court certifying a collective action under the FLSA . . . ." *Reinig v. RBS Citizens, N.A*, 912 F.3d 115, 133 (3d Cir. 2018).

The following is an extensive quotation from the Opinion of the Court of Appeals in this matter:

> In addition to challenging the District Court's Rule 23 ruling, Citizens also contests the District Court's non-final FLSA certification order under the doctrine of pendent appellate jurisdiction. This doctrine "'allows [us] in [our] discretion to exercise jurisdiction over <u>issues that are not independently appealable but that are intertwined with issues over which [we] properly and independently exercise[] [our] jurisdiction</u>.'" *Aleynikov v. Goldman Sachs Grp., Inc.*, 765 F.3d 350, 357 (3d Cir. 2014) (citing *E.I. DuPont*, 269 F.3d at 202-3). The doctrine is a narrow one that "should be used 'sparingly,' and <u>only when there is sufficient overlap in the facts relevant to both . . . issues to warrant plenary review</u>." *Id.* (quoting *E.I. DuPont*, 269 F.3d at 203 (internal quotation omitted)); *see also In re Montgomery County*, 215 F.3d 367, 375-76 (3d Cir. 2000) (citation omitted).
>
> \* \* \*
>
> "[T]he pendent appellate jurisdiction standard is not satisfied when we are confronted with two similar, but independent, issues, and resolution of the non-appealable order would require us to conduct an inquiry that is distinct from and 'broader' than the inquiry required to resolve solely the issue over which we properly have appellate jurisdiction."
>
> \* \* \*
>
> Here, we must determine, as a matter of first impression, whether an order granting certification under Rule 23 is "inextricably intertwined" with an order granting final collective action certification under the FLSA. Citizens claims that we may do so because review of the FLSA certification order is necessary to ensure meaningful review of the Rule 23 order. Plaintiffs maintain that, although we have jurisdiction to review the class certification order, our jurisdiction does not extend to the FLSA order because "Rule 23 actions are fundamentally different from collective actions under the FLSA" and thus cannot be considered "inextricably intertwined" for purposes of exercising pendent appellate jurisdiction. (Appellees' Br. 55) (citations omitted).
>
> We find the Second Circuit's opinion in *Myers* [*v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010)], instructive on the issue. There, after affirming the denial of class certification on predominance grounds, the Second Circuit declined to exercise pendent appellate jurisdiction to review the District Court's decision denying certification of an FLSA collective action because "the two rulings [were] . . . not 'inextricably intertwined.'" *Myers*, 624 F.3d at 556. Specifically, the court found that the exercise of pendent appellate jurisdiction was unwarranted because <u>the question of whether the potential</u>

3

plaintiffs had met the FLSA's less burdensome "similarly situated" standard was "quite distinct from the question whether plaintiffs ha[d] satisfied the much higher [Rule 23 predominance] threshold. . . ." *Id*. at 555-56. Although the court recognized that "the two issues . . . [were] admittedly similar," it nevertheless concluded that the FLSA and Rule 23 certification orders were not inextricably intertwined because the court "[could] easily[] determine[] that the higher predominance standard ha[d] not been met without addressing whether the same evidence plaintiffs have put forward in support of Rule 23 class certification could satisfy the lower [FLSA] standard." *Id*. at 556.

We join the Second Circuit and conclude that Rule 23 certification is not "inextricably intertwined" with an FLSA collective action certification so as to permit us to exercise pendent appellate jurisdiction over the FLSA certification. In so holding, we are persuaded by our prior precedent and the Second Circuit's well-reasoned decision in *Myers* that Rule 23 class certification and FLSA collective action certification are fundamentally different creatures. Further, judicial efficiency notwithstanding, the myriad problems that could result from exercising jurisdiction in this context counsel against expanding the narrow doctrine of pendent appellate jurisdiction in the way Citizens proposes.

\* \* \*

On balance, we believe that class certification under Rule 23 and collective action certification under the FLSA are not sufficiently similar or otherwise "inextricably intertwined" to justify exercise of pendent appellate jurisdiction. This conclusion is supported by our decisions in *Zavala v. Wal Mart Stores, Inc.* 691 F.3d 527 (3d Cir. 2012), and *Kershner* [v. Mazurkiewicz, 670 F.2d 440 (3d Cir. 1982)], along with the Tenth Circuit's analysis in *Thiessen* [*v. Gen. Elec. Capital Corp.*, 267 F.3d 1095 (10th Cir. 2001)]. When tasked with elucidating the standard to be applied on final certification under the FLSA in *Zavala*, we eschewed an approach derived from Rule 23, holding instead that the standard to be applied to determine whether FLSA final certification is appropriate is "whether the proposed collective plaintiffs are 'similarly situated.'" *Zavala*, 691 F.3d at 536 (citation omitted). This approach makes sense because "Congress clearly chose not to have the Rule 23 standards apply to [statutory] class actions [such as those under the FLSA]" by adopting not a "commonality" or "predominance" requirement, but rather a finding that the collective plaintiffs are "similarly situated." *Thiessen*, 267 F.3d at 1105. Holding otherwise would "effectively ignore Congress' directive." *Id*. Thus, we have previously concluded that, whereas a class action ruling is grounded in the various procedural provisions found in Rule 23, a collective action under the FLSA hinges on "whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Zavala*, 691 F.3d at 537

4

> (*citing Myers*, 624 F.3d at 555); *see also Grayson v. K Mart Corp.*, 79 F. 3d 1086, 1096 n.12 (11ᵗʰ Cir. 1996) ("[I]t is clear that the requirements for pursuing [an FLSA] class action are independent of, and unrelated to, the requirements for a class action under Rule 23[.]").
>
> In practice, determining whether plaintiffs are "similarly situated" under the FLSA involves considering all relevant factors, such as, "whether the plaintiffs are employed in the same corporate department, division, and location; whether they advance similar claims; whether they seek substantially the same form of relief; and . . . [whether they have] individualized defenses." *Zavala*, 691 F.3d at 536-37. Although we acknowledge that some of the factors and evidence necessary to satisfy the prerequisites of Rule 23 and § 216(b) may overlap and, as a consequence, our rulings with respect to them may overlap as well, "a mere nexus between the two orders is not sufficient to justify a decision to assume jurisdiction." *Kershner*, 670 F.2d at 449-50.
>
> \* \* \*
>
> Therefore, we hold that Rule 23 class certification and FLSA final collective action certification are not "inextricably intertwined." Accordingly, we decline to exercise pendent appellate jurisdiction over the FLSA collective action certification order in this case.

*Reinig*, 912 F.3d at 130-133 (emphasis added).

Thus, the Court of Appeals held that there was not "sufficient overlap in the facts relevant to both . . . issues to warrant *plenary* review." *Id.* at 130 (*quoting Aleynikov*, 765 F.3d at 357).

### III. Defendant's Renewed Motion to Decertify the FLSA Collective Action ([Doc. No. 268](Doc. No. 268))

Despite the language of the precedential Opinion of the Court of Appeals that (1) the legal standard for a FLSA collective action is ***meaningfully different*** than the legal standard for a Rule 23 class action, and (2) there was insufficient overlap in the facts relevant to the FLSA and Rule 23 issues (*id.* at 130-133), Defendant in effect now argues to the contrary, and thus seeks this Court to reconsider its previous decision not to decertify the FLSA collective action.

5

### IV. Legal Standard for Evaluation of a Motion for Reconsideration

"The purpose of a Motion for Reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (*citing Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Generally, a Motion for Reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or, (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. *See Howard Hess Dental,* 602 F.3d at 251 (*citing Max's Seafood Café ex rel. Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). However, because Defendant's Motion relates to an interlocutory order, the reconsideration standard applies more flexibly than it would to a judgment. *Qazizadeh v. Pinnacle Health Sys.*, 214 F.Supp.3d 292, 295 (M.D. Pa. 2016).

A court may not grant a Motion for Reconsideration when the motion simply restyles or rehashes issues previously presented. *Pahler v. City of Wilkes Barre*, 207 F.Supp.2d 341, 355 (M.D. Pa. 2001); *see also Carroll v. Manning*, 414 F. App'x. 396, 398 (3d Cir. 2011) (affirming denial of "motion for reconsideration and 'petition' in support thereof that appears to merely reiterate the allegations made in the . . . petition and does not set forth any basis justifying reconsideration"); *Grigorian v. Attorney General of U.S.*, 282 F. App'x. 180, 182 (3d Cir. 2008) (affirming denial of motion to reconsider because it "does nothing more than reiterate the arguments underlying the motion to reinstate the appeal"). "[A] motion for reconsideration addresses only factual and legal matters that the Court may have overlooked . . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through

-- rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993) (citations and internal quotation marks omitted).

V.     **Application of Standard**

Based on the above-cited case law, Defendant's Motion for Reconsideration is denied.[1] Defendant does not cite to any "intervening change in controlling law" from the Court of Appeals for the Third Circuit. The only "new" case cited by Defendant is an opinion of the United States Court of Appeals for the Ninth Circuit (*Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th Cir. 2018)), which is inconsistent with the governing precedential Opinion in this case, and factually inapt, s*ee* [Doc. No. 270 at 8-12](#) (wherein Plaintiffs distinguish *Campbell* from case *sub judice*). Indeed, the only possible intervening change in controlling law is the Court of Appeal's Opinion in this case, which stated explicitly that its Rule 23 analysis did ***not*** apply to the issue of FLSA certification because the two standards are "fundamentally different." *Reinig*, 912 F.3d at 131.

Further, Defendant fails to cite any "new evidence" and fails to cite any "clear error of law or . . . manifest injustice," other than Defendant's continued disagreement with the Special Master's Second Report, and this Court's prior rulings on the FLSA collective action issue. *See* Doc. No. 180 at 1-36, [Doc. No. 216](#). The factual record sufficiently establishes that the opted-in Plaintiffs are "similarly situated."

Therefore, Defendant's Renewed Motion to Decertify the FLSA Collective Action ([Doc. 268](#)) is DENIED WITHOUT PREJUDICE,[2] and a new Pretrial/Trial Order will be promptly

---

[1] Even if the Renewed Motion was reviewed under a *de novo* standard, instead of a Motion for Reconsideration standard, the Court concludes the result would be the same.

[2] As Defendant notes, an order finally certifying a collective "may be revisited and changed at any time prior to entry of a judgment adjudicating all of the claims of all of the parties," including "after trial." [Doc. No. 266 at 1-2](#). Accordingly, denial of Defendant's Renewed Motion is without prejudice to it being renewed after the single-issue jury trial.

entered on the following narrow, single-issue jury question applicable to the collective FLSA claims (scheduling the jury trial to commence on September 23, 2019):[3] "Did Plaintiffs prove by a preponderance of the evidence that Citizens Bank had a policy or practice that caused mortgage loan officers to not report all of the hours they worked (*i.e.*, to work 'off the clock')?"[4]  Doc. No. 235.  *See* Fed. R. Civ. P. 1 and 16(c)(2)(M).

                                          SO ORDERED, this 25th day of June, 2019.

                                          s/ Arthur J. Schwab
                                          Arthur J. Schwab
                                          United States District Court Judge

cc:  All ECF Counsel of Record

---

[3] Pursuant to the Second Amended Case Management Order, entered by this Court on May 31, 2016 (Doc. No. 66), the parties have already filed Pretrial Statements (Doc. No. 155 and Doc. No. 158), Joint Stipulations (Doc. No. 191), Unified Proposed Jury Instructions (Doc. No. 221), Proposed Voir Dire (Doc. No. 194 and Doc. No. 196), Proposed Verdict Forms (Doc. No. 193-1 and Doc. No. 198), a Joint Exhibit List (Doc. No. 250), and Objections to Proposed Final Jury Instructions (Doc. No. 251 and Doc. No. 252). Further, the Court has filed its Final Verdict Form (Doc. No. 235), Final Preliminary Jury Questions (Doc. No. 237), Draft Final Jury Instructions (Doc. No. 238), and Final Voir Dire Questions (Doc. No. 244). Accordingly, only an abbreviated Pretrial Order need be, and will be, promptly issued.  To the extent that any remaining pretrial issues remain, the Court encourages the parties to work together to resolve said issues without Court involvement.

[4] Bifurcation will expedite resolution of outstanding issues, advance the interests of "convenience" and judicial economy, and avoid "prejudice to the parties."  *Emerick v. U.S. Suzuki Motor Corp.*, 750 F.2d 19, 22 (3d Cir. 1984); *see also Oldershaw v. Davita Healthcare Partners, Inc.*, 255 F.Supp.3d 1110, 1118 (D. Co. 2017) (bifurcating FLSA claims from state law claims).  Additionally, the evidence introduced and testimony elicited at the single-issue jury trial will assist the Court in conducting both (1) the "rigorous" review of Plaintiffs' Renewed Motion for Class Certification (Doc. No. 281), as directed by the Court of Appeals, *Reinig*, 912 F.3d at 130, while preserving Defendant's defenses as to propriety of class certification, and (2) the consideration of any future renewed motion for decertification of the FLSA collective after said trial.