IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALEX REINIG, KEN GRITZ, and BOB
SODA, *Individually and on
behalf of those similarly situated*,

        Plaintiffs,

        v.

RBS CITIZENS, N.A.,

        Defendant.

15cv1541

**ELECTRONICALLY FILED**

## ORDER ON PRETRIAL AND TRIAL PROCEDURES

**AND NOW**, this 14th day of August, 2019, the Court **HEREBY ORDERS** as follows:

### A. Pretrial Procedures

1.  As previously scheduled, by Order dated June 25, 2019, jury selection and trial will commence on September 23, 2019 at 9:00 AM, in Courtroom 7C, 7th Floor, United States Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania, with a final pretrial conference scheduled for September 16, 2019 at 9:00 AM, in Courtroom 7C, 7th Floor, United States Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania. (If lead trial counsel for both parties wish to have a preliminary pretrial conference on September 10, 2019, they shall so jointly petition the Court).

2.  Trial is limited to the following single-issue jury question applicable to the collective FLSA claims: "Did Plaintiffs prove by a preponderance of the evidence that Citizens Bank had a policy or practice that caused mortgage loan officers to not report all of the hours they worked (i.e., to work 'off the clock')?" (*See* Memorandum Opinion and

Order Re: Ruling on Defendant's Renewed Motion to Decertify the FLSA Collective Action, dated June 25, 2019, at 7-8). All documents filed pursuant to this Order are to focus on this single issue.

3.  **Exchange of Witness Lists and Exhibits**.

a.  Plaintiffs shall file and serve their list of trial witnesses, listing separately the witnesses they will call and the witnesses they may call if needed (other than purely for impeachment). For each witness listed Plaintiffs shall provide an offer of proof explaining the substance of the witness' testimony. The offers of proof shall be no more than one (1) double-spaced page with twelve (12) point font. Plaintiffs' witness list and offers of proof shall be due by **August 23, 2019**.

b.  Defendant shall file and serve its list of trial witnesses, listing separately the witnesses it will call and the witnesses it may call if needed (other than purely for impeachment). For each witness listed Defendant shall provide an offer of proof explaining the substance of the witness' testimony. The offers of proof shall be no more than one (1) double-spaced page with twelve (12) point font. Defendant's witness list and offers of proof shall be due by **August 27, 2019**.

c.  On **August 30, 2019**, counsel shall file on CM/ECF a Joint Exhibit List Chart (with columns and twelve (12) point font) setting forth all plaintiff and defendant trial exhibits, by exhibit number, date, author, type of document, objection as to authenticity (if any) with response, and objection as to admissibility with response. At the same time, two separate sets, one for the Court and one for the Court Reporter, of each exhibit in a binder/notebook, shall be delivered to

        chambers. (The actual copy of the exhibits should not be filed on CM/ECF, only the Joint Exhibit List Chart shall be filed on CM/ECF). The hand delivered Joint Exhibit List Chart, with two sets of the exhibits in binders, shall be delivered to chambers by **August 30, 2019 at 12:00 PM.**

    d.    Voluminous data shall be presented by summary exhibits pursuant to Fed. R. Evid. 1006, and voluminous exhibits shall be redacted to eliminate irrelevant material (which shall remain available for examination by opposing counsel). Where copies of documents are offered, the originals shall be available for examination, unless waived by stipulation.

4.    **Pretrial Statements.**

a.    Plaintiffs' pretrial statement shall comply with Local Rule 16.1C, and be filed by **August 23, 2019**.

b.    Defendant's pretrial statement shall comply with Local Rule 16.1C, and be filed by **August 27, 2019**.

5.    **Joint Stipulations**.  The parties shall file joint stipulations by **August 30, 2019.**

All possible stipulations shall be made as to:

a.    Facts;

b.    Issues to be decided;

c.    The authenticity and admissibility of exhibits;

d.    Expert qualifications and reports;

e.    Deposition testimony to be read into the record; and

f.    A brief statement of the claims and defenses to be read to the jury to introduce the

trial.

Counsel shall meet at a mutually convenient time and place to produce the joint stipulation in time for filing as ordered.

### B. Trial Procedures

1. **Hours**. Court is in trial session, unless otherwise ordered by the Court, Monday through Thursday, 9:00 a.m. to 4:00 p.m. with breaks where appropriate. **All counsel are expected to be in their seats and ready to commence at the appointed times.**

2. **Exhibits**. Because counsel will have previously marked and exchanged all exhibits and provided a copy to the Court, it will not be necessary during the trial to show exhibits to opposing counsel prior to using them.

3. **Approaching the Witness**. It will not be necessary for counsel to request permission to approach a witness.

4. **Opening and Closing Statements**. Up to thirty (30) minutes is permitted to each side for opening and closing statements, depending on the complexity of the case. Counsel may use exhibits or charts in opening argument provided that the same have been provided to opposing counsel beforehand and either agreement was reached or the Court has ruled upon the matter.

5. **Side Bar Conferences**. The Court believes that counsel should be considerate of the jurors' time. Consequently, side bar conferences are highly disfavored because they waste the jury's time and unduly extend the length of the trial. Counsel will meet with the Court at **8:30 a.m.** each day (or earlier if necessary, to ensure that trial commences on time) each day to raise points of evidence or other issues that would otherwise necessitate

a side bar conference.  Failure to raise the issue at that time will generally result in a disposition of the in-court objection in the presence of the jury.  If necessary, counsel and the Court may amplify their objections and rulings on the record after the jury has been excused for a break, for lunch or for the day.

In addition, it is expected that counsel will anticipate evidentiary issues requiring lengthy argument and will take up such matters out of the presence of the jury.  The Court will be available at **8:30 a.m.** each morning to address such issues.  It is the responsibility of counsel to notify other counsel of the need for a conference at 8:30 a.m. and all other counsel will be expected to be there at the appointed time for argument.  **THE COURT WILL NOT DELAY THE PROCEEDINGS TO RESPOND TO LAST MINUTE REQUESTS FOR CONFERENCES TO DISCUSS MATTERS WHICH, IN THE EXERCISE OF REASONABLE DILIGENCE, COULD HAVE BEEN HEARD AT THE MORNING CONFERENCE.**

6.     **Witness Lists.**  Prior to the commencement of the trial, counsel shall provide opposing counsel with a complete witness list, and shall provide opposing counsel throughout the trial with the actual list of the next day's witness by 5:00 p.m. in the order they are expected to be called.  The same procedure will be employed by both sides at the end of each trial day.  Counsel should be sure that they have adequate witnesses to fill the time allotted each day.

7.     **Note Taking**.  The jury shall be permitted to take notes.

8.     **Jury Questions**.  All written questions submitted by the jury are supplied to counsel.  Counsel and the Court will meet to discuss and hopefully agree on a reply.  The

jury is then summoned to the Courtroom in most cases and the verbal reply is given to them.  A written reply is provided where appropriate.

9.     **Jury Instructions**.  A copy of the jury instructions shall be provided to the jury for use during its deliberations.

10.    **Jury Access to Exhibits**.  Unless otherwise advised by counsel, it will be assumed that all admitted exhibits will be sent out with the jury.

11.    **Use of Technology**.  The parties are hereby ordered to use trial presentation technology and courtroom technology, and trial exhibit summaries (pursuant to Rule 1006 of the Federal Rules of Evidence), to the fullest extent possible.

 s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    All counsel of record