IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEX REINIG, KEN GRITZ, BOB SODA, MARY LOU GRAMESKY, PETER WILDER SMITH, WILLIAM KINSELLA, DANIEL KOLENDA, VALERIE DAL PINO, AHMAD NAJI, ROBERT PEDERSEN, TERESA FRAGALE and DAVID HOWARD, <br><br>          Plaintiffs, <br>v. <br><br>RBS CITIZENS, N.A., <br><br>          Defendant. | Civil Action No. 2:15-cv-01541-AJS <br><br><br><br>ELECTRONICALLY FILED |

**DEFENDANT'S MOTION TO STAY THE FLSA TRIAL**

Defendant Citizens Bank, N.A. (incorrectly sued as RBS Citizens, N.A., and hereinafter referred to as "Defendant"), by and through its undersigned counsel, hereby moves this Court to adjourn the FLSA trial scheduled for September 23, 2019 (ECF No. 297), until after this Court has decided the renewed motion for class certification under Rule 23 of the Federal Rules of Civil Procedure (ECF No. 277) and, if this Court grants the Rule 23 motion, until after the absent class members have received notice and opportunity to opt out of any certified class.

Rule 23 and the Due Process Clause require this Court to stay the FLSA trial and decide the pending class certification motion because of "one-way intervention" issues that will arise if the Court convenes a trial on the merits before giving notice and an opportunity to opt out to the putative class. *See Katz v. Carte Blanche Corp.*, 496 F.2d 747, 762 (3d Cir. 1974) (en banc) ("If a class action defendant insists upon early class action determination and notice, he is, under the rule, entitled to it."). Although the Third Circuit has stated that the *certification* standards under

the FLSA and Rule 23 are different, the federal and state-law claims present exactly the same *merits* issue: Did Defendant have a policy or practice that caused mortgage loan officers to not report all of the hours they worked (*i.e.*, to work "off-the-clock")?

To prevail on their unpaid overtime claims under federal or state law, Plaintiffs must show that Defendant "suffered or permitted" (knew about) unpaid overtime work. As the Third Circuit stated: "Plaintiffs must show that: (1) pursuant to Citizens' unwritten 'policy-to-violate-the-policy,' the class MLOs performed overtime work for which they were not properly compensated; and (2) Citizens had actual or constructive knowledge of that policy and of the resulting uncompensated work." *Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 128 (3d Cir. 2018). Thus, the key issue at any trial of the federal or state-law claims necessarily would be whether Defendant had such an unwritten companywide policy or practice to violate the written policy. Plaintiffs have never argued nor could argue that the state-law unpaid overtime claims have elements that differ from the elements of the federal FLSA claim or that the merits issue or evidence would be different in a "Rule 23" trial.

In 2017, Defendant objected to this Court's order scheduling a FLSA trial on the "policy or practice" question and this Court overruled the objection. Defendant then sought mandamus relief in the Third Circuit and a stay of trial proceedings, which the Third Circuit granted on September 13, 2017. (3d Cir. No. 17-2974) Because the Court has again scheduled a jury trial on the same "policy or practice" issue that the Court scheduled for jury trial in 2017, Defendant understands the Court to have rejected all of the arguments that it made in its mandamus petition and reply. (3d Cir. No. 17-2974, mandamus petition filed Sept. 11, 2017; reply filed Oct. 3, 2017) At the same time, Defendant is mindful of this Court's September 25, 2017 response to the

2017 mandamus petition (3d Cir. No. 17-2974), which criticized Defendant for not seeking relief from the scheduling order in the district court before seeking mandamus relief.

Thus, by this motion, Defendant respectfully asks the Court to stay the FLSA trial. In the interest of brevity and economy, Defendant will not repeat all of its mandamus arguments here, but incorporates and reasserts the arguments that it made in its 2017 mandamus papers. (3d Cir. No. 17-2974) To summarize those papers: Rule 23, the Due Process Clause, and controlling case law require that the Court direct notice to the class and provide an opportunity to opt out of the class before conducting a trial on the merits. Plaintiffs' only substantive response in 2017 was that a jury verdict does not implicate one-way intervention concerns because a verdict is not a "judgment." But that argument is unconvincing because absent class members would gain a strategic advantage based on the verdict and, at the same time, would lose their due process right to appear in the case and participate in the trial unless they receive notice beforehand.

The fact that this Court has not yet ruled on the renewed motion for class certification does not cure—indeed, it exacerbates—the one-way intervention problem and also raises new problems. Deciding class certification after trial provides even less notice and opportunity to opt out (none) than providing insufficient notice a few weeks before trial. Moreover, Rule 23 requires a class certification decision at an "early practicable time," (Fed. R. Civ. P. 23(c)(1)(A)), meaning, at a minimum, *before* trial. *See* William B. Rubenstein, 3 Newberg on Class Actions § 7:11 (5th ed. June 2019 update); *Katz*, 496 F.2d at 762.

The courts are unanimous in construing Rule 23 to require a class certification decision before trial. *See*, e.g., *Danny B. v. Raimondo*, 784 F.3d 825, 838 (1st Cir. 2015) ("we are aware of no precedent authorizing a district court, over objection, to conduct a full-blown trial on the merits without pausing to take up a timely motion for class certification"). As the Second Circuit

has stated, "it is difficult to imagine cases in which it is appropriate to defer class certification until after decision on the merits." *Philip Morris Cos. v. Nat'l Asbestos Workers Med. Fund (in Re Philip Morris Inc.)*, 214 F.3d 132, 135 (2d Cir. 2000) (quotation marks omitted). Because the elements of the federal and state-law claims are the same, a jury verdict on the most important element of the FLSA claim is also a jury verdict on the most important element of the state-law claims. Thus, it is no answer to say that the trial concerns only the FLSA claim—it necessarily affects and, at a minimum, confers an informational advantage on absent class members.

Conversely, if the Court envisions successive jury trials on the same issue—one "policy and practice" trial to resolve the FLSA claim and a second "policy and practice" trial to resolve the state-law claims, that approach too would be impermissible. Nothing in the federal rules—not even the discretion to conduct separate trials granted by Rule 42(b) of the Federal Rules of Civil Procedure—authorizes a court to conduct two successive jury trials on the very *same issue*. Rule 42 provides that the district court "must preserve any federal right to a jury trial" when ordering a separate trial. Fed. R. Civ. P. 42(b). The Seventh Amendment, in turn, provides that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, *shall be otherwise reexamined* in any court of the United States, than according to the rules of the common law." U.S. Const. Amend. VII. "The Seventh Amendment requires that, when a court bifurcates a case, it must "divide issues between separate trials in such a way that the same issue is not reexamined by different juries." *Brown v. SEPTA (In re Paoli R.R. Yard PCB Litig.)*, 113 F.3d 444, 452 n.5 (3d Cir. 1997); *see also In re Rhone-Poulenc Rorer Inc.*, 51 F.3d 1293, 1303 (7th Cir. 1995).

Here, because the "policy and practice" issue at the FLSA trial and any successive state-law trial would be the same, successive trials on that issue would be unconstitutional under the

Seventh Amendment. Successive trials on the same issue would also be inefficient. *See Palmer v. Nassan*, No. 10-cv-0922-AJS, 2011 WL 195532, at *2 (W.D. Pa. Jan. 20, 2011) ("This Court finds that it would not promote judicial economy to bifurcate this trial given that the issues are so closely interwoven that Plaintiff would have to present the same evidence twice in separate trials.").

For all these reasons and those stated in the 2017 mandamus briefing with which this Court is familiar, the Court should stay the FLSA trial, decide the pending Rule 23 motion, and, if necessary, give adequate notice and an opportunity to opt out to the members of any certified class.

                Respectfully submitted,

                HOLLAND & KNIGHT LLP

                */s/ Thomas E. Hill*
                Thomas E. Hill (admitted pro hac vice)
                tom.hill@hklaw.com
                Christina T. Tellado (PA 204246)
                christina.tellado@hklaw.com
                Holland & Knight LLP
                400 South Hope Street, 8th Floor
                Los Angeles, CA 90071
                Tel: (213) 896-2400
                Fax: (213) 896-2450

                Attorneys for Defendant
                Citizens Bank, N.A.

Dated:  August 29, 2019

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, this 29th day of August, 2019, the foregoing Defendant's Motion to Stay the FLSA Trial was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel indicated on the electronic filing receipt. Parties may access this filing through the Court's ECF system.

*/s/ Thomas E. Hill*
Thomas E. Hill (admitted *pro hac vice*)
Counsel for Defendant