IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALEX REINIG, KEN GRITZ, BOB SODA,
MARY LOU GRAMESKY, PETER WILDER
SMITH, WILLIAM KINSELLA, DANIEL          15cv1541
KOLENDA, VALERIA DAL PINO,               **ELECTRONICALLY FILED**
AHMAD NAJI, ROBERT PEDERSON,
TERESA FRAGALE, and DAVID
HOWARD,

       Plaintiffs,

       v.

RBS CITIZENS, N.A.,

       Defendant.

OBJECTIONS MUST BE FILED BY
9/13/2019 AT 4:00 P.M.

## FINAL JURY INSTRUCTIONS

### I. General Instructions

Now that you have heard the evidence and the argument, it is my duty to instruct you on the law.

We have given you copies of the special Verdict Form on which you will answer a specific question.  Please take a minute to read the Verdict Form, because the instructions I am about to give you will help you answer that question.

When you retire to the jury room to deliberate, you may take these instructions with you, along with your notes, the exhibits that the Court has admitted into evidence, and the Verdict Form.  You should select one member of

the jury as your foreperson. That person will preside over the deliberations and speak for you here in open Court.

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in Court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims.  In other words, it is your duty to determine from the evidence what actually happened in this case, applying the law as I now explain it.

It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole; do not disregard or give special attention to any one instruction; and do not question the wisdom of any rule of law or rule of evidence I state.   In other words, do not substitute your own opinion as to what the law is or ought to be.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict.  Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors.  Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence.  But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the bailiff, to me, or to anyone but each other about the case.  During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a cell phone, a smart phone like Blackberries, Droids, or iPhones, or a computer of any kind; the internet, any internet service, or any text or instant messaging service like Twitter; or any internet chat room, blog, website, or social networking service such as Facebook, Twitter, MySpace, LinkedIn, or YouTube, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the bailiff.  The

officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages:  Never write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that a certain number is voting one way or another.   Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, each juror must agree to the verdict.  Your verdict must be unanimous.

A Verdict Form has been prepared for you.  It has a question for you to answer.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form.  You will then return to the courtroom and your foreperson will give your verdict.  Unless I direct you otherwise, do not reveal your answer until you are discharged.  After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or

manner what I think your verdict should be.  It is your sole and exclusive duty and responsibility to determine the verdict.

## II. Evidence

### What is Evidence?

I have mentioned the word "evidence."  The "evidence" in this case consists of the testimony of witnesses, the documents and other physical items, if any, received as exhibits, and any facts stipulated by the parties.

### Exhibits

Counsel for Plaintiffs and Defendant have agreed to the legal admissibility of various exhibits.  This means that these exhibits meet the requirements of the rules of evidence and therefore have been admitted for your consideration.  This does not mean that the parties agree as to the inferences or conclusions that you should or may draw from any exhibit.

### Stipulations of Fact

The parties have agreed, or stipulated, to certain facts as being true and those stipulations have been placed on the record in this trial.  You must treat any stipulations of fact as having been proved for the purposes of this case.

### What is Not Evidence?

The following things are not evidence:

1.  Statements, arguments, questions and comments by the lawyers are not evidence.

2.  Likewise, objections are not evidence.  Lawyers have every right to object when they believe something is improper.  You should not be influenced by the objection.  If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.  Any testimony that I ordered stricken from the record, or told you to disregard, is not evidence and you must not consider any such matter.

4.  Anything you saw or heard about this case outside the courtroom is not evidence.  You must decide the case only on the evidence presented here in the courtroom.  Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

**Evidence, Inferences, and Common Sense**

While you may consider only the evidence in the case in arriving at your verdict, you are permitted to draw such reasonable inferences from the testimony and exhibits you feel are justified in the light of your common experience, reason and common sense.

**Direct and Circumstantial Evidence**

In this regard, you may consider either direct or circumstantial evidence. "Direct evidence" is the testimony of someone who asserts actual knowledge of a

fact, such as an eyewitness.  "Circumstantial evidence" is proof of a chain of facts and circumstances from which you may infer that something either did or did not happen.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It requires only that you weigh all of the evidence and be convinced that the party has met the burden of proof by a preponderance of the evidence before you return a verdict for that party.

### Bias, Sympathy And Prejudice

You may not allow sympathy or personal feelings to influence your determination.  Your duty is to decide the case solely on the basis of the evidence or lack of evidence and the law as I have instructed you, without bias, prejudice, or sympathy for or against the parties or their counsel.  Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.

### Natural Persons and Corporate Citizens

You should consider and decide this case as an action between persons of equal standing in the community and equal worth.  A corporation is entitled to the same fair trial at your hands as a private individual.  All persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

**Evidence Admitted for a Limited Purpose**

In certain instances, evidence may be admitted only for a particular purpose and not generally for all purposes.  Whenever evidence was admitted for a limited purpose, consider it only for that purpose, and no other purpose.

**Not Required to Accept Uncontradicted Testimony**

You are not required to accept any testimony, even though the testimony is not contradicted and the witness is not impeached.  You may decide, because of the witness' bearing and demeanor, because of the inherent improbability of his or her testimony, or because of other reasons sufficient to you, that such testimony is not worthy of belief.

**Jurors' Notes**

Your notes are not evidence in the case and must not take precedence over your independent recollection of the evidence.  Notes are only an aid to your recollection and are not entitled to greater weight than your recollection of what the evidence actually is.  You should not disclose any notes taken to anyone other than a fellow juror.

You were not obligated to take notes.  If you did not take notes you should not be influenced by the notes of another juror, but instead should rely upon your own recollection of the evidence.

### III. Credibility of Witnesses / Weight of Testimony in General

You must consider all of the evidence, but this does not mean you must accept all of the evidence as true or accurate.  You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.

You may be guided by the appearance and conduct of the witness, by the manner in which the witness testifies, by the character of the testimony given and by evidence or testimony to the contrary.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive, state of mind, and demeanor or manner while on the stand.  Consider the witness' ability to have observed the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters.  Consider any business, personal or other relationship a witness might have with either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

### Inconsistencies or Discrepancies

Consider inconsistencies or discrepancies in the testimony of a witness or between different witnesses, which may or may not cause you to discredit such

testimony.  Two or more persons witnessing an incident or a transaction may see or hear it differently, and innocent mis-recollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, give the testimony of each witness the weight you think it deserves.  You may, in short, accept or reject the testimony of any witness in whole or in part.

### False In One, False In All

If you find that a witness has lied to you in any material portion of his or her testimony, you may disregard that witness' testimony in its entirety.  I say that you may disregard such testimony, not that you must.  However, you should consider whether the untrue part of the testimony was the result of a mistake or inadvertence, or was, rather, willful and stated with a design or intent to deceive.

### Number of Witnesses Not Important

The weight of the evidence is not determined by the number of witnesses testifying for either side.  You may find that the testimony of a small number of witnesses as to any fact is more credible than that of a larger number of witnesses to the contrary.  In short, what is most important is how believable the witnesses were, and how much weight you think their testimony deserves.

10

**Depositions - Use as Evidence**

Certain out-of-Court testimony of witnesses has been presented to you. Such testimony was given under oath prior to this trial, during depositions of the witnesses. This method is permitted in order to simplify the presentation of the evidence, and you should not regard evidence presented in this way as any different from any other oral testimony. You may assess the credibility of witnesses who have testified by deposition in the same manner as you do witnesses who testify directly in open Court.

**Burden of Proof / Preponderance of the Evidence**

Because this is a civil case, Plaintiffs' burden is to establish the matter for your decision by a preponderance of the evidence.

A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds the belief that what is sought to be proved is more likely true than not true. This Rule does not require proof to an absolute certainty, because absolute certainty is seldom if ever possible.

When you go into the jury room imagine that you have on the table the scales of justice on which two trays are hanging evenly in balance. Now label the right-hand tray "Plaintiffs' tray" and put on to that tray all the evidence on the matter for your decision which you feel favors Plaintiff, giving to that evidence the

weight that you believe it is fairly entitled to receive.  Next, place on the left-hand tray, "Defendant's tray," all of the evidence in the case that favors Defendant's side of that matter; again, giving to that evidence the weight that you believe Defendant is fairly entitled to receive.

Remember, the weight of the evidence is <u>not</u> the number of persons testifying for or against either party; rather, it is the quality of the testimony given. For example, one person who saw an event and testified accurately as to what was seen may have the same weight as ten persons testifying to the same event on the other side.

After considering the weight of the evidence, if you think that the scales tip, ever so slightly or to the slightest degree, in favor of Plaintiffs, then Plaintiffs have sustained their burden of proof by a preponderance of the evidence and your verdict should be for the Plaintiffs and against Defendant on that matter.

**Defendant's Status Does Not Infer Liability**

Simply because a defendant is sued does not mean that the defendant is liable.  Anyone can file a lawsuit. The fact that Plaintiffs filed this lawsuit does not, in itself, mean that Defendant has done anything that the law prohibits.  That is for you to decide on the basis of the evidence.

### IV. Substantive Law

Plaintiffs, mortgage loan officers who currently and formerly worked for Defendant Citizens Bank, claim that Citizens did not pay overtime for hours worked off-the clock as required by law.

Plaintiffs claim that Citizens had a policy or practice that caused mortgage loan officers to work off-the-clock and, therefore, not receive pay for all of their hours worked.

The phrase "hours worked" means all time spent by an employee that was primarily for the benefit of the employer or the employer's business. "Off-the-clock" hours worked means time worked but not recorded by an employee.

An employer must pay overtime compensation in any workweek in which an employee has more than 40 "hours worked." A "workweek" is a regularly recurring period of seven days or 168 hours.

If the employer did not know and did not have reason to know that overtime work was being performed, the time does not constitute "hours worked." If you find that any supervisor of a mortgage loan officer knew about the work, that fact is sufficient to demonstrate that the employer had knowledge of the work.

An employer may require that its employees obtain the employer's pre-approval before working overtime. However, if an employee in fact does overtime work and the employer knows or has reason to know about the overtime work, then

the employer must pay for the overtime notwithstanding the lack of pre-approval. An employer cannot stand idly by and allow an employee to perform overtime work without proper compensation, even if the employee fails to record the hours worked.

A policy or practice may be written or may be a standard course of conduct. Events which are isolated, sporadic or infrequent do not comprise a policy or practice.

This case is a collective action. A collective action allows many individuals to bring their claims in a single lawsuit.  In a collective action, some members of the collective seek relief on behalf of a larger group of individuals who make up the entire collective group.

You must not consider whether the Plaintiffs have properly brought a collective action because I have already determined this issue and have determined that this case is properly brought as a collective action.

In a collective action, the Plaintiffs are not required to present testimony and evidence from every collective action member. The Plaintiffs that testify and otherwise present evidence at trial do so as representatives of the collective action members who did not testify and present evidence at trial. Thus, you may rely on the testimony of the collective action members who testify at trial  and the

collective evidence presented at trial as relating to the collective action members who did not testify and present evidence.

### V. Process of Jury Deliberation

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so, without violation to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.

In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember, at all times you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court. You can make this selection and conduct your deliberations in whatever manner you think best, but I offer some suggestions that

other juries have found helpful to allow full participation by all jurors and to arrive at a verdict that satisfies everyone.

The foreperson should encourage open communication, cooperation and participation by all jurors, and be willing and able to facilitate discussions when disagreements and disputes arise.

The foreperson should let each of you speak and be heard before expressing her or his views.

The foreperson should never attempt to promote or permit anyone else to promote his or her personal opinions by coercion or bullying.

The foreperson should make sure that deliberations are not rushed.  Some people are better at facilitating than others, and if it becomes clear that someone else would be a more effective foreperson, you might want to consider selecting a different person, with no hard feelings.

You also may think it wise to select a secretary to record votes, which should probably be cast by secret ballot, and to keep track of whether everyone has spoken.

Some juries think it will be useful to take a preliminary vote before discussions are started, however, such an early vote often proves counter-productive for several reasons, including that it tends to "lock-in" a particular point of view before alternative points of view are covered.

You should listen carefully and attentively to each other, and hear what each other person is saying before responding.  Don't interrupt and don't monopolize the discussion.  Speak one at a time.  Be patient and respectful of other opinions, and don't take it personally if someone disagrees with you.

A verdict form has been prepared for you, and you have reviewed a copy. You will take the original verdict form to the jury room and when you have reached a unanimous agreement as to your verdict, you will each sign it, have your foreperson date it, and then signal the bailiff that you are prepared to return to the courtroom.

You will also be provided with copies of these instructions for your use during deliberations.  If, during your deliberations, you should desire to communicate with the court, please reduce your message or question to writing signed by the foreperson, and pass the note to the bailiff who will bring it to my attention.  After consulting with the lawyers, I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

It is proper to add the caution that nothing said in these instructions and nothing in the Verdict Form prepared for your convenience is meant to suggest or

hint in any way what verdict I think you should find.

What the verdict shall be is your sole and exclusive duty and responsibility. You will note from the oath about to be taken by the bailiff that she too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.