UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEX REINIG, KEN GRITZ, BOB SODA, MARY LOU GRAMESKY, PETER WILDER SMITH, WILLIAM KINSELLA, DANIEL KOLENDA, VALERIE DAL PINO, AHMAD NAJI, ROBERT PEDERSEN, TERESA FRAGALE, MARK ROSS, DANIEL JENKINS, and DAVID HOWARD,<br><br>     Plaintiffs,<br>   v.<br><br>RBS CITIZENS, N.A.,<br><br>     Defendant. | Civil Action No. 2:15-cv-01541-AJS<br><br>**ELECTRONICALLY FILED** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO QUASH SUBPOENAS AD TESTIFICANDUM ISSUED BY PLAINTIFFS**

Defendant Citizens Bank, N.A. (incorrectly named as RBS Citizens, N.A. and hereinafter referred to as "Defendant"), by and through its undersigned counsel, respectfully submits this Memorandum Of Law In Support Of Defendant's Motion to Quash Subpoenas Ad Testificandum Issued by Plaintiffs and directed to individual non-parties Matthew Egan, Chace Gundlach, Tad Kuhn, Dean Mathieson, Andrew McNally, Nancy Monbouquette, and Robert Sutton (the "Subpoenas").

**I. FACTS**

Per this Court's June 25, 2019 Pretrial Order, the trial of this case is set to commence on September 23, 2019, in Pittsburgh, Pennsylvania. (Dkt. No. 284) On September 9, 2019, Plaintiffs purported to serve the challenged Subpoenas for Matthew Egan, Chace Gundlach, Andrew McNally, and Nancy Monbouquette on defense counsel via electronic mail and subsequent hand delivery of the witness fees and mileage reimbursement. It is defense counsel's

understanding that Plaintiffs effectuated personal service on Tad Kuhn, Dean Mathieson, and Rob Sutton – all of whom are no longer Defendant's employees and outside of Defendant's control – on or about September 9, 2019.  Through the Subpoenas, Plaintiffs purport to require: Nancy Monbouquette and Dean Mathieson to appear for second depositions in Boston, MA on September 19, 2019; Matthew Egan and Chace Gundlach to appear for second depositions in Philadelphia, PA on September 19, 2019; Tad Kuhn to appear for a second deposition in Columbus, Ohio on September 19, 2019; Andrew McNally to appear for a second deposition in Sandston, Virginia on September 20, 2019; and Robert Sutton to appear for a second deposition in Independence, Ohio on September 20, 2019 (collectively hereinafter referred to as "the Witnesses").

II.     ARGUMENT

   A. Relevant Federal Rules of Civil Procedure

Rule 45(d)(3) of the Federal Rules of Civil Procedure provides that a district court "is required" to quash or modify a subpoena upon "timely motion"[1] that it (i) *fails to allow a reasonable time to comply*; (ii) requires a non-party to travel more than 100 miles; (iii) requires the disclosure of privileged or other protected matter; or (iv) *subjects a person to undue burden*. Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv) (emphasis added).

   B.     **Plaintiffs Are Not Entitled to Re-Depose the Individual Non-Party Witnesses Because Such Testimony Would Be Unreasonably Cumulative or Duplicative.**

Rule 26(b)(2) of the Federal Rules of Civil Procedure provides that a court must limit the frequency or extent of discovery otherwise allowed if the discovery sought is "unreasonably

---

[1] "Timeliness" upon this Rule means "within the specified compliance period, so long as that period is of reasonable duration." *City of St. Petersburg v. Total Containment, Inc.*, 2008 WL 1995298, at *2 (E.D. Pa. May 5, 2008).

cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Here, the Court should quash the Subpoenas because the Plaintiffs seek to re-depose witnesses that gave full deposition testimony in this matter. The claims and defenses at issue in this matter have not changed since the Witnesses were deposed, and Plaintiffs are not entitled to additional opportunities to depose the Witnesses. Plaintiffs have "made no showing that the existing deposition transcripts are substantively deficient or would somehow prevent them from communicating needed information to the jury." *Elsevier, Inc. v. Comprehensive Microfilm & Scanning Servs.*, 2013 U.S. Dist. LEXIS 153875, at *12 (M.D.Pa. Oct. 28, 2013); *cf. York Group v. Pontone*, 2012 U.S. Dist. LEXIS 193839, at *8-*9 (W.D.Pa. Sept. 27, 2012) (allowing Plaintiffs to take a second deposition because the Defendants had since filed counterclaims that were at issue). Unlike *Pontone*, there are no new claims asserted in this matter since the Witnesses were last deposed and, thus, there is no basis for making an exception to the limitations on depositions. To the extent the Court allows Plaintiffs to proceed with the untimely and burdensome second depositions of the Witnesses, the depositions should be limited in time to two hours or less, and to specific topics that Plaintiffs demonstrate, for good cause, were not addressed during the Witnesses' original depositions.

      **C.**      **Plaintiffs Failed to Properly Tender the Required Witness Fees and Mileage Allowance to the Individual Non-Party Witnesses.**

The Subpoenas are facially defective because Plaintiffs failed to properly serve the Subpoenas and provide the required witness fee and mileage allowance set forth in Rule 45(b)(1) of the Federal Rules of Civil Procedure to Matthew Egan, Chace Gundlach, Andrew McNally, and Nancy Monbouquette. That failure requires the Court to issue an order quashing the Subpoenas. Specifically, "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for one day's

attendance and the mileage allowed by law." *Yarus v. Walgreen Co.,* 2015 WL 4041955, at *2 (E.D.Pa. Jul. 1, 2015); *see also In re Dennis*, 330 F.3d 696, 705 (5th Cir. 2003) ("a court does not abuse its discretion by quashing a subpoena where the subpoenaing party tendered no mileage allowance whatsoever with the subpoena."). Plaintiffs served the subpoenas and witness fees for Matthew Egan, Chace Gundlach, Andrew McNally, and Nancy Monbouquette on Defendant's counsel via email on September 9, 2019, but Defendant's counsel did not agree to accept subpoenas for a second deposition of these individuals.[2] Thereafter, on September 10, 2019, Plaintiffs sent copies of the Subpoenas with checks to defense counsel's Philadelphia, PA office. The Court should enter an order quashing the Subpoenas as to Matthew Egan, Chace Gundlach, Andrew McNally, and Nancy Monbouquette based on Plaintiffs' failure to properly serve the Subpoenas and required witness fees and mileage reimbursement on these non-parties.

      **D.    Plaintiffs' Subpoenas Are Untimely And Impose an Undue Burden on the Witnesses and Defense Counsel.**

Rule 26(b)(2) of the Federal Rules of Civil Procedure provides that Courts must limit the frequency or extent of discovery when the "discovery sought […] can be obtained from some other source that is […] less burdensome" and when "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Here, the Court should grant Defendant's Motion and quash the Subpoenas because the Plaintiffs learned of the September 23, 2019 trial date in this matter on June 25, 2019 via the Court's Pre-Trial Order, Dkt. 284. Despite this ample notice period, Plaintiffs chose to wait until the last possible minute to issue the Subpoenas on September 9, 2019 – only two weeks before the trial date – and set the depositions

---

[2] Defendant's counsel generously agreed that it would bring Matthew Egan, Chace Gundlach, Andrew McNally, and Nancy Monbouquette to trial and would accept service of subpoenas for appearance at trial in Pittsburgh for these individuals. Yet Plaintiffs still chose to instead improperly serve Defendant's counsel with subpoenas for trial depositions of these individuals scattered in multiple states.

for September 19 and September 20, 2019, only three and four days before the trial date, to proceed in five different cities located in four different states. Moreover, even if the scheduled deposition dates did not create undue burden for defense counsel in defending depositions so close to the scheduled trial date, the deposition times and locations also conflict with each other, further inhibiting defense counsel's ability to defend the depositions.

The depositions will also present a hardship for the Court because the parties will need to wait for the transcripts to be prepared, prepare designations from these additional designations, object to such designations as necessary and submit any unresolved objections regarding the designations to the Court for the Court's review. Given the timing of the depositions on the Thursday and Friday before the trial set for the following Monday, it is improbable that these additional steps will be completed prior to the start of trial and can cause delay to the proceedings.

The Court should enter an order quashing the Subpoenas based on the undue burden such depositions would impose on the Witnesses, defense counsel, and the Court, particularly given that Plaintiffs are directly responsible for this burden by unreasonably delaying the issuance of the Subpoenas by several months. To the extent the Court allows Plaintiffs to proceed with the untimely and burdensome second depositions of the Witnesses, the depositions should be limited in time to two hours or less, and to specific topics that Plaintiffs demonstrate, for good cause, were not addressed during the Witnesses' original depositions.

## II.   CONCLUSION

For all of the above reasons, Defendant respectfully requests that this Court quash the trial subpoenas of Matthew Egan, Chace Gundlach, Tad Kuhn, Dean Mathieson, Andrew McNally, Nancy Monbouquette, and Robert Sutton.

        Respectfully submitted,
        <u>*/s/ Christina T. Tellado*</u>
        Thomas E. Hill (admitted *pro hac vice*)
        Thomas.Hill@hklaw.com
        Christina T. Tellado (PA204246)
        Christina.Tellado@hklaw.com
        HOLLAND & KNIGHT LLP
        400 South Hope Street, Floor 8
        Los Angeles, CA  90071
        Telephone:  (213) 896-2442
        Facsimile:  (213) 896-2450

        *Attorneys for Defendant*

Dated:  September 12, 2019

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that, this 12th day of September, 2019, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel indicated on the electronic filing receipt. Parties may access this filing through the Court's ECF system.

                                                                    */s/ Christina T. Tellado*  
                                                                    Counsel for Defendant