IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEX REINIG, KEN GRITZ, BOB SODA, MARY LOU GRAMESKY, PETER WILDER SMITH, WILLIAM KINSELLA, DANIEL KOLENDA, VALERIE DAL PINO, AHMAD NAJI, ROBERT PEDERSON, TERESA FRAGALE, DAVID HOWARD, DANIEL JENKINS, MARK ROSS, | 2:15-CV-01541-CCW |
| Plaintiffs, | |
| v. | |
| RBS CITIZENS, N.A., | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Strike Defendant's Undisclosed Witnesses, which relates to the forthcoming class certification hearing scheduled to begin on December 7, 2021. ECF No. 358.  In summary, Plaintiffs are seeking an (1) an order "striking five individuals listed in Defendant's Witness List and Offers of Proof (ECF No. 354) who Defendant failed to disclose pursuant to Rule 26(a) or Rule 26(e)" and (2) "an Order prohibiting those five (5) individuals from testifying at the upcoming Rule 23 Class Certification Hearing."  *Id.*  For the reasons that follow, Plaintiffs' Motion will be GRANTED.

### I.    Background

This hybrid Fair Labor Standards Act collective action and Pennsylvania putative Rule 23 class action case has a long and winding procedural history, which we will not recount here.  As relevant to the current Motion to Strike, Plaintiff filed a similar motion to strike four of the

witnesses at issue here (along with two others not at issue), and to preclude their testimony at the planned 2019 trial on Plaintiffs' FLSA claims, *see* ECF No. 319, which Defendant opposed. *See* ECF No. 325. However, then-presiding Judge Arthur Schwab did not decide that motion to strike before this case was stayed pending Defendant's Petition for Writ of Mandamus to the United States Court of Appeals for the Third Circuit. *See* ECF No. 339. That stay was in effect from September 13, 2019 to October 5, 2021, when the Third Circuit issued its decision on Defendant's Petition*, see* ECF No. 341-1, and this case was transferred to the undersigned.

Fact discovery in this case closed on March 17, 2017. *See* ECF No. 90. And, according to Volume I of the Special Master's Report:

> The parties have pursued extensive discovery, but their efforts did not extend to each of the individual opt-in Plaintiffs. Rather, the parties agreed to limit discovery to 59 persons: the 12 named Plaintiffs, 37 randomly selected opt-in Plaintiffs, 5 opt-in Plaintiffs chosen by Plaintiffs, and 5 opt-in Plaintiffs chosen by Citizens. *See* Broderick decl. exh. 2 (docket no. 112-1, Exhibit 1). Of these 59 persons, only the 12 named Plaintiffs and 29 opt-in Plaintiffs responded to written discovery propounded by Citizens. *See* Etter decl. at 2, ¶4 (docket no. 112-1). The parties exchanged written discovery and took 37 depositions—Citizens deposed 20 named or opt-in Plaintiffs, while Plaintiffs questioned Citizens' corporate witness, pursuant to Fed. R. Civ. P. 30(b)(6), and various current or former managerial employees. *Id*. at 2, ¶¶4-5.

ECF No. 179 at 3.

Plaintiffs' current Motion to Strike seeks to exclude the following five witnesses from testifying at the upcoming class certification hearing: Tom Coronato, Mark Johnson, Sonu Mittal, Brian Reed, and Jeffrey Shoemaker.[1] *See* ECF No. 358; *see also* ECF No. 354 (Defendant's Witness List). According to Plaintiffs, these witnesses were not named in Defendant's initial disclosures, nor were they named in any supplemental disclosure. *See* ECF No. 360 at 2. Plaintiffs concede, however, that Defendant named these witnesses in the pretrial witness list it filed in

---

[1] Plaintiffs sought to exclude Coronato, Johnson, Reed, and Shoemaker in the motion to strike they filed in 2019. *See* ECF No. 319.

August 2019.  *See id.* at 5 n.1.[2]  Nonetheless, Plaintiffs maintain that allowing these witnesses to testify at the class certification hearing would be unfair and prejudicial as Plaintiffs have not had the opportunity to obtain written discovery regarding these individuals, nor have any of them been deposed.  *Id.*

Defendant does not dispute that it failed to identify the disputed witnesses in its Rule 26 disclosures.  However, Defendant points out that four of the disputed witnesses—Coronato, Johnson, Reed and Shoemaker—are putative class members (and thus within Plaintiffs' initial disclosures, which "confirm their understanding that 'all current and former individuals employed by Defendant as loan officers' have information relevant to Plaintiffs' claims," ECF No. 361 at 3, n.1) and that Mr. Mittal, as Defendant's "current lead executive responsible for Citizen's mortgage loan business," is the successor to the prior executive in that role, Thomas Gamache, who was identified in witness lists filed by the parties in 2017 and 2019.  *Id.* at 3.  Furthermore, Defendant argues that Plaintiffs cannot now claim to be surprised by Defendant naming the disputed witnesses, given their prior identification in Defendant's 2019 witness list.  *See id.*

In light of Plaintiffs' concession that these witnesses were named in Defendant's 2019 pretrial witness list, Defendant maintains that Plaintiff will not suffer any prejudice or unfair surprise if the disputed witnesses testify at the class certification hearing.  Defendant further argues that, even if Plaintiffs' ability to cross-examine these witnesses is compromised (which Defendant does not concede), Plaintiffs' focus on cross-examination misapprehends the Court's task at the class certification stage.  Defendant points out that "[t]he Rule 23 hearing is not a trial on the merits of Plaintiffs' claims" and that in deciding whether to certify the proposed classes the Court has the

---

[2] Notwithstanding Plaintiffs' concession, the Court has reviewed Plaintiffs' and Defendant's 2019 witness lists and pretrial statements, and it does not appear that Mr. Mittal was named in any of those documents.  *See* ECF Nos. 302 and 303 (Plaintiffs' 2019 Pretrial Statement and Witness List);  ECF Nos. 305 and 306 (Defendant's 2019 Pretrial Statement and Witness List).

task of determining whether Plaintiffs' claims are capable of proof through representative evidence or whether individualized issues (like credibility) predominate. *See* ECF No. 361 at 6.

After this case was reassigned to the undersigned, the Court ordered the parties to confer and file a status report, *see* ECF Nos. 346–347. The Court then held a status conference at which the Court and parties discussed the upcoming class certification hearing. *See* ECF Nos. 349. The Court then issued an order scheduling the class certification hearing and setting deadlines for the parties to meet and confer and submit prehearing filings. *See* ECF No. 350.

Plaintiffs argue that, prior to filing its witness list on November 16, 2021, Defendant failed to "meaningfully confer" with Plaintiffs regarding its plan to call witnesses not identified in its Rule 26 disclosures. *See* ECF No. 360 at 6–7. Plaintiffs maintain that, had Defendant so conferred, the parties could have engaged in discovery sufficient to cure the present dispute.

Defendant contends that it had no obligation to "mention Defendant's intent to call the Subject Witnesses to testify at the Rule 23 hearing during the telephonic prehearing conference with the Court on October 19, 2021, or during the meet and confer process *prior* to that conference" because, prior to the October 19 conference, Defendant did not know the Court intended to conduct a class certification hearing or allow for witness testimony. ECF No. 361 at 4. Defendant does not address why, in the time between the October 19, 2021 conference and filing its witness list on November 16, 2021, it did not do anything to supplement its disclosures or confer with Plaintiff about the disputed witnesses (especially given Plaintiffs' prior attempt to strike some of these same witnesses).

Both parties agree that after Defendant filed its witness list, the parties met and conferred about Plaintiffs' pending Motion to Strike, and that Plaintiffs did not agree to Defendant's offer to

provide incomplete written discovery for the disputed witnesses prior to the Rule 23 hearing.  *See* ECF No. 360 at 7–8;  ECF No. 361 at 7.

## II.     Legal Standards

Initial disclosures are governed by Federal Rule of Civil Procedure 26.  In particular, Rule 26(a)(1)(A)(i)–(iv) governs what information each party must furnish to the other without waiting for a discovery request.  Fed. R. Civ. 26(a)(1)(A)(i)–(iv).  Under Rule 26(a)(1)(C), a party must typically make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference, subject to certain exceptions.  Fed. R. Civ. 26(a)(1)(C).  Under Rule 26(e), a party has a duty to supplement its initial disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1)(A);  *Veverka v. Royal Caribbean Cruises Ltd*., 649 Fed.Appx. 162, 166 (3d Cir. 2016);  *Kacian v. Brennan*, 2017 U.S. Dist. LEXIS 32629, at *8–9 (W.D. Pa. Mar. 8, 2017) (Gibson, J.).  A party's duty to supplement initial disclosures continues to be in effect beyond the close of discovery.  *See, e.g., Samuel, Son & Co. v. Beach* , Civil Action No. 13-128E, 2014 U.S. Dist. LEXIS 143549, at *13 (W.D. Pa. Oct. 9, 2014) (Fischer, J.).

A party who fails to identify a witness or provide information as required under Rule 26 "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  "The burden of proving substantial justification or harmlessness lies with the non-producing party."  *Frederick v. Hanna*, Civil Action No. 05-514, 2007 U.S. Dist. LEXIS 18626, at *13 (W.D. Pa. Mar. 16, 2007) (Ambrose, then-C.J.).  "Substantial justification exists if there is a genuine dispute about whether the party was required to make the disclosure.  And a failure to disclose is harmless if it involves an honest mistake, coupled with sufficient knowledge by the other party of

the material that has not been produced." *Kacian*, 2017 U.S. Dist. LEXIS 32629, at *7–8 (internal citations and quotations omitted).

District courts have broad discretion regarding evidentiary rulings, *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008);  that said, "exclud[ing] critical evidence is an 'extreme sanction,' not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of evidence." *In re Paoli R. R. Yard PCB Litig*., 35 F.3d 717, 791-92 (3d Cir. 1994) (quoting *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir. 1977)).  That said, where a party is faced with "untimely identification of voluminous evidence…that should have been produced, and where that untimely identification occurs almost immediately before trial, the Third Circuit has found that the exclusion of the late-disclosed evidence is a proper exercise of the court's broad discretion." *Ely v. Cabot Oil & Gas Corp*., No. 3:09-CV-2284, 2016 U.S. Dist. LEXIS 17378 (M.D. Pa. Feb. 12, 2016) (citing *Sowell v. Butcher & Singer, Inc*., 926 F.2d 289, 301 (3d Cir. 1991)).

According to the Third Circuit, before excluding evidence as a sanction, district courts must consider four factors:  "(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted;  (2) the ability of the party to cure that prejudice;  (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court;  and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation." *Nicholas v. Pa. State Univ*., 227 F.3d 133, 148 (3d Cir. 2000);  *see e.g., Gucker v. United States Steel Corp*., 2016 U.S. Dist. LEXIS 11519, at *13–16 (W.D. Pa. Jan. 31, 2016).  In addition, the Court should also consider the party's explanation for failing to disclose as well as the importance of the excluded testimony, the latter of which is often the most significant factor. *ZF Meritor, LLC v. Eaton Corp*., 696 F.3d 254, 298 (3d Cir. 2012);  *Orion Drilling Co.,*

*LLC v. EQT Prod. Co*., Civil Action No. 16-1516, 2018 U.S. Dist. LEXIS 208873, at *22 (W.D. Pa. Dec. 11, 2018).

## III.    Discussion

Plaintiffs' Motion will be granted.  Two important pieces of procedural context undergird the Court's decision.  First, the parties undertook "extensive" discovery on an agreed-upon subset of named and opt-in plaintiffs.  *See* ECF No. 179 at 3.  In a case with over 1,000 putative class members (about 350 of whom opted-in to the FLSA collective), this agreed-upon discovery procedure was eminently sensible and fair to both sides.  Second, this case was stayed for two years pending resolution of Defendant's Petition for Writ of Mandamus, during which time Plaintiffs could not have obtained discovery regarding the disputed witnesses.

Next, while the Court is cognizant that the exclusion of "critical evidence is an 'extreme sanction,'" *In re Paoli*, 35 F.3d at 791, as a necessary predicate to any decision to exclude evidence under Rule 37, the Court is not convinced that the disputed witnesses here possess "critical evidence."  If the five disputed witnesses are excluded, the parties together still have 17 witnesses that will be called and another 20 who may be called at the class certification hearing.  And Defendant does not argue that its opposition to class certification hinges on the testimony of these five disputed witnesses—nor could it, in light of Defendant's position that no hearing is necessary because the written record produced through discovery is complete and sufficient for the court to determine whether a class should be certified.[3]  *See, e.g.,* ECF No. 361 at 4.

Before reaching Rule 37, the Court first finds that Defendant was not excused, under Rule 26(e), from its ongoing duty supplement its initial disclosures.  Fed. R. Civ. P. 26(e)(1)(A).  Here,

---

[3] Furthermore, while the Court is cognizant that it has previously advised the parties of its preference, as factfinder for purposes of the class certification hearing, to admit all of the evidence and then determine the weight, if any, to give each piece of evidence, *see* ECF No. 350 at 3, n.1., that was with the understanding that the Federal Rules of Evidence are relaxed in the context of a class certification hearing—not the Federal Rules of Civil Procedure.

the disputed witnesses were not identified in Defendant's Rule 26 disclosures.  In addition, Defendant does not suggest that it has ever provided any discovery regarding either Mr. Mittal or Mr. Shoemaker, both of whom were not hired by Defendant until after the close of discovery.  *See* ECF No. 361 at 6, n.1.  Furthermore, neither the limited production of written material Defendant has made regarding Mr. Coronato, Mr. Johnson, and Mr. Reed (which appears to consist of only "hours worked, overtime and compensation data" in the form of unadorned spreadsheets), nor Defendant's offers of proof regarding the disputed witnesses, are sufficient to have made these witnesses "known" to Plaintiffs during discovery, especially in light of the size of the putative class and, as Plaintiffs argue, Defendant's "object[ion] to providing written discovery for any MLO [Mortgage Loan Officer] who was not a Named Plaintiff or a Discovery MLO."  ECF No. 360 at 5.

Next, under Rule 37(c)(1), Defendant has not met its burden to show that its failure to properly supplement its disclosures was harmless.[4]  In light of the agreed-upon and extensive discovery undertaken by the parties, it does not appear to the Court that Defendant's attempt to go outside of the parties' discovery witnesses—first in 2019 and again now—is merely an "honest mistake," nor does it, more importantly, appear that Plaintiffs are in possession of sufficient information regarding the disputed witnesses such that Defendant's failure to timely disclose is harmless.  As noted above, fact discovery closed in March of 2017.  It does not appear to the Court (nor does Defendant argue) that any attempt was made between March 2017 and now to re-open fact discovery to include the disputed witnesses.  Instead, Defendant posits that it should be

---

[4] Defendant does not appear to argue that its failure to supplement was substantially justified, that is, that there is a "genuine dispute about whether the party was required to make the disclosure."  *Kacian*, 2017 U.S. Dist. LEXIS 32629, at *7.

allowed to proceed with the disputed witnesses because Defendant has provided offers of proof and, for some of the disputed witnesses, incomplete written discovery. *See* ECF No. 361 at 7.

The information available to Plaintiffs regarding the disputed witnesses stands in contrast to the information they have regarding putative class members who participated in discovery. As the Special Master noted, the parties engaged in "extensive" discovery, including taking the depositions of 20 named or opt-in plaintiffs. Furthermore, as noted above, Plaintiffs point out (and Defendant does not dispute) that "Defendant objected to providing written discovery for any MLO who was not a Named Plaintiff or a Discovery MLO." In short, notwithstanding the limited information available to Plaintiffs regarding the disputed witnesses, the Court concludes that Defendant's failure to disclose or properly supplement was not harmless.

Finally, in considering the four factors outlined in *Nicholas*, the Court finds that factors (1) and (2)—prejudice and ability to cure—weigh in favor of excluding the disputed witnesses. Plaintiffs will be prejudiced by not being able to adequately prepare to examine the disputed witnesses and contest Defendant's one-sided supplementation of the record if these witnesses are allowed to testify. Furthermore, Defendant's belated offer of partial written discovery is not sufficient to cure that prejudice. Factor (3), which addresses whether "the evidence would disrupt the orderly and efficient trial of the case," does not weigh for or against exclusion. And factor (4), which goes to bad faith or willfulness, is also neutral because the Court cannot say on the record before it now that Defendant has deliberately attempted to skirt its disclosure obligations. Therefore, given the balance of factors, and especially in light of the substantial prejudice Plaintiffs will suffer if the disputed witnesses are allowed to testify, Plaintiffs' Motion to Strike will be granted.

## IV.    Conclusion

For the foregoing reasons, Plaintiff's Motion to Strike Defendant's Undisclosed Witnesses, ECF No. 358, is hereby GRANTED, and IT IS HEREBY ORDERED that the following witnesses are stricken from Defendant's Witness List, ECF No. 354, and will not be permitted to testify at the Rule 23 hearing: Tom Coronato, Mark Johnson, Sonu Mittal, Brian Reed, and Jeffrey Shoemaker.

DATED this 3rd day of December, 2021.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record