IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEX REINIG, KEN GRITZ, BOB SODA, MARY LOU GRAMESKY, PETER WILDER SMITH, WILLIAM KINSELLA, DANIEL KOLENDA, VALERIE DAL PINO, AHMAD NAJI, ROBERT PEDERSON, TERESA FRAGALE, DAVID HOWARD, DANIEL JENKINS, MARK ROSS,<br><br>          Plaintiffs,<br><br>    v.<br><br>RBS CITIZENS, N.A.,<br><br>          Defendant. | 2:15-CV-01541-CCW |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant RBS Citizens, N.A.'s,[1] Motion for Leave to File Documents Under Seal.  *See* ECF No. 385.  For the reasons that follow, Citizens' Motion will be GRANTED IN PART and DENIED IN PART.

**I.  Background**

On December 7, 8, and 9, 2021, the Court held a hearing on Plaintiffs' Motion for Class Certification, during which both parties offered excerpts from depositions taken during discovery. Following the hearing, the Court directed the parties "to file (1) 'a final designation of excerpts from depositions offered at the hearing (including any excerpts identified but not read or played

---

[1] Citizens identifies itself in its Motion as "Defendant Citizens Bank, N.A."  Furthermore, in other recent filings, Citizens has stated identified itself as "Defendant Citizens Bank, N.A. (incorrectly sued as RBS Citizens, N.A., and hereinafter referred to as 'Citizens' or 'Defendant')."  On December 6, 2021, the Court directed the parties to meet and confer regarding the correct name for Citizens and, if appropriate, file a motion to modify the case caption.  *See* ECF No. 367.  No such motion has been filed.

into the record at the hearing)' and (2) 'a written transcript of each deposition excerpt designated by that party as a separate exhibit to that party's final list of designations.' Separately, each party is also to submit to chambers, 'on CD or flash drive, any video deposition excerpts played during the hearing.'" ECF No. 380.

Citizens initially attempted to file its deposition transcript excerpts under seal without first obtaining permission to do so from the Court. *See id* (noting that pursuant to this District's standing order on the matter, "parties wishing to file documents under seal must obtain prior leave of Court for each document that is requested to be filed under seal."). The Court therefore struck Citizens' sealed filing. *See id.* Citizens now seeks leave to file its deposition transcript excerpts under seal. *See* ECF No. 385.

In support of its Motion, Citizens argues generally that:

> The Designation testimony Defendant offered at, or submitted in conjunction with, the evidentiary hearing includes extensive information regarding Citizens' proprietary and sensitive business information including compensation plans, confidential policies, information from Plaintiffs' personnel files, and Plaintiffs' pay and attendance records, all of which the parties designated as "Confidential" pursuant to the Stipulated Confidentiality and Protective Order the Court entered in this case, and other applicable Orders of the Court permanently sealing such. See Dkt. Nos. 46, 52, 105. The Designation testimony also contains extensive information regarding Plaintiffs' and Opt-In Plaintiffs' private, personal financial information, including but not limited to related to support obligations and other sensitive personal data.

ECF No. 385, ¶ 6. Citizens further maintains that:

> [T]he Designations contain sensitive personal, financial information about class members, in particular, their earnings, how earnings were structured (wages versus commissions) and amounts of each component, individual business plans within markets, child support/family support obligations and compliance/noncompliance with same, and related data which courts in this Circuit have held should be sealed.

*Id.*, ¶ 8. Accordingly, Citizens concludes generally that "[n]either party will be prejudiced by the granting of this Motion. If the Motion is not granted, however, each party, including named and Opt-In or discovery plaintiffs, will be prejudiced." *Id.*, ¶ 10.

## II.  Discussion

Under *In re Avandia*, 924 F.3d 662, 672–73 (3d Cir. 2019), "[a]nalytically distinct from the District Court's ability to protect discovery materials under Rule 26(c)" (i.e., pursuant to a protective order), is the presumption in favor of access to judicial materials and proceedings under the common law and First Amendment.  And, while "'[t]he First Amendment right of access requires a much higher showing than the common law right [of] access before a judicial proceeding can be sealed,'" both require that the party seeking sealing must demonstrate "'that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'"  *Id.* (quoting *In re Cendant Corp.,* 260 F.3d 183, 198 n.13 (3d Cir. 2001) and *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

The common law right of access attaches to a particular document or record when it becomes a "judicial record;" that is, when the document or record "'has been filed with the court . . . or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.'"  *Id.* at 672 (quoting *In re Cendant Corp.*, 260 F.3d at 192).  The deposition transcript excerpts at issue here—many of which were put into the record at a public hearing and all of which are being offered by Citizens in opposition to Plaintiffs' Motion for Class Certification—are "judicial records," as that term is defined under *In re Avandia*.  Once the common law right of access attaches, "'[t]here is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith.'"  *Id.* at 672 (quoting *In re Cendant Corp.*, 260 F.3d at 192–93).

Beginning with this "strong presumption," the Court concludes that Citizens, with limited exceptions, has not met its "burden of showing 'that the interest in secrecy outweighs the

presumption.'"[2]  *Id.* at 672 (quoting *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)).  First, Citizens argues that the transcripts at issue here contain information "regarding Citizens' proprietary and sensitive business information including compensation plans [and] confidential policies."  ECF No. 385, ¶ 6.  A showing that business information is merely confidential—without more—is insufficient to overcome the presumption in favor of access.  *See In re Avandia*, 924 F.3d at 679 n.14 (noting that "GSK has not claimed that any of the sealed documents contain trade secrets — a noted exception to the presumption of public access.  Confidential business information 'is not entitled to the same level of protection from disclosure as trade secret information.'") (quoting *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 663 (3d Cir. 1991)).

Next, while certain "information from Plaintiffs' personnel files, and Plaintiffs' pay and attendance records" may be of the type courts will protect—e.g. personal identifying information such as a home address, date of birth, or social security number, or personal financial information such as account numbers or account balances, *see, e.g.,* LCvR 5.2.D—Citizens has not articulated why sealing of the transcript excerpts in full (rather than redacting or modifying personal identifying or financial information as per our Local Rules) is necessary.  Indeed, having reviewed the deposition excerpts offered at the class certification hearing, it appears to the Court that the testimony at issue here focused primarily on the named and opt-in Plaintiffs' understanding of Citizens' overtime reporting policy and why the deponent did or did not report overtime or complain to their manager(s).  To the extent personal identifying information or personal financial

---

[2] Because we conclude that Citizens, in general, has not met its burden under the common law right of access, we need not address whether the deposition excerpts at issue here could be sealed subject to the First Amendment right of access.

information appears in the deposition excerpts, such information should be redacted in copies filed on the public docket, and unredacted versions should be submitted separately to the Court.

Finally, while the Court recognizes that the information Citizens seeks to file under seal now is the subject of prior sealing orders in this case entered by the then-presiding judicial officer, *see* ECF No. 385, ¶ 6 (citing ECF Nos. 46, 52, 105), those orders were entered before *In re Avandia* was decided and did not subject the information subject to those sealing orders to the level of scrutiny required under *In re Avandia*. Indeed, in the only post-*Avandia* decision cited by Citizens in support of its Motion, the court ordered *redaction* of personal identifying and financial information, not full sealing of the relevant records. *See Three Bros. Supermarket v. United States*, No. 2:19-cv-2003-KSM, 2020 U.S. Dist. LEXIS 176439 (E.D. Pa. Sep. 25, 2020) (ordering that "the Government shall file a revised version of the redacted administrative record. Consistent with the Court's Memorandum Opinion, the Government should redact only identifying and financial information [for specified parties]. The redacted administrative record will be made publicly available.").

### III. Conclusion

For the reasons set forth above, Citizens' Motion for Leave to File Documents Under Seal, ECF No. 385, is hereby GRANTED IN PART and DENIED IN PART. Citizens shall redact from the deposition transcript excerpts filed on the public docket only personal identifying and personal financial information. Unredacted versions should be submitted separately to the Court. *See* LCvR 5.2.D–F.

IT IS SO ORDERED.

DATED this 22nd day of December, 2021.

BY THE COURT:


/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge




cc (via ECF email notification):

All Counsel of Record