IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEX REINIG, KEN GRITZ, BOB SODA, MARY LOU GRAMESKY, PETER WILDER SMITH, WILLIAM KINSELLA, DANIEL KOLENDA, VALERIE DAL PINO, AHMAD NAJI, ROBERT PEDERSON, TERESA FRAGALE, DAVID HOWARD, DANIEL JENKINS, MARK ROSS, | | 2:15-CV-01541-CCW |
| | Plaintiffs, | |
| v. | | |
| RBS CITIZENS, N.A., | | |
| | Defendant. | |

**OPINION AND ORDER**

Before the Court are two disputes between the parties that stem from this case's complex procedural history:  (1) how many of the plaintiffs named in the operative Second Amended Complaint have individual claims under the Fair Labor Standards Act ("FLSA") that they can pursue at trial; and (2) whether and to what extent Plaintiffs may pursue class relief on a narrow subset of their original claims under the Pennsylvania Minimum Wage Act ("PMWA").  For the following reasons, the Court concludes that:  (1) each of the fourteen named plaintiffs in the Second Amended Complaint have individual claims to pursue at trial under the FLSA and corresponding state law;  and (2) although there is not presently a certified PMWA class, Plaintiffs shall have an opportunity to move for limited class certification regarding their PMWA Regular Rate Claim, as defined below.

I.      **Background**

Plaintiffs Alex Reinig, Ken Gritz, and Bob Soda—three former Mortgage Loan Officers ("MLOs") at RBS Citizens, N.A.—initiated this action by filing an individual, Rule 23 class, and FLSA collective action complaint against Citizens on November 23, 2015.  ECF No. 1.  Much has happened in the nearly eight years since.  Only the pertinent parts of the procedural history are set forth here.

Plaintiffs filed their first amended complaint on December 21, 2016, pursuant to a stipulation with Citizens.  ECF No. 85.  The amendment added nine new named plaintiffs:  Mary Lou Gramesky, Peter Wilder Smith, William Kinsella, Daniel Kolenda, Valerie Dal Pino, Ahmad Naji, Robert Pedersen, Teresa Fragale, and David Howard, each of whom was a former Citizens MLO.  *See id.* ¶¶ 24–36.  In the amended complaint, the twelve named plaintiffs alleged that they and similarly situated MLOs were underpaid, especially for overtime, in violation of the FLSA and corresponding state laws in Pennsylvania, Connecticut, Illinois, Massachusetts, Ohio, New York, North Carolina, Rhode Island, Michigan, and New Hampshire.  *See generally id.*  Plaintiffs brought their claims individually, but also sought to represent similarly situated parties in a collective action for the FLSA claims and in a class action for the state law claims.  *Id.* ¶ 13.  The day after Plaintiffs filed their amended complaint, District Judge Arthur Schwab, then presiding, appointed David R. Cohen as Special Master to consider motions for summary judgment and certification of the proposed collective and class actions.  ECF No. 86.

The Special Master resolved those motions in a two-volume Report and Recommendation.  ECF Nos. 179, 180.  He began by parsing Plaintiffs' pleadings—in which multiple theories of liability were alleged within a single Count—into two categories.  First, there were Plaintiffs'

"Recapture Claims," alleging that Citizens "adopted commission payment policies that worked to unlawfully 'recapture,' 'claw back,' or 'deduct' previously-earned hourly wages and overtime from earned commission in violation of [the FLSA] and state law." ECF No. 179 at 1. Second, there were Plaintiffs' "Off-the-Clock Claims," alleging that "Citizens maintained an unofficial policy requiring MLOs to perform work 'off the clock' in excess of forty hours per week, without paying overtime, in violation of federal and state law." *Id.* As to the Recapture Claims, the Special Master recommended certifying Rule 23 class and FLSA collective actions addressing the claims but granting summary judgment in favor of Citizens. *Id.* at 2. As to the Off-the-Clock Claims, the Special Master recommended certifying class and collective actions addressing the claims and denying Citizens' motion for summary judgment (with limited exceptions not relevant here). ECF No. 180 at 2.

On August 22, 2017, after Plaintiffs filed a Second Amended Complaint adding Mark Ross and Daniel Jenkins as plaintiffs—bringing the total to fourteen—but not otherwise changing Plaintiffs' substantive allegations,[1] Judge Schwab issued an order adopting the Special Master's Report and Recommendation. *See* ECF Nos. 172, 202, 204, 208, 212, 216. Citizens petitioned for leave to appeal from that order, at least to the extent that it certified class and collective actions for Plaintiffs' Off-the-Clock Claims. ECF No. 261. The Third Circuit granted leave to appeal and, in a published opinion, vacated "the District Court's order granting Plaintiff[s'] motion for class certification under Rule 23, and remand[ed] [the] matter for further proceedings." *Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 133 (3d Cir. 2018). The panel explained that "the District Court

---

[1] In moving for leave to file their Second Amended Complaint, Plaintiffs explained that the addition of Mr. Ross (a New York MLO) and Mr. Jenkins (a Massachusetts MLO) was to address concerns that the existing proposed class representatives for New York and Massachusetts sub-classes, Mr. Smith and Mr. Kinsella, "may have released [their] claims in the instant lawsuit as a result of [their] participation in a prior settlement for unpaid wages." ECF No. 172 at 8. Plaintiffs noted that aside from adding Mr. Ross and Mr. Jenkins as plaintiffs, the Second Amended Complaint "add[ed] no new legal theories and no new operative facts." *Id.* at 1.

failed to provide a sufficiently rigorous analysis to support its conclusions" regarding class certification and that, accordingly, the court could not "make a definitive determination as to whether Plaintiffs' representative evidence is sufficient to satisfy Rule 23's commonality and preponderance requirements." *Id.* at 124, 129.  The Court of Appeals therefore remanded the case "with instructions that the District Court conduct a 'rigorous' examination of the factual and legal allegations underpinning Plaintiffs' claims before deciding if class certification is appropriate." *Id.* at 130.

On remand, the case was eventually reassigned to the undersigned.  *See* ECF No. 342.  The Court then proceeded to consider the issue of class certification, consistent with the Third Circuit's remand.  After a three-day evidentiary hearing in December 2021 at which over 20 witnesses testified, the Court denied Plaintiffs' motion for class certification, highlighting significant differences between MLOs' circumstances.  *See* ECF No. 409.  The Court's opinion focused on Plaintiffs' Off-the-Clock Claims—claims predicated at least in part on allegations that Citizens had an unofficial "policy-to-violate-the-policy" when it came to its written overtime policies.  ECF No. 409 at 7–8.  That focus was consistent with the parties' briefing, which addressed the Off-the-Clock and not the Recapture Claims, on which the Court had already granted summary judgment. *See, e.g.*, ECF No. 396 at 1–3 (identifying the elements of Plaintiffs' Off-the-Clock Claims only); ECF No. 398 at 3 & n.3 (describing Plaintiffs' Off-the-Clock Claims and noting the prior dismissal of the Recapture Claims).  After a period of discovery, the Court scheduled the case for trial, which is currently set for October 30, 2023.  ECF Nos. 434, 444.

Most recently, the Court adjudicated two motions for reconsideration concerning rulings from before the case was reassigned.  In the first, Citizens moved for decertification of the FLSA collective action for Plaintiffs' Off-the-Clock claims, which Judge Schwab had certified in his

order adopting the Special Master's Report and Recommendation and which the Third Circuit had declined to consider on appeal. ECF No. 435. The Court granted Citizen's reconsideration motion, concluding that decertification of the FLSA collective was appropriate because the members of the proposed collective were not "similarly situated." ECF No. 448 at 8. In the second, Plaintiffs moved for reconsideration of the order adopting the Special Master's recommendation that summary judgment be entered on Plaintiffs' Recapture Claims. ECF No. 436. The Court denied Plaintiffs' motion insofar as they sought to revive their Recapture Claims in full. *Id.* at 11–12. Nevertheless, the Court agreed—"on very narrow grounds"—that summary judgment should not have been entered against Plaintiffs to the extent that they alleged that Citizens violated the PMWA by using a multiplier of 0.5 to calculate overtime pay rates rather than a multiplier of 1.5. *Id.* at 12–14. The Court thus reversed summary judgment on that narrow aspect of the Recapture Claims—what the Court referred to as Plaintiffs' PMWA "Regular Rate Claim"—and allowed it to proceed. *Id.*

The Court's reconsideration rulings prompted the instant disputes, which are discussed in turn below.

## II.    The Named Plaintiffs and Their Claims

The first issue before the Court is whether all fourteen of the named plaintiffs in the Second Amended Complaint may pursue their FLSA claims at trial now that the collective action has been decertified. The Court identified this issue in ruling on Citizens' motion to decertify the FLSA collective[2] and has since ordered briefing on the matter. Plaintiffs maintain that all fourteen of them have live FLSA claims (in addition to corresponding claims under various state laws), ECF

---

[2] Specifically, the Court noted that after its decertification of the FLSA collective it "appear[ed] to the Court that the only proper remaining named Plaintiffs with respect to the FLSA portion of the case are Alex Reinig, Ken Gritz, and Bob Soda" but that it would "provide the parties with an opportunity to confer and confirm this." ECF No. 435.

No. 457 at 1, while Citizens argues that only Mr. Reinig, Mr. Gritz, and Mr. Soda may proceed to trial on the previously certified FLSA claims.  ECF No. 455 at 1.

The parties agree on the applicable legal framework for addressing the issue.  Both cite to caselaw for the proposition that upon decertification "the court will . . . dismiss the opt-in plaintiffs without prejudice . . . and permit the named plaintiffs to proceed to trial."  *Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 226 (3d Cir. 2016);  *see* ECF No. 455 at 5;  ECF No. 457 at 1 (quoting *Halle*, 842 at 226).  But the parties disagree on the proper application of this rule here.  Citizens insists that the eleven plaintiffs who are not Mr. Reinig, Mr. Gritz, and Mr. Soda are functionally opt-in plaintiffs, despite being named in the operative Second Amended Complaint, because they were originally opt-in plaintiffs who were only named for the purpose of representing state-law sub-classes.  Plaintiffs, by contrast, maintain that by the terms of the Second Amended Complaint they are named plaintiffs who may pursue individual claims even in the absence of an FLSA collective action.

Plaintiffs have the better of the argument.  Whatever the reason that the eleven plaintiffs were added as named plaintiffs, they were added as just that—named plaintiffs.  *See* ECF No. 208 ¶¶ 1–14.  Thus, a straightforward application of *Halle* resolves the issue.  Upon decertification, opt-in plaintiffs' claims were dismissed without prejudice but the named plaintiffs—all fourteen of them—were free to proceed to trial on their individual claims under the FLSA and corresponding state law (to the extent that those claims were not previously dismissed).  *See Halle*, 842 at 226.  Citizens has not pointed to any contrary authority suggesting that the reason plaintiffs were added as named plaintiffs in a complaint impacts the inquiry.

In the alternative, Citizens presents two arguments.  First, it argues that the Court lacks jurisdiction over the eleven disputed plaintiffs' claims.  The Court disagrees because Citizens'

argument depends on the false premise that the eleven disputed plaintiffs' FLSA claims were dismissed.  For the reasons already given, all fourteen named Plaintiffs have live claims under the FLSA.  The Court has jurisdiction over those claims, which raise a federal question, 28 U.S.C. § 1331, and supplemental jurisdiction over the corresponding state law claims given how closely related they are, 28 U.S.C. § 1367.  Second, Citizens argues that the Court should sever the eleven disputed plaintiffs' claims from those of the original three and then from each other's due to differences between their individual circumstances.  The Court again disagrees, because doing so would result in multiple trials on the same theories of liability involving overlapping evidence regarding Citizens' overtime practices.  While the individual plaintiffs' claims are not so similar as to support class or collective treatment, severing the claims would be highly inconvenient and inefficient for the Court and the parties alike.  *See Hannah v. Johnson & Johnson Inc.*, No. CV 18-10319, 2020 WL 3497010, at *5 (D.N.J. June 29, 2020) ("Rule 21 may also be invoked to sever the claims of parties otherwise permissively joined pursuant to Rule 20(a) for convenience, to avoid prejudice, or to promote the expeditious resolution of the litigation.").  The Court, accordingly, rejects Citizens' request to sever.

In sum, this Court's decertification of the FLSA collective in this case did not result in the dismissal of the individual FLSA claims raised by the fourteen named plaintiffs in the Second Amended Complaint.  Those fourteen named plaintiffs may pursue their individual claims at trial, whether brought under the FLSA or a corresponding state law.

## III.    The Purported PMWA Class

The second issue before the Court is whether and to what extent Plaintiffs may pursue a class action as to their PMWA Regular Rate Claim, which the Court recently revived in granting in part Plaintiffs' motion for reconsideration.  Plaintiffs raised the issue when they filed a letter

brief "regarding the urgent need for the Court to authorize notice to the Rule 23 certified Pennsylvania class prior to trial." ECF No. 451 at 1. According to Plaintiffs, their PMWA Regular Rate Claim was certified for class treatment when Judge Schwab adopted the Special Master's Report and Recommendation, such that when this Court revived the claim in reconsidering the earlier grant of summary judgment there was an already certified class ready and waiting to pursue class relief. *See generally id.* The parties have since further briefed the issue, with Citizens taking the position that there is no currently certified class to pursue the Regular Rate Claim, which it argues should proceed to trial on an individual basis. ECF Nos. 456, 461, 464.

Ultimately, the Court concludes that the proper path forward lies somewhere in the middle. On the one hand, the Court does not agree with Plaintiffs' argument that there is a currently existing PMWA class that has been hibernating for the past six years since Judge Schwab certified that class but granted summary judgment on Plaintiffs' Recapture Claims. Although the Third Circuit appeal of the original class certification order focused on the Off-the-Clock Claims, the Third Circuit unequivocally vacated Judge Schwab's class certification order—not just some part of it. *See Reinig*, 912 F.3d at 133 (vacating "the District Court's order granting Plaintiff[s'] motion for class certification under Rule 23, and remand[ed] [the] matter for further proceedings"). That the focus of the appeal was on the Off-the-Clock Claims was unsurprising because Citizens had little reason to take issue with class certification for the Recapture Claims, given that summary judgment was entered in its favor on those claims. It is likewise unsurprising that the Third Circuit vacated the entirety of the class certification order, because the defects in that order identified by the Third Circuit were not claim specific.

On the other hand, the fact that there is not *currently* a certified class does not mean Plaintiffs should be barred from pursuing one. Citizens makes much of the fact that Plaintiffs'

request to authorize notice came just two months before trial and some six years after Judge Schwab's original class certification order.  Though not ideal, the timing is not due to delay by Plaintiffs.  Plaintiffs had no reason to pursue class notice (or any other sort of class action procedure) for the Recapture Claims after Judge Schwab entered summary judgment on those claims in favor of Citizens.  It was not until August 25, 2023, when this Court revived a narrow subset of the Recapture Claims—specifically, the PMWA Regular Rate Claim—that such a claim became viable again.  And Plaintiffs acted promptly once that happened, filing their letter brief less than one week later.  So, to the extent that Citizens argues that Plaintiffs have waived or forfeited their ability to pursue a class action as to the PMWA Regular Rate Claim, this Court disagrees.

The question thus becomes how best to proceed.  Plaintiffs argue that even if there is no currently certified class, this Court is bound to proceed consistent with the Special Master's Report and Recommendation, to which Citizens did not object insofar as the Special Master recommended certifying a class action for the Recapture Claims.  The Court disagrees for a few reasons.  First, the Regular Rate Claim is a narrow subset of the Recapture Claims considered by the Special Master, which was addressed only briefly and as part of a broader discussion of the Recapture Claims generally.  The Report and Recommendation is thus of questionable relevance as the case now stands.  Second, the Third Circuit's remand of the class certification order identified flaws in the Report and Recommendation itself (not just the Court's order adopting it), which render the Report and Recommendation unhelpful when it comes to proceeding with a class.  For example, the Report and Recommendation does not clearly articulate a class definition aside from cross-referencing the first amended complaint, let alone one specific to the newly revived PMWA Regular Rate Claim.  *See also Reinig*, 912 F.3d at 129 ("barebones analysis" in the Special

9

Master's Report and Recommendation "without citations to specific, factual support in the record, simply does not permit a reviewing court to conclude that the District Court in fact undertook the 'rigorous' review mandated by our precedents"). The Court therefore declines Plaintiffs' invitation to follow the Report and Recommendation.[3]

Instead, the Court will offer Plaintiffs the opportunity to file a renewed motion for class certification limited to their PMWA Regular Rate Claim.[4] Doing so allows Plaintiffs to seek class certification on their PMWA Regular Rate Claim and allows Citizens the opportunity to contest the appropriateness of class certification. *See* ECF No. 464 at 9–10 (Citizens noting its intention to raise arguments regarding the statute of limitations and prior settlements). Of course, litigating class certification and, if necessary, providing notice to absent class members ahead of an October 30, 2023 trial is not possible. The Court, accordingly, will vacate the October 30, 2023 trial and its accompanying deadlines by separate order.

## IV.     Conclusion

For the foregoing reasons, it is **HEREBY ORDERED** that:

1. All fourteen named plaintiffs in the Second Amended Complaint may pursue their individual claims under the FLSA and corresponding state law at trial, to the extent that those claims have not been dismissed by a prior order of this Court.

2. Plaintiffs will be granted an opportunity to file a renewed motion for class certification specific to their PMWA Regular Rate Claim. On or before September 20, 2023, the parties shall meet and confer regarding a proposed schedule for

---

[3] Because the Court cannot meaningfully rely on the Report and Recommendation, it will not address Plaintiffs' argument that Citizens should be bound by the recommendations therein to the extent that Citizens did not specifically object.

[4] Plaintiffs argue that if the Third Circuit did in fact vacate the entirety of the prior class certification order, their original motion for class certification—filed over six years ago—would remain pending for this Court to consider. Even assuming Plaintiffs were correct, the better course is to have Plaintiffs refile a renewed motion with appropriate support because their original motion is not in any way tailored to address the PMWA Regular Rate Claim.

promptly resolving Plaintiffs' forthcoming renewed motion and shall file a joint status report regarding the same.  To the extent that the parties disagree regarding the appropriate next steps, they shall set forth their respective positions.

DATED this 15th day of September, 2023.

BY THE COURT:


/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge


cc (via ECF email notification):

All Counsel of Record

11