IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEX REINIG, KEN GRITZ, BOB SODA, MARY LOU GRAMESKY, PETER WILDER SMITH, WILLIAM KINSELLA, DANIEL KOLENDA, VALERIE DAL PINO, AHMAD NAJI, ROBERT PEDERSON, TERESA FRAGALE, DAVID HOWARD, DANIEL JENKINS, MARK ROSS,<br><br>   Plaintiffs,<br><br>  v.<br><br>RBS CITIZENS, N.A.,<br><br>   Defendant. | 2:15-CV-01541-CCW |

## **OPINION**

Before the Court is Plaintiffs' Motion to Reconsider and/or Amend the Decertification Order Pursuant to Fed. R. Civ. P. 54(b) and for Equitable Tolling of the Opt-In Plaintiffs' FLSA and State Law Claims. ECF No. 473. Plaintiffs request that the Court amend its decision decertifying the FLSA collective action, ECF No. 449 ("Decertification Order"), to equitably toll certain statutes of limitations applicable to the Opt-in Plaintiffs who were dismissed from this action via that Decertification Order. For the following reasons, the Court will **GRANT IN PART** and **DENY IN PART** Plaintiffs' Motion.

**I. Background**

Because of the extensive litigation in this case to date, the Court will only recount the necessary procedural and factual background related to the Motion.

Plaintiffs, a group of current and former Mortgage Loan Officers ("MLOs") employed by Defendant RBS Citizens, N.A. ("Citizens"), allege that, notwithstanding Citizens' official timekeeping policy, which requires MLOs to report all hours worked, Citizens maintained an unofficial policy of discouraging MLOs from reporting overtime, thereby resulting in MLOs working off the clock. Plaintiffs seek damages for unpaid overtime wages.

Plaintiffs assert FLSA claims as a collective action and approximately ten (10) state-law claims on a class-wide basis. ECF No. 208 at ¶ 15. In a two-volume report, which addressed motions for summary judgment and motions for class and collective certification, the Special Master recommended that (1) summary judgment be granted in Citizens' favor for Plaintiffs' "recapture" claims under the FLSA; (2) summary judgment be granted in Citizens' favor for Plaintiffs' claims under the Pennsylvania Minimum Wage Act ("PMWA"); and (3) Plaintiffs' conditionally certified FLSA collective action be finally certified pursuant to 29 U.S.C. § 216(b). *See* ECF Nos. 179, 180. On August 22, 2017, United States District Judge Arthur Schwab, then presiding, adopted the Special Master's Report and Recommendation, dismissed the recapture claims under the FLSA, dismissed the claims under the PMWA, and finally certified a FLSA collective action pursuant to § 216(b). ECF No. 216.

Simultaneously, Judge Schwab certified a class action pursuant to Federal Rule of Civil Procedure 23, which allowed Citizens to appeal the order under Rule 23(f). *See* ECF No. 261 (notice of appeal); *see also* ECF No. 258 (order granting petition for allowance of appeal under Rule 23(f)). On appeal, the Third Circuit found that, based on the record as it then existed, it could not "make a definitive determination as to whether Plaintiffs' representative evidence is sufficient to satisfy Rule 23's commonality and preponderance requirements." *Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 129 (3d Cir. 2018). The Court of Appeals therefore vacated the class certification

order and remanded "with instructions that the District Court conduct a 'rigorous' examination of the factual and legal allegations underpinning Plaintiffs' claims before deciding if class certification is appropriate." *Id.* at 130. On remand to the District Court, Plaintiffs filed a renewed motion for class certification. *See* ECF No. 281. Plaintiffs sought to certify a putative class of more than 1,400 MLOs spread against the following ten states: Connecticut, New York, Massachusetts, Ohio, Pennsylvania, Illinois, North Carolina, Rhode Island, Michigan, and New Hampshire. ECF No. 409 at 2 n. 3. After another appeal to the Third Circuit for reasons not directly related to the pending Motion, the case was later reassigned to the undersigned.

Following the transfer, in December 2021, the Court held a three-day evidentiary hearing on Plaintiffs' motion for class certification. *See* ECF Nos. 371, 372, 374. After considering the evidence presented at the hearing and in the parties' voluminous pre-and post-hearing submissions, the Court denied Plaintiffs' motion for class certification, highlighting significant differences between MLOs. *See* ECF No. 409.

After the Court's denial of Rule 23 class certification, the case progressed, but only as a finally certified FLSA collective action. The FLSA collective consisted of 351 opt-in Plaintiffs, who are current or former MLOs. ECF No. 179 at 6.

In light of the development of the record since the Court's 2017 decision finally certifying the FLSA collective, on July 21, 2023, Citizens filed a motion for reconsideration, asking the Court to decertify the FLSA collective action. *See* ECF No. 435. Plaintiffs also filed a motion for reconsideration, seeking reconsideration of the summary judgment dismissal of the recapture claims under the FLSA and the "regular-rate" claims under the PMWA. *See* ECF No. 436. On August 25, 2023, the Court granted Citizens' motion, decertifying the FLSA collective action and dismissing the opt-in MLOs without prejudice. ECF No. 449. The Court granted in part and

3

denied in part Plaintiffs' motion. *Id.* The Court granted Plaintiffs' motion with respect to a very narrow aspect of the Recapture Claims—a PMWA Regular Rate Claim, *id.*,—and the Court denied Plaintiff's motion in all other respects. *Id.* It is this Decertification Order that Plaintiffs now seek to have revised or amended to allow the statute of limitations to be tolled for the opt-in Plaintiffs' FLSA and state-law claims. ECF No. 473.

## II.     Standard of Review

A motion for reconsideration or revision of an interlocutory order is subject to Federal Rule of Civil Procedure 54(b). *Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016). Here, the Decertification Order that Plaintiffs ask the Court to reconsider is an interlocutory order. *Camesi v. Univ. of Pittsburgh Medical Center*, 729 F.3d 239, 247 (3d Cir. 2013). Rule 54(b) provides that interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

Unlike final orders, which are governed by Rule 59(e), a court may reconsider an interlocutory order "even if the movant cannot show an intervening change in controlling law, the availability of new evidence that was not available when the court issued the underlying order, or 'the need to correct a clear error of law or fact or to prevent manifest injustice.'" *See Qazizadeh*, 214 F. Supp. 3d at 295 (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Rather, a district court may reconsider an interlocutory order whenever it is "consonant with justice" to do so. *In re Anthanassious*, 418 F. App'x 91, 95 (3d Cir. 2011) (quoting *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973)). This discretion must be exercised "in a responsible way, both procedurally and substantively" with "a presumption against reconsideration of interlocutory decisions." *Id.* at 95–96. Although a court "has the power to revisit prior decisions of its own," it "should be loathe to do so in the absence of extraordinary

4

circumstances." *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)).

## III. Legal Standard for Equitable Tolling

District Courts within the Third Circuit have read the equitable tolling doctrine into the FLSA statute of limitations. *Woodward v. FedEx Freight E., Inc.*, 250 F.R.D. 178, 193 (M.D. Pa. 2008); *Vargas v. General Nutrition Centers, Inc.*, No. 2:10-cv-867, 2012 WL 5336166, at *5 (W.D. Pa. Oct. 26, 2012) (McVerry, J.); *Jones v. Giant Eagle, Inc.*, No. 2:18-cv-282, 1534, 2019 WL 4743687, at *4 (W.D. Pa. Sept. 30, 2019) (Cercone, J). Nevertheless, equitable tolling is a "remedy available only sparingly and in extraordinary situations." *Robinson v. Dalton*, 107 F.3d 1018, 1023 (3d Cir. 1997).

Equitable tolling of the applicable limitations period "may be appropriate" in three circumstances: "'(1) if the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum.'" *Wintjen v. Denny's, Inc.*, No. 2:19-cv-00069, 2021 WL 5370047, at *17 (W.D. Pa. Nov. 18, 2021) (Wiegand, J.). The plaintiff bears the burden to prove that tolling is appropriate. *Hann v. Crawford & Co.*, Civ. A. No. 00-1908, 2005 WL 2334676, at *4 (W.D. Pa. Aug. 9, 2005) (Ambrose, J.). While equitable tolling is to be used sparingly, "the ultimate question is whether a grant of equitable tolling would be in the interests of justice" and equitable tolling may be necessary "despite not fitting squarely into one of the three instances identified by the Third Circuit." *Hart v. Gov't Emps. Ins. Co.*, 609 F. Supp. 3d 323, 329 (M.D. Pa. 2022); *Gallagher v. Charter Foods, Inc.*, No. 2:20-CV-00049, 2021 WL 2581153, at *6 (W.D. Pa. June 23, 2021) (Colville, J.) ("Courts have equitably tolled the statute of limitations in a FLSA action when doing so is in the interest of justice.").

5

## IV. Discussion

### A. Plaintiffs' Motion is Timely

Preliminarily, Citizens contends that Plaintiffs' Motion is untimely. ECF No. 476 at 6–7. Citizens does not cite, and the Court has not independently located, any authority regarding when a motion to reconsider an interlocutory order is or is not timely. ECF No. 476 at 3–4. Plaintiff correctly notes that *In re Pharmacy Benefit Managers*, 582 F.3d 432 (3d Cir. 2009), which Citizens relies on, does not discuss this topic. ECF No. 480 at 3. Further, Federal Rule of Civil Procedure 54(b)[1] permits the Court to revisit an interlocutory decision at any time before the entry of judgment. Plaintiffs' Motion was filed approximately eight weeks after the Decertification Order. ECF Nos. 449, 473. Accordingly, there is no legal or factual basis for the Court to conclude that Plaintiffs' Motion is untimely.

### B. The Court will Amend the Decertification Order to toll the FLSA Claims for 30 Days

Plaintiffs first ask the Court to amend the Decertification Order to equitably toll the opt-in Plaintiffs' FLSA claims from the date the opt-in Plaintiff filed his or her consent form through 30 days from the date of the amended order. ECF No. 474 at 8–9. Plaintiffs represented that Citizens did not oppose this request. ECF No. 474 at 8. In response, Citizens advised that it did not oppose tolling of the opt-in Plaintiffs' FLSA claims for 30 days from the date of the amended order. ECF Nos. 476 at 8, 476-1. However, Citizens did oppose amending the Decertification Order to toll the statute of limitations from the date the opt-in Plaintiffs filed their respective consent forms.

---

[1] Although Citizens acknowledges that Plaintiffs are seeking reconsideration of an interlocutory order, pursuant to Fed. R. Civ. P. 54(b), Citizens nonetheless intertwines its untimeliness argument with the more stringent test for reconsidering a final judgment per Fed. R. Civ. P. 59(e). ECF No. 475 at 6–7. As discussed *supra* in Section II, Rule 59(e) is not applicable here because the Court's Decertification Order is interlocutory, not a final judgment.

6

ECF No. 476 at 8–9. Citizens argues that none of the cases Plaintiffs rely on support such an early tolling date. *Id.* at 9.

The Court will grant in part Plaintiffs' request for tolling of the opt-in Plaintiffs' FLSA claims. Citizens does not oppose amending the Decertification Order to toll the statute of limitations for the opt-in Plaintiffs' FLSA claims for 30 days from this Opinion and accompanying Amended Decertification Order. ECF No. 476 at 8. And the Court finds it is consonant with justice to do so. The Court will accordingly amend the Decertification Order to hold that the FLSA claims of the opt-in Plaintiffs who were dismissed in the Decertification Order are tolled for 30 days from the date of this Opinion and the Amended Decertification Order. *See Scott v. Chipotle Mexican Grill*, 12-cv-8333, 2017 WL 1434498, at *1 (S.D.N.Y. April 18, 2017) (equitably tolling statute of limitations following decertification given the "size and geographic scope of the class in this case").

The Court finds that it is not consonant with justice to toll the opt-in Plaintiffs' statute of limitations from the filing date of his or her consent form, and will deny that request, for several reasons.

*First*, nearly every case cited by Plaintiffs involving an FLSA decertification order tolled the statute of limitations from a specified date relative to the decertification order, *not* from the filing date of the consent form. *See, e.g.*, *Roberson v. Rest. Delivery Developers, LLC*, 320 F. Supp. 3d 1309, 1321 (M.D. Fla. 2018); *Scott v. Chipotle Mexican Grill, Inc.*, 2017 WL 1434498, at *1; *McEarchen v. Urban Outfitters, Inc.*, No. 13-cv-3569, 2017 WL 3912345, at *3 (E.D.N.Y. Sept. 6, 2017); *Bock v. Salt Creek Midstream LLC*, No. 19-1163, 2020 WL 7495605, at *3 (D. N.M. Dec. 21, 2020).

*Second*, this Court is not the proper forum for a determination of whether the opt-in Plaintiffs' FLSA claims are time-barred. Since the opt-in Plaintiffs' FLSA claims were dismissed, they are not before this Court. Any questions regarding the applicability of the statute of limitations should be left to the court where any new actions are commenced. As the Court is not resolving whether the opt-in Plaintiffs' FLSA claims are timely, the other cases relied on by Plaintiffs are inapplicable. *See Allen v. Walgreen Co.*, No. 14-2244, 2015 WL 8769976 (E.D. La. Dec. 15, 2015) (addressing whether statute of limitations barred opt-in plaintiff's FLSA claim on motion for summary judgment); *Plants v. U.S. Pizza Company, Inc.*, 4:18-cv-432, 2020 WL 54027 (E.D. Ark. Jan. 3, 2020) (addressing whether statute of limitations barred opt-in plaintiffs' FLSA claims on motion for summary judgment); *Butler v. DirectSAT USA, LLC*, 55 F. Supp. 3d 793 (D. Md. 2014) (addressing whether statute of limitations barred opt-in plaintiffs' FLSA claims on motion for summary judgment).

Accordingly, the Court will not amend the Decertification Order to toll the statute of limitations for the opt-in Plaintiffs' FLSA claims from the date of the filing of consent forms.

C.     **The Court will Not Toll the State Claims**

Plaintiffs also seek to equitably toll the "analogous state wage and hour claims" of the opt-in Plaintiffs, from the date the complaint was filed to 30 days from the entry of an amended decertification order, or alternatively, solely 30 days from the entry of an amended decertification order. ECF No. 474 at 6. Preliminarily, Citizens argues that the phrase "analogous state wage and hour claims" is impermissibly vague and ambiguous. ECF No. 476 at 7–8. The Court agrees that Plaintiffs' term of art is unhelpful.[2] Therefore, for purposes of the Motion, the Court will construe

---

[2] Initially, Plaintiffs did not define the meaning of "analogous state wage and hour claims." *See generally* ECF No. 208. After Citizens highlighted the vague phrasing in its Response, ECF No. 476, Plaintiffs then broadened their definition to the "state wage and hour claims…set forth in their operative complaints" in their reply. ECF No. 480 at 4.

8

"analogous state wage and hour claims" to refer to the statutory provisions of Connecticut, New York, Massachusetts, Ohio, Pennsylvania, Illinois, North Carolina, Rhode Island, Michigan, and New Hampshire delineated in the Second Amended Complaint and will refer to them collectively as the "State Claims." ECF No. 208 ¶ 15.

Plaintiffs assert three bases for equitable tolling of the State Claims: relation back under Fed. R. Civ. P. 15(c)(1)(B); misjoinder and severance under Fed. R. Civ. P. 21; and, alternatively, dismissal for lack of supplemental jurisdiction per 28 U.S.C. § 1367(d). ECF No. 474 at 6–11. However, Plaintiffs' request for equitable tolling of the State Claims rests upon a crucial threshold proposition—that the opt-in Plaintiffs' State Claims are before this Court. Plaintiffs argue (1) that the opt-in Plaintiffs were "party plaintiffs" for both their FLSA and State Claims and (2) that opt-in Plaintiffs can bring state claims in an FLSA collective action. ECF No. 474 at 8–10. Citizens opposes any tolling of the State Claims' statute of limitations and primarily argues that the opt-in Plaintiffs were only party plaintiffs with respect to their FLSA claims, not for any state law claims, and therefore the statute of limitations on the State Claims began to run when Rule 23 class certification was denied. ECF No. 476 at 9–12.

As will be explained below, the Court agrees with Citizens that opt-in Plaintiffs were only party plaintiffs with respect to their FLSA claims. Because the opt-in Plaintiffs were only party plaintiffs with respect to their FLSA claims and did not bring their respective State Claims into the FLSA collective action, the opt-in Plaintiffs' State Claims are not presently before this Court. Accordingly, tolling is not appropriate, and the Court need not reach Plaintiffs' arguments under Rules 15, 21 and 28 U.S.C. § 1367.

### 1. The Opt-In Plaintiffs are Not "Party Plaintiffs" with Respect to Their State Claims

Plaintiffs assert that by virtue of completing their consent forms, the opt-in Plaintiffs became party plaintiffs for both their FLSA and State Claims in this action. ECF No. 474 at 8. According to Plaintiffs, the denial of Rule 23 class certification did not impact the State Claims, as they were also joined to this action under Federal Rule of Civil Procedure 20. ECF No. 474 at 10. Plaintiffs rely solely on *Fischer v. Federal Express Corp.*, 42 F. 4th 366, 376–77 (3d Cir. 2022) to argue that because opt-in plaintiffs became party plaintiffs, they "should have the same status in relation to the claims of the lawsuit as do the named plaintiffs." ECF 474 at 8. But Plaintiffs read *Fischer* too broadly. In *Fischer*, the Third Circuit addressed whether out-of-state opt-in plaintiffs must establish personal jurisdiction over the defendant. 42 F. 4th at 380. The opt-in plaintiffs argued that the Rule 23 class action device was analogous to § 216(b) of the FLSA's collective action device for purposes of personal jurisdiction. *Id.* at 373. The Third Circuit disagreed. *Id.* at 373–76. In explaining the differences between the two devices, the Court stated that "[o]nce the class is certified, Rule 23(a) explicitly contemplates the named plaintiff or defendant acting as a representative party. No analogous language appears in § 216(b)." *Id.* at 376 (cleaned up). The Third Circuit then contrasted the class representative in Rule 23 from the party plaintiff in § 216 (b) of the FLSA, and stated "by defining them as party plaintiffs, the statute indicates 'opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs.'" *Id.* The Third Circuit's reference to "claims of the lawsuit" is limited to claims under the FLSA; the Third Circuit was not discussing state claims.

There is scant jurisprudence on whether an FLSA opt-in plaintiff also opts-in to the state-law claims in the complaint when he or she files a consent form pursuant to § 216. In the absence

10

of guidance from the Third Circuit, the Court finds persuasive the district court opinions that have squarely addressed the issue and concluded that an employee who opts-in to an FLSA collective action does not automatically become a party to any state-law claims alleged by the named plaintiffs. *See Helmert v. Butterball, LLC*, No. 4:08-cv-342, 2010 WL 11530649 (E.D. Ark. May 27, 2010); *Boudreaux v. Schlumberger Tech. Corp.*, No. 6:14-cv-2267, 2022 WL 992671, at *2 (W.D. La. Mar. 30, 2022) ("Plaintiffs essentially argue that once an Opt-In Plaintiff filed the necessary consent form, they opted into the case for all purposes and can assert any claim raised in the amended complaint, including the California state law claims. This argument is inconsistent with Section 216(b) of the FLSA, the notice provided to the Opt-In Plaintiffs, and the consent forms filed by these plaintiffs."); *Cantu v. Mammoth Energy Services*, No. SA-19-cv-615-DAE, 2023 WL 3681704, at *11 (W.D. Tex. Feb. 28, 2023) ("Opt-in Plaintiffs are not parties to state law claims asserted in a hybrid action solely by virtue of filing a consent form and opting into the Section 216(b) collective action."); *Bradford v. CVS Pharmacy, Inc.*, No. 1:12-CV-1159-TWT, 2013 WL 5587350, at *3 (N.D. Ga. Oct. 10, 2013) ("Although a majority of the other Circuits have not expressly addressed this question, they have suggested that a collective action brought under the FLSA is limited to FLSA claims"). In reviewing the language of § 216(b), these district courts have routinely held that § 216(b) creates an opt-in procedure specifically for FLSA claims only. *See Helmert*, 2010 WL 11530649, at *2 ("Congress did not authorize an opt-in procedure for claims arising under state law; rather, Congress authorized an opt-in procedure for actions to recover under the FLSA. By opting in to an FLSA collective action, an employee does not join in every state-law claim alleged by the named plaintiffs"); *see also Knepper v. Rite Aid Corp.*, 675 F.3d 249, 259 (3d Cir. 2012) (holding that "[n]either § 216(b) nor any other FLSA provision addresses causes of action for relief under state employment law").

Accordingly, here, when the opt-in Plaintiffs completed consent forms to join this lawsuit, they became party plaintiffs for FLSA, but not state law, purposes. Because the Court holds that the opt-in Plaintiffs could not opt-in to the state claims asserted by the Named Plaintiffs by virtue of becoming a party plaintiff, the Court finds that it is not consonant with justice to toll the opt-in Plaintiffs' State Claims.

> 2. **The Opt-In Plaintiffs' Did Not Bring Their State Claims in the Conditionally Certified FLSA Collective Action**

Plaintiffs' second argument is that the opt-in Plaintiffs can bring both FLSA and state-law claims in an FLSA collective action. ECF No. 480 at 5. Plaintiffs contend that their supplemental State Claims are "non-Rule 23 claims" and therefore could be, and were, brought in the FLSA collective action, as opposed to being exclusively brought in the purported class action. This argument fails factually.

The Third Circuit and district courts within this circuit have not addressed whether opt-in plaintiffs may bring non-FLSA claims in an FLSA collective action. However, the Court need not reach a decision on that issue.[3] Even if Plaintiffs could bring their State Claims in the FLSA collective action, they did not do so here. The Second Amended Complaint states that "Plaintiffs' FLSA claims are asserted as a collective action, pursuant to 29 U.S.C. § 216(b), *and the State Law Claims are asserted on a class wide basis pursuant to Federal Rule of Civil Procedure 23*." ECF No. 208 at ¶ 15 (emphasis added). Plaintiffs did not seek to have the State Claims be part of the

---

[3] The cases Plaintiffs rely on, which are from outside this Circuit and are not binding on this Court, acknowledge that there is no express statutory authority for collective certification of supplemental claims, such as the State Claims. *O'Brien v. Ed. Donnelly Enters.*, 575 F.3d 567, 580 (6th Cir. 2009), overruled in part on other grounds by *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016) (holding that "[n]otwithstanding the lack of express statutory authority in the FLSA for collective certification of non-FLSA claims, supplemental claims by definition are treated as part of the same controversy animated by a particular employee's FLSA claim."). While the Sixth Circuit has permitted non-FLSA claims to be part of a collective action, *id.*, the Court finds the analysis and holding in *Bradford v. CVS Pharmacy, Inc.*, No. 1:12-CV-1159-TWT, 2013 WL 5587350, at *3 (N.D. Ga. Oct. 10, 2013) (holding conditionally certified collective action cannot include non-FLSA claims) to be more persuasive.

FLSA collective action. *See id.*; *see also* ECF No. 37 (no mention of State claims). In fact, Plaintiffs pleaded and proceeded with this action as a hybrid action, identifying their State Claims as "Rule 23 claims." ECF Nos. 208 (separately pleading and seeking relief for FLSA collective action and "State Law Claims" classes); 277 (seeking "certification of 10 sub-classes under Fed. R. Civ. P. 23(b)(3)"). Plaintiffs' State Claims are not now, and never were, part of the FLSA collective action that was certified and has now been decertified.

Because the Court finds that the opt-in Plaintiffs' (1) did not opt-in to the Named Plaintiffs' State Claims by virtue of their status as party plaintiffs, and (2) did not bring their State Claims as non-Rule 23 claims in the FLSA collective action, the opt-in Plaintiffs' State Claims are not before this Court. Accordingly, the Court finds that it is not consonant with justice to equitably toll the opt-in Plaintiffs' State Claims.

## V.  Conclusion

For the foregoing reasons, Plaintiffs' Motion to Reconsider and/or Amend the Decertification Order Pursuant to Fed. R. Civ. P. 54(b) and for Equitable Tolling of the Opt-In Plaintiff's FLSA and State Law Claims will be **GRANTED IN PART AND DENIED IN PART** as more fully set forth in the accompanying order.

DATED this 2nd day of February, 2024.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record