IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEX REINIG; KEN GRITZ; BOB SODA; MARY LOU GRAMESKY; PETER WILDER SMITH; WILLIAM KINSELLA; DANIEL KOLENDA; VALERIE DAL PINO; AHMAD NAJI; ROBERT PEDERSON; TERESA FRAGALE; DAVID HOWARD; DANIEL JENKINS and MARK ROSS,<br><br>        Plaintiffs,<br><br>    v.<br><br>RBS CITIZENS, N.A.,<br><br>        Defendant. | Civil Action No. 2:15-CV-01541-CCW<br><br>ELECTRONICALLY FILED |

**DEFENDANT CITIZENS BANK, N.A.'S NOTICE OF OVERTIME CALCULATIONS IN RESPONSE TO COURT'S ORDER**

In compliance with this Court's text Order dated March 11, 2024 (ECF 499), Defendant Citizens Bank, N.A. ("Citizens") hereby submits this notice setting forth the manner in which it calculates standard overtime and commission overtime for Pennsylvania mortgage loan officers ("MLOs").

### I.   Citizens' Calculation of Standard Overtime

Under both the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA"), non-exempt employees are generally entitled to overtime compensation paid at 1.5 times their regular rate for hours worked in excess of 40 in a workweek. *See* 29 U.S.C. § 207(a)(1); 43 P.S. § 333.104(c). The regular rate is a legal construct based on a fraction, the numerator of which is all compensation received by the employee for the workweek (less

1

certain statutory exclusions not applicable here), and the denominator of which is all hours worked by the employee during the workweek. *See*, e.g., 29 C.F.R. § 778.109 ("The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid.").

Thus, per the Court's requested example (*see* ECF 499), the regular rate applicable to an employee who works 45 hours in a workweek at a base rate of $10/hour, and who receives no additional compensation for that workweek during the pay period, would be calculated as follows:

$$\frac{\$450\ (\$10/\text{hour} \times 45\ \text{hours})}{45\ \text{hours}} = \$10\ \text{regular rate}$$

This employee would be entitled to 40 hours of pay at the base hourly rate of $10, and an additional 5 hours of pay at the overtime rate of $15/hour (*i.e.*, 1.5 times the $10 regular rate), for total weekly compensation of $475. *See* 29 C.F.R. § 778.110(a).[1]

The foregoing is precisely how Citizens calculates and pays standard overtime to Pennsylvania MLOs (as well as to all other non-exempt employees). This fact is confirmed by

---

[1] "Earnings at hourly rate exclusively. If the employee is employed solely on the basis of a single hourly rate, the hourly rate is the 'regular rate.' For overtime hours of work the employee must be paid, in addition to the straight time hourly earnings, a sum determined by multiplying one-half the hourly rate by the number of hours worked in excess of 40 in the week. Thus a $12 hourly rate will bring, for an employee who works 46 hours, a total weekly wage of $588 (46 hours at $12 plus 6 at $6). In other words, the employee is entitled to be paid an amount equal to $12 an hour for 40 hours and $18 an hour for the 6 hours of overtime, or a total of $588." *Id*.

2

the Special Master's "First Report" (ECF 179 at 16),[2] illustrative pay stubs for Plaintiffs Reinig, Gritz and Soda (*see* Declaration of Thomas E. Hill ["Hill Decl."], ¶ 3;  Exh. A),[3] and the offer letters that Plaintiffs Reinig, Gritz and Soda received from Citizens when they were hired (*Id*. ¶ 4; Exh. B).[4]

## II.   Citizens' Calculation of Commission Overtime

As set forth in Citizens' form offer letter, MLOs are advised at the time of hire that "[y]our overtime rate may be adjusted to reflect additional compensation [*i.e.*, commissions] if necessary."  (Hill Decl. ¶ 4; Exh. B)  As required by the FLSA, Citizens does calculate "additional" overtime (*i.e.*, overtime pay in addition to previously-paid standard overtime) based on the payment of commissions to a MLO sometime after the pay period in which the overtime is worked.  *See* 29 C.F.R. §§ 778.117-119.[5]  In brief, commissions are allocated on a pro-rata

---

[2] The Special Master uses the example of "MLO White":

> As with all other MLOs, White received a weekly paycheck…And as with all other MLOs, the paycheck included $460 in regular pay – forty hours of work compensated at the hourly rate of $11.50. ***Because White worked overtime each week, however, her weekly paychecks also included overtime pay of $86.25 – five hours of overtime each week, paid at $17.25 per hour, or 1.5 times the $11.50 hourly rate***.  Thus, each week, White received a paycheck for $546.25 – her regular pay, plus her $86.25 in overtime pay.

(ECF 179 at 16, emphasis added).

[3] Each of these pay stubs reflects a regular rate of  $11.50/hour, and overtime pay at $17.25/hour (1.5 times the regular rate) for all recorded overtime hours during the pay period.  (Hill Decl. ¶ 3; Exh. A)

[4] These form offer letters all contain the same "Compensation" paragraph, which reads in pertinent part as follows:  "***Your overtime rate will be 1.5 times your regular rate of pay for hours worked over 40 in a given work week***…."  (Hill Decl. ¶ 4; Exh. B, emphasis added)

[5] 29 C.F.R. § 778.119 reads in full:

> If the calculation and payment of the commission cannot be completed until sometime after the regular pay day for the workweek, the employer may disregard the commission in computing the regular hourly rate until the amount of

3

basis over the weeks of the commission period (*e.g.*, a calendar month), a new regular rate is then calculated for the weeks within that period in which overtime was worked, and an additional half times the adjusted regular rate is paid *in addition to the standard overtime previously paid* for overtime worked within the commission period, so as to ensure a 1.5 multiplier is used to pay for all overtime within the period.  This methodology is described in detail in the Special Master's "First Report," again using the example of "MLO White." (ECF 179 at 16-17)

Using the example requested by the Court (*see* ECF 499), if $2,000 in commissions were allocated to a week falling within a commission period during which a MLO worked 45 hours, the additional commission overtime due the MLO would be calculated as follows:

Step 1: $2000 in commissions for the earnings period divided by 45 hours worked in the earnings period = $44.44.

Step 2: $44.44 divided by 2 = $22.22 (*see* 29 C.F.R. § 778.119 – "The additional compensation for that workweek must be not less than *one-half* of the increase in the hourly rate of pay attributable to the commission for that week multiplied by the number of hours worked in excess of the applicable maximum hours standard in that workweek.") (emphasis added).

---

commission can be ascertained. Until that is done he may pay compensation for overtime at a rate not less than one and one-half times the hourly rate paid the employee, exclusive of the commission. ***When the commission can be computed and paid, additional overtime compensation due by reason of the inclusion of the commission in the employee's regular rate must also be paid***. To compute this additional overtime compensation, it is necessary, as a general rule, that the commission be apportioned back over the workweeks of the period during which it was earned. The employee must then receive additional overtime compensation for each week during the period in which he worked in excess of the applicable maximum hours standard. The additional compensation for that workweek must be not less than one-half of the increase in the hourly rate of pay attributable to the commission for that week multiplied by the number of hours worked in excess of the applicable maximum hours standard in that workweek.

(emphasis added)

Step 3: $22.22 times 5 hours of overtime worked = $111.11. This is the MLO's additional commission overtime compensation, paid in a pay period *after* the pay period in which the MLO received standard overtime for the *same* 5 hours of overtime.

It is a mathematical fact that when the additional commission overtime is combined with the standard overtime previously paid for the same overtime hours, the employee has received at least 1.5 times the regular rate of pay for the overtime worked.[6]

                Respectfully submitted,

                HOLLAND & KNIGHT LLP

                By:   */s/ Thomas E. Hill*
                    Thomas E. Hill (admitted *pro hac vice*)
                    tom.hill@hklaw.com
                    Christina T. Tellado (PA 204246)
                    Christina.tellado@hklaw.com
                    Valerie Brown (PA 309849)
                    valerie.brown@hklaw.com
                    Samuel J. Stone (admitted *pro hac vice*)
                    sam.stone@hklaw.com
                    HOLLAND & KNIGHT LLP
                    400 South Hope Street, 8th Floor
                    Los Angeles, CA 90071
                    Phone:  (213) 896-2400
                    Fax:  (213) 896-2450

                *Attorneys for Defendant*
                *CITIZENS BANK, N.A.*

---

[6] As Citizens has previously pointed out to the Court, no case has been cited by Plaintiffs or found by Citizens that holds the commission overtime calculation methodology mandated by the FLSA to be unlawful under the PMWA. Moreover, this Court concluded in its reconsideration Opinion in this case that "[b]ecause the commissions at issue are not 'earned compensation'…[and] not paid until *after* the pay period…, the PMWA (unlike the FLSA) does not have a provision or guideline that includes this type of commission as part of the regular rate." (ECF 448 at 13, emphasis in original) (citing 34 Pa. Code § 231.34)