IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEX REINIG; KEN GRITZ; BOB SODA; MARY LOU GRAMESKY; PETER WILDER SMITH; WILLIAM KINSELLA; DANIEL KOLENDA; VALERIE DAL PINO; AHMAD NAJI; ROBERT PEDERSON; TERESA FRAGALE; DAVID HOWARD; DANIEL JENKINS and MARK ROSS,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>RBS CITIZENS, N.A.,<br><br>　　　　　　Defendant. | Civil Action No. 2:15-CV-01541-CCW<br><br>ELECTRONICALLY FILED |

**DEFENDANT CITIZENS BANK, N.A.'S RESPONSE AND OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS <u>CERTIFICATION OF THE PMWA REGULAR RATE CLAIM</u>**

Thomas E. Hill (admitted *pro hac vice*)
tom.hill@hklaw.com
Christina T. Tellado (PA 204246)
Christina.tellado@hklaw.com
Valerie Brown (PA 309849)
valerie.brown@hklaw.com
Samuel J. Stone (admitted *pro hac vice*)
sam.stone@hklaw.com
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Phone:  (213) 896-2400
Fax:  (213) 896-2450

*Attorneys for Defendant*
*CITIZENS BANK, N.A.*

I.  **Introduction**

The renewed motion for class certification of the PMWA Regular Rate Claim filed by named Plaintiffs Alex Reinig, Ken Gritz and Bob Soda ("Plaintiffs") addresses and rectifies some but not all of the deficiencies identified by the Court in its Order denying Plaintiffs' prior motion. At the same time, the renewed motion presents additional infirmities that preclude entry of the proposed order submitted by Plaintiffs. Citizens has also now filed a motion for summary judgment that, if granted, will moot Plaintiffs' certification motion. Each of these issues is addressed in more detail below.

II. **Plaintiffs' Motion Addresses Some But Not All Of The Deficiencies Previously Identified By The Court**

In denying Plaintiffs' prior motion to certify a PMWA Regular Rate class, the Court chastised Plaintiffs for including a request to certify a broader multi-state "recapture" class, and for failing to provide clear and unambiguous definitions for the proposed PMWA Regular Rate class or any sub-classes thereof. (ECF 496) Plaintiffs' renewed motion rectifies these deficiencies in part by eliminating any request for certification aside from the PMWA Regular Rate Claim, and by proposing certification of just two sub-classes: (1) a "PMWA Standard Overtime Sub-Class," and (2) a "PMWA Commission Overtime Sub-Class." (ECF 518 and 518-1) But the proffered definitions for these two sub-classes remain insufficiently clear inasmuch as they provide no definition for the terms "Standard Overtime" and "Commission Overtime."

To address this deficiency, Citizens proposes that the Court consider revising the first proffered sub-class definition so as to define "Standard Overtime" as "Citizens' payment of overtime to a MLO based solely on the MLO's hourly pay and recorded overtime hours." Citizens further proposes that the Court consider revising the second proffered sub-class definition so as to

1

define "Commission Overtime" as "Citizens' payment of additional overtime to a MLO as the result of the MLO's receipt of post-pay period commissions."

### III. Plaintiffs' Motion Should Be Denied To The Extent Certification Is Sought Under Fed.R.Civ.Proc. 23(b)2)

Through just two paragraphs of their 25-page motion brief, Plaintiffs half-heartedly request certification of an injunction and declaratory relief class under Fed.R.Civ.Proc. 23(b)(2). (ECF 519 at 24-25) But certification under Rule 23(b)(2) is appropriate only where any monetary relief sought by the putative class is "incidental" to their pursuit of non-monetary relief, and where the putative class representatives remain subject to the defendant's alleged unlawful conduct. Neither of these conditions exist here, and Plaintiffs do not even attempt to suggest otherwise in their motion.

It is well settled that a Rule 23(b)(2) class must be "cohesive." *Barnes v. American Tobacco Co.*, 161 F.3d 127, 142-143 (3d Cir. 1998). Where there are "disparate factual circumstances [between] class members," the class "may be unable to be certified under Rule 23(b)(2)." *Carter v. Butz*, 479 F.2d 1084, 1089 (3d Cir. 1973). Here, at least for injunctive and declaratory relief purposes, disparate factual circumstances exist because so many of the putative class members are former Citizens employees, and thus in no need of such relief. In that regard, Plaintiffs themselves lack standing to serve as class representatives of a Rule 23(b)(2) class inasmuch as none of them has been employed by Citizens for years. *See McNair v. Synapse Group Inc.*, 672 F.3d 213, 224-225 (3d Cir. 2012).

Certification under Rule 23(b)(2) is also inappropriate when each member of the class seeks individual monetary relief, and such relief is not "incidental" to their claims for injunctive and declaratory relief. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360-361 (2011) (Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an

2

individualized award of monetary damages."); *see also Murphy v. Hundreds is Huge, Inc.*, 638 F.Supp.3d 486 (W.D. Pa. 2022); and *In re Processed Egg Products Antitrust Litigation*, 321 F.R.D. 555 (E.D. Pa. 2017)

It follows that Plaintiffs' motion should be denied to the extent certification is sought under Rule 23(b)(2).

### IV. Citizens' Pending Motion For Summary Judgment On The PMWA Regular Rate Claim May Moot The Court's Need To Address And Decide Plaintiffs' Motion

Citizens has filed a motion for summary judgment on Plaintiff's PMWA Regular Rate Claim on the grounds that Citizens' calculations and payments of standard overtime and commission overtime comply with the requirements of the PMWA. *See* 34 P.S. sec. 333.104(c). (ECF 521)  If this motion for summary judgment is decided in Citizens' favor, it will moot Plaintiffs' certification motion because Plaintiffs will no longer have a PMWA Regular Rate Claim of their own, and the common corporate policy upon which their certification motion is based will have been upheld as lawful.  As such, Citizens believes that the Court should address Plaintiffs' certification motion (if at all) only after it has decided Citizens' motion for summary judgment.

### III. CONCLUSION

For all the foregoing reasons, Plaintiffs' motion for class certification on the PMWA Regular Rate Claim should be denied or held in abeyance pending the resolution of Citizens'

//
//
//
//
//
//
//

motion for summary judgment on that claim.

Dated:  April 25, 2024

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: ___/s/ Thomas E. Hill_____

    Thomas E. Hill (admitted *pro hac vice*)
    tom.hill@hklaw.com
    Christina T. Tellado (PA 204246)
    Christina.tellado@hklaw.com
    Valerie Brown (PA 309849)
    valerie.brown@hklaw.com
    Samuel J. Stone (admitted *pro hac vice*)
    sam.stone@hklaw.com
    HOLLAND & KNIGHT LLP
    400 South Hope Street, 8th Floor
    Los Angeles, CA  90071
    Phone:  (213) 896-2400
    Fax:  (213) 896-2450

*Attorneys for Defendant*
*CITIZENS BANK, N.A.*