IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALEX REINIG, KEN GRITZ, BOB SODA,
MARY LOU GRAMESKY, PETER
WILDER SMITH, WILLIAM KINSELLA,
DANIEL KOLENDA, VALERIE DAL
PINO, AHMAD NAJI, ROBERT
PEDERSON, TERESA FRAGALE, DAVID
HOWARD, DANIEL JENKINS, MARK
ROSS,

        Plaintiffs,

    v.

RBS CITIZENS, N.A.,

        Defendant.

2:15-CV-01541-CCW

## AMENDED OPINION[1]

Before the Court are a Motion for Class Certification by Plaintiffs Ken Gritz, Alex Reinig, and Bob Soda (collectively, the "Pennsylvania Named Plaintiffs"), ECF No. 518, and a Motion for Summary Judgment by Defendant RBS Citizens, N.A., ECF No. 521. For the reasons that follow, the Pennsylvania Named Plaintiffs' Motion will be GRANTED IN PART and DENIED IN PART, and Citizens' Motion will be GRANTED.

## I.    Background

The Court will only recount the procedural history relevant to the Motions. On August 25, 2023, the Court granted Plaintiffs'[2] motion for reconsideration of the Court's decision granting

---

[1] This Amended Opinion amends ECF No. 536 to correct certain typographical errors.

[2] There are 14 Named Plaintiffs in this action which the Court will refer collectively to as "Plaintiffs." Each Plaintiff asserts individual Fair Labor Standards Act claims and corresponding state law claims based on their residence.

summary judgment in favor of Citizens on a narrow claim under the Pennsylvania Minimum Wage Act. ECF No. 448. Specifically, Plaintiffs argued that the Court erred in finding that Citizens' payment of overtime by a 0.5 multiplier, rather than a 1.5 multiplier of Plaintiffs' regular hourly rate, did not violate the PMWA. ECF No. 448 at 12. On very narrow grounds, the Court found that Citizens was not entitled to summary judgment on the PMWA claim related to the proper overtime premium multiplier and held that "[a]t trial, Plaintiffs may present evidence that Citizens paid a 0.5, rather than 1.5, multiplier to Mr. Reinig, Mr. Gritz, and Mr. Soda and, if they prove that by a preponderance of the evidence, the jury would then calculate the damages owed to them." *Id*. at 14. This narrow and limited claim regarding Citizen's use of 0.5 overtime multiplier has been referred to as the "PMWA Regular Rate Claim."

Following the Court's narrow decision, the parties disputed whether and to what extent Plaintiffs could pursue class relief on the PMWA Regular Rate Claim. ECF No. 466. On September 15, 2023, the Court held that although there was not presently a certified PMWA class, Plaintiffs shall have an opportunity to move for limited class certification regarding their PMWA Regular Rate Claim. ECF No. 466 at 1.

On December 22, 2023, Plaintiffs filed their motion for class certification for their PMWA Regular Rate Claim. ECF No. 483. In that motion, however, Plaintiffs sought to certify nine (9) subclasses for the following states: Pennsylvania, Connecticut, New York, Massachusetts, Illinois, North Carolina, Rhode Island, Michigan, and New Hampshire. ECF No. 483. Citizens opposed the motion. ECF No. 486. On February 28, 2024, the Court denied the motion for class certification, without prejudice. ECF No. 496. The Court summarily denied the motion as to the

---

Messrs. Gritz, Reining and Soda hail from Pennsylvania and are collectively referred to as the Pennsylvania Named Plaintiffs. The remaining 11 Plaintiffs hail from other states and are collectively referred to as the "non-Pennsylvania Named Plaintiffs."

non-Pennsylvania Named Plaintiffs, as their "recapture" claims that they sought to certify had long been adjudicated and dismissed. *Id.* As to the Pennsylvania Named Plaintiffs, the Court found that their proposed class definition contained too many deficiencies for the Court to analyze the proposed class under Rule 23. *Id.*

After denying Plaintiffs' motion for class certification, the Court ordered the parties to confer and file a joint status report as to the PMWA Regular Rate Claim. ECF No. 497. The Court then attempted to discern the parties' positions on whether the PMWA Regular Rate Claim included a challenge to Citizens' calculation of standard overtime *and* overtime paid on commissions, and whether Citizens used a 0.5 multiplier or 1.5 multiplier when calculating overtime in either circumstance. *Id.* However, the parties disagreed, and based on their submissions, there appeared to be a factual dispute as to Citizens' calculation of overtime. ECF No. 498. Therefore, on March 11, 2024, the Court ordered each side to file a notice setting forth its understanding of how Citizens calculates standard overtime and commission overtime using a hypothetical fact pattern provided by the Court.[3] ECF No. 499. The mathematical formulas and totals reached in the Parties' submissions demonstrated that there was *no* factual dispute regarding how Citizens' calculated overtime. ECF No. 505.

Accordingly, the Court issued an Order permitting Pennsylvania Named Plaintiffs to file a renewed motion for class certification of the PMWA Regular Rate Claim, attempting to certify two classes—one for standard commission and one for overtime commission—and permitting

---

[3] The Court provided the following hypothetical: "For the 'standard overtime' calculation, each party shall calculate the total weekly compensation, including overtime, that an MLO would receive for one week where he earns $10.00 per hour and works 45 hours in the week. For the 'commission overtime' calculation, each party shall calculate the total overtime for the same MLO where he receives $2000 in 'earned commissions' attributable to that 45 hour week. Each party shall presume that the MLO worked only 45 hours in that month and earned $2000 in 'earned commissions' in that month." ECF No. 499.

Citizens to file a motion for summary judgment as to the PMWA Regular Rate Claim. ECF No. 505. The Order specifically advised that the Court will address the motion for class certification before addressing the motion for summary judgment. *Id.* Despite the opportunity to object, neither side did. ECF Nos. 507, 508.

On April 11, 2024, the Pennsylvania Named Plaintiffs filed their Motion for Class Certification. ECF No. 518. On April 25, 2024, Citizens filed its Motion for Summary Judgment. The Court will address the Pennsylvania Named Plaintiffs' Motion before addressing Citizen's Motion for Summary Judgment.[4]

## II.    Motion for Rule 23 Subclass Certification

The Pennsylvania Named Plaintiffs seek certification of two proposed subclasses relative to their PMWA Regular Rate Claim pursuant to Rules 23(a), (b)(3), and (b)(2). The proposed subclasses are defined as:

> (1) [A]ll Mortgage Loan Officers employed by Defendant in Pennsylvania between November 24, 2012 and the present, who were paid Standard Overtime by Defendant in at least one workweek (the "PMWA Standard Overtime Subclass");  and

> (2) [A]ll Mortgage Loan Officers employed by Defendant in Pennsylvania between November 24, 2012 and the present, who were paid Commission Overtime by Defendant in at least one workweek (the "PMWA Commission Overtime Subclass") (the PMWA Standard Overtime Subclass and the PMWA Commission Overtime Subclass may collectively be referred to as the "PMWA Subclasses").

ECF No. 518 at 1. Citizens filed an opposition to the Motion for Class Certification, ECF No. 522;  however, it only seeks to refine the class definitions of the PMWA Subclasses and to oppose

---

[4] Citizens argues that the Court should resolve its Motion for Summary Judgment before addressing the Motion for Class Certification because the summary judgment ruling could moot a ruling on class certification. ECF No. 522 at 4. In light of the Court's advisement as to the manner in which it would proceed, Citizens' non-objection to such manner, and the rule against one-way intervention, Citizens' argument is summarily rejected.

certification pursuant to Rule 23(b)(2). *Id.* Citizens does not otherwise contest the PMWA Subclasses' ability to meet the Rule 23 requirements.

## A.    Standard of Review

Under Federal Rule of Civil Procedure 23(c)(5), "a class may be divided into subclasses that are each treated as a class under this rule." Fed. R. Civ. P. 23(c)(5). A lawsuit may only be certified as a class action if the requirements of Federal Rule of Civil Procedure 23 are satisfied. *See Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 124–25 (3d Cir. 2018) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011)). "Courts determine whether class certification is appropriate by conducting a two-step analysis." *Id.* First, the court must assess whether plaintiff has satisfied the prerequisites of Rule 23(a), and then it must determine whether plaintiff has met the requirements of either Rule 23(b)(1), (2), or (3). *See In re Modafinil Antitrust Litig.*, 837 F.3d 238, 248 (3d Cir. 2016) (quoting *Marcus v. BMW of N.A., LLC*, 687 F.3d 583, 590 (3d Cir. 2012)).

> In order to satisfy Rule 23(a), plaintiff must show:
>
> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)(1)–(4). Here, first, Pennsylvania Named Plaintiffs seek certification under Rule 23(b)(3), which requires a finding "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Because "[t]he commonality and predominance requirements are closely linked . . . 'where an action is to proceed under Rule 23(b)(3), the commonality requirement [in Rule 23(a)(2)] is subsumed by the predominance requirement.'" *Ferreras v. Am. Airlines, Inc.*, 946 F.3d 178, 185 (3d Cir. 2019) (quoting *Danvers Motor Co., Inc. v. Ford Motor Co.*, 543 F.3d

141, 148 (3d Cir. 2008)). As such, the Court will address commonality and predominance together. *See Reinig*, 912 F.3d at 127. Second, Pennsylvania Named Plaintiffs seek certification under Rule 23(b)(2), which requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). For a class to be certified under (b)(2), the class must be "cohesive" because "[i]njuries remedied through (b)(2) actions are really group, as opposed to individual injuries" and the "members of a (b)(2) class are generally bound together through 'preexisting or continuing legal relationships' or by some significant common trait such as race or gender." *Barnes v. American Tobacco Co.*, 161 F. 3d 127, 143 n. 18 (3d Cir. 1998).

Finally, "[a]scertainability functions as a necessary prerequisite (or implicit requirement) because it allows a trial court effectively to evaluate the explicit requirements of Rule 23;" accordingly, a plaintiff seeking class certification under Rule 23(b)(3) must also establish that the proposed class is "ascertainable," meaning that "(1) the class is 'defined with reference to objective criteria'; and (2) there is 'a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition.'" *Byrd v. Aaron's Inc.*, 784 F.3d 154, 162–63 (3d Cir. 2015) (citing *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 355 (3d Cir. 2013)).

Importantly, "the decision to certify a class calls for findings by the court, not merely a 'threshold showing' by a party, that each requirement of Rule 23 is met.'" *In re Modafinil*, 837 F.3d at 248–49 (quoting *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 307 (3d Cir. 2008)). Furthermore, in resolving a motion for class certification under Rule 23, the district court "'must resolve all factual or legal disputes relevant to class certification, even if they overlap with

6

the merits—including disputes touching on elements of the cause of action.'" *Id.* at 249 (quoting

*In re Hydrogen Peroxide*, 552 F.3d at 307).  As such, "[c]lass certification is proper only if the

district court is satisfied, 'after a rigorous analysis,' that the plaintiffs 'established each element of

Rule 23 by a preponderance of the evidence.'" *Reinig*, 912 F.3d at 125 (quoting *Marcus*, 687 F.3d

at 591)).

### B.    The Court Will Certify the PMWA Subclasses under Rule 23(b)(3)

#### 1.    Rule 23(a):  Numerosity

A plaintiff satisfies Rule 23(a)'s numerosity requirement if "the class is so numerous that

joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).  Although there is no minimum

number of class members required to meet the numerosity requirement, our Court of Appeals has

said that "'generally, if the named plaintiff demonstrates that the potential number of plaintiffs

exceeds 40, the first prong of Rule 23(a) has been met.'" *In re Modafinil Antitrust Litig.*, 837 F.3d

at 249–50 (quoting *Stewart v. Abraham*, 275 F.3d 220, 226–27 (3d Cir. 2001)).  Here, based on

Citizens' pay records for Mortgage Loan Officers "who were hired prior to January 2017 and who

worked for Defendant in Pennsylvania between 2012 and the present," there are over 40 Mortgage

Loan Officers in the PMWA Subclasses.  ECF No. 520-1 ¶¶ 11–12.[5]  Citizens does not dispute

numerosity.  Accordingly, the Court finds that Pennsylvania Named Plaintiffs have satisfied the

numerosity requirement of Rule 23(a)(1).

#### 2.    Rule 23(a):  Typicality

Under Rule 23(a)(3), the named plaintiff's claims must be "typical of the claims . . . of the

class." Fed. R. Civ. P. 23(a)(3).  This requirement "ensures the interests of the class and the class

---

[5] The Court finds that the class is also ascertainable since the identity of the Mortgage Loan Officers in the subclass
can be determined from Citizens' pay records.

representatives are aligned 'so that the latter will work to benefit the entire class through the pursuit of their own goals.'" *In re NFL Players Concussion Injury Litig.*, 821 F.3d 410, 427–28 (3d Cir. 2016) (quoting *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 182–83 (3d Cir. 2001)) (cleaned up). The Third Circuit has set a "'low threshold' for typicality," *id.* (quoting *Newton*, 259 F.3d at 183), such that "[e]ven relatively pronounced factual differences will generally not preclude a finding of typicality where there is a strong similarity of legal theories or where the claim arises from the same practice or course of conduct." *Id.* at 428 (quoting *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 311 (3d Cir. 1998)) (cleaned up). Here, Pennsylvania Named Plaintiffs argue that "there are no material factual variations between the class members' claims" and that the Subclasses "challenge a common policy that was applied uniformly to all class members." ECF No. 519 at 18. Citizens does not dispute typicality. Accordingly, the Court finds that Pennsylvania Named Plaintiffs have satisfied the typicality requirements of Rule 23(a)(3).

### 3.      Rule 23(a):  Adequacy

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." "According to the Third Circuit, Rule 23(a)(4) adequacy is satisfied by showing that (1) Class Counsel is competent and qualified to conduct the litigation; and (2) class representatives have no conflicts of interests." *In re Chocolate Confectionary Antitrust Litig.*, 289 F.R.D. 200, 218 (M.D. Pa. 2012) (citing *New Directions Treatment Servs. v. City of Reading*, 490 F.3d 293, 313 (3d. Cir. 2007)). Pennsylvania Named Plaintiffs argue that their attorneys have "substantial experience litigating complex actions, including class actions and certified collective actions with tens of thousands of class members." ECF No. 519 at 20. Pennsylvania Named Plaintiffs also submitted declarations stating that their only interest "in litigating this matter is the

receipt of unpaid overtime wages and other damages owed under the Pennsylvania Minimum Wage Act," that they have "no other interest or claims against Defendant that conflict" with such interest, and that they are "fully capable of participating in the litigation of this matter." ECF Nos. 520-5 ¶¶ 6–8; 520-6 ¶¶ 6–8; 520-7 ¶¶ 6–8. Citizens does not dispute adequacy. The Court finds that Pennsylvania Named Plaintiffs' counsel will adequately represent the interest of the class and that Pennsylvania Named Plaintiffs will serve as an adequate representative. Accordingly, the Court finds that Pennsylvania Named Plaintiffs have satisfied the adequacy requirement of Rule 23(a)(4).

### 4.      Rule 23(a), (b)(3):  Commonality, Predominance

"'[W]here an action is to proceed under Rule 23(b)(3), the commonality requirement is subsumed by the predominance requirement.'" *Ferreras*, 946 F.3d at 185 (citation omitted). This is because, although similar, "the 'predominance requirement imposes a more rigorous obligation upon a reviewing court to ensure that issues common to the class predominate over those affecting only individual class members.'" *Reinig*, 912 F.3d at 127 (quoting *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 297 (3d Cir. 2011)). Thus, the Court will "analyze the two elements together." *Id.*

The Rule 23(b)(3) predominance requirement "asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016). Importantly, "[a]n individual question is one where members of a proposed class will need to present evidence that varies from member to member, while a common question is one where the same evidence will suffice for each member." *Id.* (internal quotations and citations omitted). Accordingly, "[a]t the class certification stage, the predominance requirement is met only if the district court is convinced that 'the essential elements of the claims brought by a putative class are

capable of proof at trial through evidence that is common to the class rather than individual to its members.'" *Reinig*, 912 F.3d at 127–28 (quoting *Gonzalez v. Corning*, 885 F.3d 186, 195 (3d Cir. 2018)). "In practice, this means that a district court must look first to the elements of the plaintiffs' underlying claims and then, 'through the prism' of Rule 23, undertake a 'rigorous assessment of the available evidence and the method or methods by which [the] plaintiffs propose to use the evidence to prove' those elements." *Id.* at 128 (quoting *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 600 (3d Cir. 2012)). Where "'proof of the essential elements of the [claim] requires individual treatment, then class certification is unsuitable.'" *Id.* (quoting *Newton v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 259 F.3d 154, 172 (3d Cir. 2001)). And as with every other required element of class certification, the plaintiff must show that the predominance requirement "has been met by a preponderance of the evidence at the time of class certification." *Ferreras*, 946 F.3d at 184. Here, Pennsylvania Named Plaintiffs' claims arise under the PMWA. The Subclasses contend that Citizens' manner of calculating standard overtime and commission overtime violates the PMWA's requirement that overtime be paid at 1.5 multiplier of the regular rate. Pennsylvania Named Plaintiffs argue that Citizens "acted in a uniform fashion and subjected all class members to a materially identical" formula which is being challenged on a class-wide basis and can be proven with common evidence. ECF No. 519 at 25. Citizens does not dispute predominance. The Court finds that the common issues regarding the lawfulness of Citizens' overtime calculation will predominate over any individual issues. Accordingly, the Court finds that Pennsylvania Named Plaintiffs have satisfied the predominance requirement of Rule 23(b)(3), and therefore, the commonality requirement of Rule 23(a)(2).

### 5.    Rule 23(b)(3): Superiority

Finally, certification is only warranted if "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "The

superiority requirement 'asks the court to balance, in terms of fairness and efficiency, the merits of a class action against those of alternative available methods of adjudication.'" *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 533–34 (3d Cir. 2004) (quoting *Krell v. Prudential Ins. Co. of Am.*, 148 F.3d 283, 316 (3d Cir. 1998)).  Pennsylvania Named Plaintiffs contend that absent class certification, there would be "potentially hundreds of separate lawsuits, filed in both state and federal courts throughout Pennsylvania, creating a risk of an unwieldy and inconsistent patchwork of decisions across various courts." ECF No. 519 at 29.  Pennsylvania Named Plaintiffs further argue that absent class certification, subclass members would incur greater costs of litigation and lose out on the efficiencies from litigating in a single forum.  *Id.* at 218.  Citizens does not dispute superiority.  The Court agrees with Pennsylvania Named Plaintiffs.  As courts presiding over other wage and hour cases of this type have observed, "there is 'little incentive for Plaintiffs to bring their claims individually because the amount of recovery, if any, would be very small.  Class actions are particularly appropriate in such cases.'"  *Koenig v. Granite City Food & Brewery, Ltd.*, No. 16-1396, 2017 WL 2061408, at *5 (W.D. Pa. May 11, 2017) (quoting *Ripley v. Sunoco, Inc.*, 287 F.R.D. 300, 310 (E.D. Pa. 2012)).  Accordingly, the Court finds that Pennsylvania Named Plaintiffs have satisfied the superiority requirement of Rule 23(b)(3).

Having found that the requirements of Rule 23(a) and Rule 23(b)(3) are met here, the Court will certify the Subclasses proposed in Pennsylvania Named Plaintiffs' Motion.

### C.    The Court Will Not Certify the Subclasses Under Rule 23(b)(2)

Pennsylvania Named Plaintiffs also seek to certify the Subclasses under Rule 23(b)(2), arguing that in addition to money damages, they seek injunctive and declaratory relief in this action.  ECF No. 519 at 24.  They argue that the cohesiveness requirement of Rule 23(b)(2) is satisfied because Citizens employed a uniform practice or policy as to its overtime calculations.

*Id.* at 30.  Citizens disputes Pennsylvania Named Plaintiffs' entitlement to certification under (b)(2), arguing that the Subclasses are not cohesive due to "disparate factual circumstances" as "so many of the putative class members are former Citizens employees, and thus in no need of such relief" and therefore there are standing issues.  ECF No. 522 at 3.  Citizens further argues that Pennsylvania Named Plaintiffs themselves lack standing to serve as (b)(2) class representatives, as all of them are former, not current, employees.  *Id.*  Citizens also argues that certification under (b)(2) is inappropriate here because the Subclasses are seeking individual monetary damages, and therefore the declaratory or injunctive relief is not "incidental."  *Id.*  The Pennsylvania Named Plaintiffs did not request leave to file a reply in support of their Motion and therefore did not address Citizens' arguments.

The Court agrees with Citizens that the Pennsylvania Named Plaintiffs lack standing to be class representatives for a Rule 23(b)(2) subclass.  The Third Circuit has held that when "prospective relief is sought, the plaintiff must show that he is 'likely to suffer future injury' from the defendant's conduct" and "[i]n the class action context, that requirement must be satisfied by at least one named plaintiff."  *McNair v. Synapse Group Inc.*, 672 F.3d 213, 223 (3d Cir. 2012) (affirming denial of class certification under Rule 23(b)(2) because former customers had no cognizable interest in the prospective relief sought in the complaint and therefore could not be class representatives).  Here, it is undisputed that the Pennsylvania Named Plaintiffs are former employees of Citizens, ECF No. 208 ¶¶ 26–28, and are therefore not likely to suffer future injury. Accordingly, the Pennsylvania Named Plaintiffs lack standing for the injunctive relief they seek on behalf of the class and the requirements of Rule 23(b)(2) are not met here.  The Court will not certify the Subclasses proposed in Pennsylvania Named Plaintiffs' Motion.

**III.    Citizens' Motion for Summary Judgment**

The PMWA Subclasses both assert that Citizens' calculation of overtime violates the PMWA because Citizens uses a 0.5 multiplier instead of a 1.5 multiplier.  The PMWA requires that "[e]mployes [sic] shall be paid for overtime not less than one and one-half times the employe's [sic] regular rate as prescribed in regulations promulgated by the secretary.  43 P.S. § 333.104(c). "[T]he regular rate at which an employee is employed shall be deemed to include all remuneration for employment paid to or on behalf of the employee…"  34 Pa. Code § 231.43  Citizens moves for summary judgment on the PMWA Regular Rate Claim, arguing that there are no genuine disputes of material fact as to how it calculates overtime, and as a matter of law, Citizens' calculations do not violate the PMWA.  ECF No. 523.  While the Pennsylvania Named Plaintiffs have not moved for summary judgment, they agree that there are no material disputes of fact and contend that judgment should be entered in their favor as a matter of law.  ECF No. 530 at 5–6. Citizens' overtime calculations only violate the PMWA if Citizens paid its employees less than 1.5x the Mortgage Loan Officers' regular rate.  43 P.S. § 333.104(c).

**A.    Facts**

The following facts are not in dispute.  The Pennsylvania Named Plaintiffs and members of the Subclasses were paid by Citizens in three ways.  ECF Nos. 531 at 2, 179 at 9.  First, they received base hourly pay of $11.50 for all hours worked.  *Id.*  Second, they received overtime pay according to a two-step calculation process.  *Id.*  Third, they were eligible to receive commissions on the loan products they sold.  *Id.*  As for the commissions, Citizens calculated "additional overtime" based on the payment of commissions after the pay period in which the overtime was worked.  ECF No. 531 at 4.  The offer letters that the Pennsylvania Named Plaintiffs received from Citizens when they were hired state, in a paragraph entitled "Compensation," that "[y]our overtime

rate will be 1.5 times your regular rate of pay for hours worked over 40 in a given work week. *Id.* at 5.

How Citizens pays overtime is best illustrated by hypotheticals. As to standard overtime: The regular rate applicable to an employee who works 45 hours in a workweek at a base rate of $11.50/hour, and who receives no additional compensation for that workweek during the pay period, would be calculated by Citizens as follows: Step 1: $517.50 ($11.50/hour x 45 hours) ÷ 45 hours = $11.50 regular rate. Step two: This employee would be entitled to 40 hours of pay at the base hourly rate of $11.50 (i.e., $460), an additional 5 hours of pay at the overtime rate of $17.25 (i.e., 1.5 times the $11.50 regular rate, or $86.25), for total weekly compensation of $546.25. *Id.* at 4. As to commission overtime: if $2,000 in commissions is allocated to a week falling within a commission period during which an employee worked 45 hours, the additional commission overtime due the employee is calculated by Citizens as follows: Step 1: $2,000 in commissions for the commission period divided by 45 hours worked in that period = $44.44. Step 2: $44.44 ÷ 2 (or, said differently, $44.44 x 0.5) = $22.22. Step 3: $22.22 times 5 hours of overtime worked = $111.11. This is the employee's additional commission overtime compensation, paid in a pay period after the pay period in which the employee received standard overtime pay, for the same 5 hours of overtime work. *Id.* at 7. There is no factual dispute as to how Citizens calculates standard or commission overtime. *Id*. at 5, 7.

### B.    Standard of Review

To prevail on a motion for summary judgment, the moving party must establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is 'genuine' if the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Razak v. Uber Techs., Inc.*, 951

14

F.3d 137, 144 (3d Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"A factual dispute is 'material' if it 'might affect the outcome of the suit under the governing law.'"

*Id.* (quoting *Anderson*, 477 U.S. at 248).  "Where the record taken as a whole could not lead a

rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  *NAACP*

*v. N. Hudson Reg'l Fire & Rescue*, 665 F.3d 464, 475 (3d Cir. 2011) (alteration omitted) (quoting

*Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The burden to establish that there is no genuine dispute as to any material fact "remains

with 'the moving party regardless of which party would have the burden of persuasion at trial.'"

*Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996).  Furthermore, "[i]f the

non-moving party bears the burden of persuasion at trial, 'the moving party may meet its burden

on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that

burden.'"  *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (quoting *Wetzel v. Tucker*,

139 F.3d 380, 383 n.2 (3d Cir. 1998)).

Once the moving party has carried its initial burden, the party opposing summary judgment

"must do more than simply show that there is some metaphysical doubt as to the material facts."

*Matsushita*, 475 U.S. at 586–87 (internal quotation marks omitted) (finding that "[w]here the

record taken as a whole could not lead a rational trier of fact to find for the non-moving party,

there is no genuine issue for trial.").  Thus, while "[t]he evidence of the non-movant is to be

believed, and all justifiable inferences are to be drawn in his favor," *Anderson*, 477 U.S. at 255,

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings" and point to "specific

facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 324

(1986) (internal quotation marks omitted).  But while the court must "view the facts in the light

most favorable to the non-moving party and draw all reasonable inferences in that party's favor . .

15

. to prevail on a motion for summary judgment, the non-moving party must present more than a mere scintilla of evidence." *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013) (internal quotation marks omitted). Instead, "there must be evidence on which the jury could reasonably find for the non-movant." *Id.* (cleaned up). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 requires the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23; *Jakimas v. Hoffman La Roche, Inc*., 485 F.3d 770, 777 (3d Cir. 2007).

**C.    Citizens is Entitled to Summary Judgment on the Standard Overtime Portion of the PMWA Regular Rate Claim**

The parties' submissions clearly demonstrate that under Citizens' standard overtime calculation, the Pennsylvania Named Plaintiffs and members of the PMWA Standard Overtime Subclass receive 1.5x their regular rate. While Citizens uses a 0.5 multiplier in its calculation of standard overtime, the result of the calculation is the same as if Citizens had used a 1.5 multiplier. This is because the 1.0 of the 1.5 has already been accounted for in the "straight time" calculation *i.e.*, by multiplying the hourly rate times *all* hours worked, which includes the overtime hours. For example, in the case of an employee who earns $10.00/hour and works 45 hours, the typical calculation with a 1.5 multiplier would be: first, 40 hours [non-overtime hours] x $10.00 [regular rate] = $400; second, 5 hours [overtime hours] x $15.00 [$10.00 x 1.5] = $75; thus, total compensation is $475. Citizens' calculation, while slightly different, achieves the same result with a 0.5 multiplier: first, *45 hours* [overtime and non-overtime hours] x $10.00 [regular rate, 1.0x] = $450 ("straight time"); second, 5 hours [overtime hours] x $5.00 [0.5 x $10.00] = $25; thus, total compensation is $475.

16

Recognizing that math belies their argument, the Pennsylvania Named Plaintiffs attempt to recharacterize the hourly wages they receive, arguing that "the 'hourly' pay was in fact a draw on and offset to Defendant's commission program and, therefore, merely another form of commission payment." ECF No. 530 at 6. In fact, despite arguing that there are no material facts in dispute, *id.*, the Pennsylvania Named Plaintiffs unsuccessfully attempt to create one by contending that "the only question is whether the draw is incentive-based pay to which the *Chevalier* rule applies, or a pure hourly wage such that the amount paid for each hour over 40 counts entirely as overtime pay, and therefore equals one-and-one-half the hourly rate." ECF No. 530 at 22. The Court has twice already distinguished *Chevalier v. Gen. Nutrition Ctrs., Inc.*, 220 A.3d 1038 (Pa. 2019) and will not do so again here. Without any legal or factual support, the Pennsylvania Named Plaintiffs now argue that the Mortgage Loan Officer's hourly wages are in fact incentive-based pay because the "non-recoverable draw" acts as an offset of the commissions paid. This argument appears to be another species of Pennsylvania Named Plaintiffs' defunct recapture claims, which the Court has previously dismissed. Regardless of the Pennsylvania Named Plaintiffs' purported recharacterization, the fact remains that Citizens' calculation of standard overtime results in the Pennsylvania Named Plaintiffs and members of the PMWA Standard Overtime Subclass receiving 1.5x their regular rate for all overtime hours worked. Accordingly, Citizens is entitled to summary judgment on this claim.

### D. Citizens is Entitled to Summary Judgment on the Commission Overtime Portion of the PMWA Regular Rate Claim

As the Court has previously recognized, the FLSA specifically sets forth how employers such as Citizens are to calculate commission payments that are not paid in the same pay-period as the employee's typical wages. 29 C.F.R. § 778.117-120. In contrast, the PMWA is silent on this issue. However, as the Pennsylvania Named Plaintiffs argue, and the Court agrees, the PMWA

requires that overtime be paid on all remuneration provided to the employee, which would include commissions, regardless of when they are paid. The legal question here, which is one of first impression, is under the PMWA, how should an hourly employee's regular rate be determined when calculating post-period commission pay?

Citizens argues that the regular rate for post-pay period commissions should be determined consistent with the FLSA. ECF No. 523 at 9; 535 at 4, 6. This approach treats the calculation of commission overtime consistent with the calculation of standard overtime—i.e., the regular rate is determined by dividing the commissions by the number of hours worked to determine the regular rate, and then, because the straight time or 1.0 of the overtime hours has been accounted for, multiplying the regular rate by a 0.5 multiplier before multiplying the overtime regular rate by the number of overtime hours. ECF No. 535 at 4–6. In the case where an employee who earns $10.00 an hour, works 45 hours in a week and earns $2,000 commissions for that week:

> Hourly wages: $10.00 x 45 = $450
> Total compensation: $450 + $2000 = $2,450
> Overtime regular rate: $2,000 ÷ 45 = $44.44 x .5 = $22.22
> Overtime: $22.22 x 5 = $111.11
> Total: $2,561.11

*See* ECF No. 523 at 9. The Pennsylvania Named Plaintiffs argue that the regular rate should be determined by dividing the commissions by the number of hours worked to determine the regular rate, and then multiplying the overtime regular rate by a 1.5 multiplier before multiplying against the number of overtime hours worked. ECF No. 530 at 15. The Pennsylvania Named Plaintiffs essentially argue that the commissions should be treated as salary. In the case where an employee earns $10.00 an hour, works 45 hours in a week and earns $2,000 commissions for that week:

> Hourly wages: $10.00 x 45 = $450
> Total compensation: $450 + $2000 = $2,450
> Overtime regular rate: $2,000 ÷ 45 = $44.44; ($44.44 x *1.5*) = $66.66

18

Overtime: $66.66 x 5 = $333.33
Total: $2,783.33

The Court determines that Citizens' commission overtime calculation does not violate the PMWA for several reasons. First, the Court predicts that the Pennsylvania Supreme Court would treat the calculation of overtime commissions similar to the treatment of hourly pay. The parties have not identified case law on this topic, and the Court's research has not located any. However, in cases where commissions are paid to employees at the same time as their base wages, courts have treated the overtime calculation in the same manner as the calculation of the base pay. *See e.g.*, *Chevalier*, 220 A.3d at 1038 (salary and commissions calculated the same as "weekly wages"); *Cerutti v. Frito Lay, Inc.*, 777 F. Supp. 2d 920 (W.D. Pa. 2011) (Conti, J.) (salary and commissions calculated the same); *Verderame v. RadioShack Corp.*, 31 F. Supp. 3d 702 (E.D. Pa. 2014) (salary and commission calculated the same). Thus, here, if the commissions were paid during the same pay period, the hourly wages would be added to the commissions and then divided by the number of hours worked to determine the straight time (1.0), which is the regular rate. Then the overtime rate would be multiplied by 0.5, and then that adjusted overtime rate would be multiplied by the number of hours worked for overtime. This is precisely how Citizens calculates its overtime. Pennsylvania Named Plaintiffs have offered nothing to warrant a different result.

Second, the Pennsylvania Named Plaintiffs' position that hourly employees should be treated as salaried employees for calculation of commission overtime is not meritorious based on the reasoning in existing legal authority. The Pennsylvania Named Plaintiffs rely, once again, on *Chevalier* and its progeny. ECF No. 520 at 11–12. In *Chevalier*, the Pennsylvania Supreme Court expressly stated that "[t]he dispute in this case does not involve the commission aspect" and instead addressed "whether the 0.5 Multiplier of the 1.5 Multiplier should be applied to the regular rate as calculated from total weekly wages…" 220 A.3d at 1042 n. 7. While the weekly wages did include

19

commissions, the Pennsylvania Supreme Court focused on the salaried nature of the employees. *Chevalier* remains an opinion addressing the calculation of employees who are paid salaries, and not hourly wages.  The problem with the fluctuating work week calculation for salaried employees is that the more an employee works, the lower the employee's regular rate.  Here, however, in the case of hourly employees, the converse is true.  An increase in hours worked results in an increase in money paid.  The Court agrees with Citizens that *Chevalier* should not be extended past its holding.  Accordingly, Citizens is entitled to summary judgment.

## IV.     Conclusion

For the foregoing reasons, the Pennsylvania Named Plaintiffs' Motion for Class Certification, ECF No. 518, will be GRANTED IN PART and DENIED IN PART and Defendant RBS Citizens, N.A.'s Motion for Summary Judgment, ECF No. 521, will be GRANTED.


DATED this 25th day of September, 2024.


BY THE COURT:


/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge


cc (via ECF email notification):

All Counsel of Record

20